UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,           )     05-CR-440
                                    )
                                    )
    vs.                             )
                                    )
                                    )
ALTON COLES, et al,                 )
                                    )
                                    )     Philadelphia, PA
                                    )     February 22, 2008
    Defendants.                     )     2:25 p.m.

TRANSCRIPT OF JURY CHARGE
BEFORE THE HONORABLE R. BARCLAY SURRICK
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:        MICHAEL J. BRESNICK, ESQUIRE
                           RICHARD A. LLORET, ESQUIRE
                           ASSISTANT UNITED STATES ATTORNEY
                           UNITED STATES ATTORNEY'S OFFICE
                           615 Chestnut Street
                           Suite 1250
                           Philadelphia, PA  19106-4476


For the Defendant          CHRISTOPHER D. WARREN, ESQUIRE
Alton Coles:               LAW OFFICE OF CHRISTOPHER WARREN
                           1500 Walnut Street
                           Philadelphia, PA  19102


For the Defendant          JACK J. McMAHON, JR., ESQUIRE
Timothy Baukman:           LAW OFFICE OF JACK McMAHON
                           1500 Walnut Street, Suite 900
                           Philadelphia, PA  19102


For the Defendant          LAURENCE HARMELIN, ESQUIRE
Monique Pullins:           Post Office Box 3574
                           Westchester, PA  19381

```
For the Defendant        RONALD A. SMITH, ESQUIRE
Asya Richardson:         RONALD A. SMITH AND ASSOCIATES
                         1617 JFK Boulevard
                         Suite 1240
                         Philadelphia, PA    19103


For the Defendant        PAUL J. HETZNECKER, ESQUIRE
Thais Thompson:          1420  Walnut Street
                         Suite 911
                         Philadelphia, PA   19102


For the Defendant        RONALD THOMPSON, ESQUIRE
James Morris:            3002 Lincoln Drive
                         Suite J
                         Marlton, NJ   08053

                         WAYNE POWELL, ESQUIRE
                         811 Church Road
                         101 Parragon Building
                         Cherry Hill, NJ   08002


Audio Operator:          MARK RAFFERTY


Transcribed by:          DIANA DOMAN TRANSCRIBING
                         P.O. Box 129
                         Gibbsboro, New Jersey  08026-0129
                         Office:   (856) 435-7172
                         Fax:      (856) 435-7124
                         E-mail:   dianadoman@comcast.net
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

# I N D E X

JURY CHARGE:                                    PAGE NUMBER

  By Judge Surrick                                    4

1          (Call to Order of the Court)

2          (The following is the requested portion of the

3     Honorable R. Barclay Surrick's jury charge which took place at

4     11:59 a.m.)

5          THE COURT:  Okay.  Ladies and gentlemen, the next

6     order of business in this trial is the charge of the Court.

7     During the course of the charge I'm going to be discussing

8     with you a number of different legal principles.

9          I'm going to talk to you about the evidence in this

10    case.  I'm going to talk to you about the credibility of

11    witnesses, how you should assess the credibility of witnesses.

12    I'm going to talk to you about the presumption of innocense

13    and the Government's burden of proof in this matter.

14          I am going to define for you each of the crimes that

15    has been -- that had been brought against each of the

16    defendants here.

17          Ladies and gentlemen, there are six defendants.

18    There are a number of different crimes that have been charged

19    here.  And, under the circumstances, of necessity it is going

20    to take quite a while to go through the legal principles that

21    you are going to need to reach a fair decision in this matter.

22          During the course of the charge, as I go through

23    each crime, you will hear me repeat myself on occasion,

24    because some of the elements of each crime are similar.  But

25    it is necessary for me to give you each crime and then to

1    define individually each crime.  And, so in doing that, in

2    light of the number of people involved and in light of the

3    number of charges, we are going to be here quite a while just

4    listening to me give you the legal principles.  I wish there

5    was another way to do it.

6         In many, many cases, where the trial takes two or

7    three days, the Court's charge will take 40 minutes, 50

8    minutes.  In this instance the charge is going to be

9    significantly longer than that.  And, as a matter of fact, we

10   will take a break in the middle of the charge because of that.

11        So I warn you in advance that that is what you're

12   going to face from here on.  It is 12:00 now.  You've been

13   sitting for a while.  I am going to take a brief recess now to

14   give you a chance to relax.  When I bring you back I will give

15   you the initial instructions.  After an hour or so or an hour

16   and a half, I will then recess, let you have your lunch and

17   then we'll bring you back for the final instructions.  And,

18   after I have given you all of the instructions, the case will

19   be put into your hands for your consideration.

20        When you go out now, don't discuss the case.  We'll

21   bring you back in ten minutes.

22             (Recess at 12:02 p.m. to 12:15 p.m.)

23        THE COURT:  Okay.  Have a seat, ladies and

24   gentlemen.  Ladies and gentlemen, one thing I want to indicate

25   to you before I get started, I have had my staff type up a

1    copy of the charge that I am going to be giving to you.  And,

2    I will send a copy of the charge out with you when you go out

3    to deliberate.  And, I tell you that so that you won't all be

4    feverishly trying to write down whatever I say.  You will have

5    a copy of the charge in the jury room with you.

6          Okay.  Ladies and gentlemen, you have seen and heard

7    all of the evidence in this case.  You have heard the

8    arguments of counsel and it's now my job to give you the

9    instructions with regard to the law in this matter.

10          CLERK:  Your Honor, can you pull the mike closer or

11    sit up in the chair?  (Laughter)  Why don't you come right up

12    here?  Okay.

13          Ladies and gentlemen, you have two duties as jurors

14    in this matter.  Your first duty is to decide what the facts

15    are in this case based upon the evidence that was presented in

16    this courtroom.

17          Ladies and gentlemen, that's your job and your job

18    alone.  You are the sole determiners of the facts in this

19    matter.  I don't play any part in determining what the facts

20    are in this case.  And, ladies and gentlemen, you should not

21    take anything I have said during the course of this trial as

22    indicating in any way how I feel you should decide this

23    matter.  It is your job to make the decision in this case, not

24    mine.

25          As the Judge, it's my job to see that the rules are

1   followed and that the parties in this litigation get a fair

2   hearing.   So ladies and gentlemen your function, first

3   function, is to determine what the facts are.

4        Your second duty, ladies and gentlemen, is to apply

5   the law as I give it to you.   I am going to explain over the

6   next long period of time the principles of law that you're

7   going to need in reaching a decision in this case.

8        Ladies and gentlemen, you have to apply my

9   instructions on the law and you have to apply those

10  instructions carefully.   Each of the instructions that I give

11  you is important and you must apply all of the instructions.

12       Ladies and gentlemen, you must not substitute or

13  follow your own notion as to what the law is or should be in

14  making a decision in this matter.   Whether or not you agree

15  with the law as I give it to you, it's your duty and

16  obligation to apply the law as I give it to you.

17       Now, ladies and gentlemen, your verdict in this case

18  must be unanimous, that means that all of you have to agree on

19  the verdict or there will be no verdict.   In the jury room

20  you'll discuss this case together, but ultimately each of you

21  has to decide this case for yourselves.   Each of you has to

22  make up your own mind in this matter.

23       Ladies and gentlemen, this is the responsibility of

24  each of you and it is a responsibility that cannot be avoided.

25       Ladies and gentlemen, you have to perform your duty

1  fairly and impartially.  Do not allow sympathy, prejudice,

2  fear, public opinion, or anything else, to influence you in

3  making a decision in this matter.  You should not be

4  influenced by a person's race, or color, or religion, or

5  gender, or profession, or occupation, or celebrity.

6         Ladies and gentlemen, decide this case based upon

7  the evidence and testimony presented here over the last five

8  plus weeks.  And, if you do that, you will live up to your

9  oath as jurors, ladies and gentlemen.

10        Now, I've just said to you, you have to decide the

11  case based upon the evidence presented in this courtroom.

12  What is the evidence in this matter?  The evidence is the

13  testimony of witnesses.  You saw the witnesses come in here,

14  they got on the witness stand, they were sworn and they

15  testified in front of you.  Documents and other exhibits were

16  received into evidence in this case.  And, you will remember

17  there were a number of different documents offered for your

18  consideration.  Those documents, those exhibits, are evidence

19  in this case.

20        Ladies and gentlemen, any facts that were stipulated

21  to or formally agreed to by the parties are evidence in this

22  case.  What is not evidence?  Ladies and gentlemen, the

23  indictment in this matter is not evidence in this case.  The

24  statements and arguments of lawyers are not evidence in this

25  case, and I've told you that several times.  And, there were a

1    lot of statements and a lot of arguments in this matter, but

2    the statements and arguments of counsel are not evidence.

3            Questions by lawyers are not evidence in this case.

4    It's the answers to the questions that are the evidence in

5    this matter.  Objections by lawyers are not evidence in this

6    case.  Any testimony that I told you to disregard is not

7    evidence in this case.  And, as I've told you a number of

8    times, anything that you have seen or heard outside of this

9    courtroom is not evidence in this case.

10           Ladies and gentlemen, you should use your common

11   sense in weighing the evidence in this matter.  Consider the

12   evidence in light of your everyday life experience and give it

13   whatever weight that you believe it deserves.  If your

14   experience and common sense tell you that certain evidence

15   reasonably leads to a conclusion, you may reach that

16   conclusion.

17           Ladies and gentlemen, I told you in the preliminary

18   instructions that the rules of evidence control what would be

19   received during the course of the trial.  During the trial,

20   the attorneys from time to time objected when they thought

21   evidence was being offered that was not permitted by the rules

22   of evidence.  These objections simply meant that the lawyers

23   were asking me to decide whether the evidence should be

24   allowed under the rules.  These attorneys have an obligation

25   to make objections on behalf of their clients, and it is my

1    job to rule on those objections when those objections are

2    made.   There is nothing improper about making an objection if

3    you feel that the evidence is inappropriate.

4         So ladies and gentlemen, you shouldn't be influenced

5    by the fact that an objection was made.   And, you should not

6    be influenced by my ruling on the objection.   And, you should

7    not be influenced by any sidebar conferences that you may have

8    heard during the course of this trial.   When I overruled an

9    objection, the question was answered or the exhibit was

10   received into evidence, and you should treat that testimony or

11   that exhibit like any other testimony and exhibit that you saw

12   during the course of the trial.

13        When I allowed evidence to be admitted for a limited

14   purpose, I instructed you to consider that evidence only for

15   that limited purpose.   And, ladies and gentlemen, you must

16   follow that instruction.

17        When I sustained an objection during the course of

18   the trial, the question was not answered or the exhibit was

19   not received into evidence.   You must regard -- disregard the

20   question or the exhibit entirely if I sustained an objection.

21   Do not think about -- do not guess about what the witness

22   might have said or answered to the question.   Do not think or

23   guess what exhibit -- what that exhibit might have shown.

24        Sometimes during the course of the trial, when there

25   was an objection, the witness answered the question before I

1    even had a chance to rule on the objection.  If that happened

2    and I sustained the objection, then you should disregard the

3    answer that you heard.

4           Ladies and gentlemen, during the course of the

5    trial, if I ordered that some testimony or some evidence

6    should be stricken or removed from the record, you must

7    disregard that evidence.

8           Ladies and gentlemen, during -- although the

9    attorneys in this case may have called your attention to

10   certain facts or factual conclusions that they thought were

11   important, what the lawyers said is not evidence and is not

12   binding on you.

13          Ladies and gentlemen, it's your recollection and

14   your interpretation of the evidence that counts.  Whatever the

15   attorneys may have said to you with regard to the evidence or

16   testimony, it is your recollection of the testimony that

17   counts.

18          Now, you heard two types of evidence in this case.

19   You heard direct evidence, you heard circumstantial evidence.

20          Direct evidence is simply evidence that is offered

21   directly on a point.  When a witness comes in and testifies as

22   to something that witness knows from their own personal

23   senses, something that the witness has seen or heard or

24   smelled, that is direct evidence on a point.

25          Circumstantial evidence is evidence which, if

1  believed, indirectly proves a fact.  It is evidence that

2  proves one or more facts from which you may reasonably infer

3  the existence of some other fact or facts.  A reasonable

4  inference is simply a deduction or a conclusion that reason,

5  experience, common sense, leads you to make from the evidence.

6      Ladies and gentlemen, a reasonable inference is not

7  a suspicion or a guess, it is a reasoned logical decision to

8  find that a disputed fact exists based upon another fact.

9      Let me give you an example of direct evidence,

10  circumstantial evidence.  If somebody came into this

11  courtroom, got up on the witness stand and was sworn and

12  testified, I just came in from outside and it was snowing,

13  that's direct evidence on a point.

14      Circumstantial evidence would be if you're sitting

15  here and the door opens all of a sudden and somebody walks in

16  and they have a raincoat on and it's covered with -- it's wet

17  or covered with snow; they have a hat on, that's covered with

18  snow, you could look at that, you could observe the facts that

19  you see and you could draw reasonable inferences from those

20  facts.  What's the reasonable inference?  Well, it must be

21  snowing outside.  So that's what circumstantial evidence is

22  all about, the drawing of reasonable inferences from the facts

23  that you accept as true.

24      Ladies and gentlemen, you should consider all of the

25  evidence in this matter in making your decision, both the

1    direct and the circumstantial evidence.  The law doesn't make

2    any distinction between the weight that you should give to

3    either direct or circumstantial evidence.  It's for you to

4    decide how much weight you are going to give to the direct

5    evidence and to the circumstantial evidence in this matter.

6         Now, I told you a few minutes ago that you have to

7    decide what the true facts are in this case.  How do you

8    decide what the facts are in a matter like this?  Ladies and

9    gentlemen, in determining what the facts are, you have to

10   decide what testimony you believe and what testimony you do

11   not believe.  You are the sole judges of the credibility of

12   the witnesses who appeared in this courtroom.  Credibility

13   refers to whether a witness is worthy of belief.

14        Was the witness truthful?  Was the testimony of that

15   witness accurate?  You may believe everything that a witness

16   said, some of what the witness said or none of what the

17   witness said.  Ladies and gentlemen, that is entirely up to

18   you.  You are made the sole and exclusive judges of the

19   credibility of the witnesses who appeared in this trial.

20        In deciding credibility, ladies and gentlemen, you

21   may decide to believe a witness based upon that witness's

22   behavior or their manner of testifying, or based upon the

23   explanation the witness gave and all of the other evidence in

24   this case.  Ladies and gentlemen, you, everyday of your lives,

25   go through a credibility assessment process.  You meet people,

1   you talk to them and you decide almost unconsciously where the

2   credibility is.  Can I believe that individual?

3           The process isn't any different for the witnesses

4   who appeared in this trial.  They came up here, they were

5   sworn to tell the truth.  They testified in front of you.  You

6   saw what they had to say, you heard the way they said it.  You

7   heard it in the whole context of this case.  Based upon that,

8   you have to decide the credibility of that witness.

9           Now, in deciding whether to believe a witness's

10  testimony, you should take into consideration certain things.

11  You should consider the opportunity and the ability of the

12  witness to see or hear or know the things that that witness

13  has testified to.  You should consider the quality of the

14  witness's knowledge and understanding and the quality of the

15  witness's memory.  You should consider the witness's

16  appearance, behavior and manner while testimony -- while

17  testifying.  What was the demeanor of the witness on the

18  witness stand?

19          You should consider the witness has an interest in

20  the outcome of this case or any modus -- motive or bias or

21  prejudice in this matter.  You may consider any relation that

22  the witness may have to other parties in this case and any

23  effect that they verdict may have on that particular witness.

24  You should consider whether the witness said or wrote anything

25  before the trial that was inconsistent with the testimony

1  given here in this courtroom.

2          You should consider whether the testimony of the

3  witness is consistent or inconsistent with other evidence that

4  you heard during the course of the trial.  And, you should

5  consider any other factors that you believe are important in

6  determining whether or not you should believe a witness's

7  testimony.

8          Now, ladies and gentlemen, inconsistencies in the

9  testimony of a witness or witnesses is not uncommon.

10  Sometimes witnesses forget, sometimes they remember

11  incorrectly.  If the different parts of any testimony of a

12  witness or witnesses appear to be inconsistent, then you, the

13  jury, should reconcile these conflicting statements, whether

14  of the same witness or different witnesses, if it can be done

15  fairly and satisfactorily.

16          If, however, you decide that there is a genuine and

17  an irreconcilable conflict in the testimony, then it is your

18  function and it's your duty to determine which, if any, of the

19  contradictory statements you're going to believe.

20          Ladies and gentlemen, after you make your judgment

21  about the believability of a witness, you can then attach to

22  that witness's testimony the importance or the weight that you

23  believe that testimony deserves.  The weight of the evidence

24  to prove a fact does not necessarily depend upon the number of

25  witnesses who testified or the quantity of evidence that was

1  presented.  What is important, ladies and gentlemen, is --

2  what is more important than numbers and quantity is how

3  believable the witnesses were and how much weight you think

4  their testimony deserves.

5          Ladies and gentlemen, I would suggest to you that

6  after you consider the testimony that you heard, consider the

7  testimony that you saw.  And after you make your determination

8  as to where you think the credibility lies in this situation,

9  you will have made a giant step towards determining what the

10  true facts are in this case.

11          Now, you heard testimony from law enforcement

12  officers.  The fact that a witness is employed as a law

13  enforcement officer does not mean that his or her testimony

14  necessarily deserves more or less consideration or greater or

15  lesser weight than any other witness.  You have to decide,

16  ladies and gentlemen, after reviewing all of the evidence in

17  this matter, whether you believe the testimony of a law

18  enforcement witness and how much weight that testimony

19  deserves.

20          Now, you did hear testimony from Charlton Custis,

21  Desmond Faison.  Both of those individuals are alleged co-

22  conspirators in Count 1 of this indictment.  Both of those

23  witnesses indicated that they had participated in the crimes

24  charged, and both of those witnesses indicated that they had

25  reached plea agreements with the Government.

1              You also heard testimony from Kristina Latney, who

2      is a -- an alleged co-conspirator in Count -- I think it was

3      Count 77 of the indictment.   That count charged money

4      laundering.   And, Ms. Latney says that she participated in the

5      crimes charged, and made a plea agreement with the Government,

6      and then came in and testified before you.

7              Ladies and gentlemen, the testimony of Charlton

8      Custis, Desmond Faison and Kristina Latney was received in

9      evidence and may be considered by you.   The Government, you

10     should understand, is permitted to present testimony from

11     someone who has reached a plea bargain with the Government in

12     exchange for testimony.   But you should consider the testimony

13     of Ms. Latney, and Mr. Custis, and Mr. Faison, with great care

14     and caution.   In evaluating their testimony, you should

15     consider this fact along with all of the others that I have

16     just discussed with you with regard to assessing the testimony

17     of a witness.

18             Whether or not the testimony of Mr. Custis, or Mr.

19     Faison, or Ms. Latney, may have been influenced by plea

20     agreement or their alleged involvement in the crimes is for

21     you to determine.   You have to make that determination.   You,

22     ladies and gentlemen, may give the testimony of Mr. Faison,

23     Mr. Custis, and Ms. Latney, whatever weight that you believe

24     that testimony deserves.   But you should understand that there

25     is nothing improper about the Government presenting such a

1  witness to you.  You simply have to evaluate the credibility

2  of that witness.

3          I would indicate to you, with regard to those three

4  witnesses, you should not consider the pleas of guilty of

5  those three individuals as evidence of any other defendant's

6  guilty.  Such evidence is offered to you only to allow you to

7  assess the credibility of the witness and to eliminate any

8  concern that other defendants may have been singled out for

9  prosecution and to explain how the witness came to possess a

10  detailed first-hand knowledge about the events that that

11  witness testified to.  You may consider Ms. Latney's, Mr.

12  Custis's and Mr. Faison's guilty pleas only for that purpose.

13          Now, ladies and gentlemen, in a criminal case a

14  defendant has a constitutional right not to testify.  However,

15  if a defendant chooses to testify, he or she is, of course,

16  permitted to take the witness stand on their own behalf.  In

17  this case you heard several witnesses -- several defendants

18  testify.  You should examine their testimony just as you would

19  the testimony of any other witness who testified during the

20  course of this trial.

21          Now, ladies and gentlemen, although the Government

22  is required to prove the defendant's guilt beyond a reasonable

23  doubt, the Government is not required to present all possible

24  evidence related to the case or to produce all possible

25  witnesses who might have some knowledge about the facts of the

1    case.   In addition, as I've explained to you, the defendants

2    are not required to present any evidence or produce any

3    witnesses.

4         In this case several defendants presented evidence

5    and produced witnesses.   These defendants are not required to

6    present all possible evidence related to the cape or to

7    produce all possible witnesses who may have some knowledge of

8    the facts of this matter.   Ladies and gentlemen, take the case

9    as it was presented.   Consider the witnesses presented by the

10   Government and consider the witness as you heard from the

11   defense.

12        Ladies and gentlemen, the Rules of Evidence usually

13   do not permit witnesses to give you opinions during the course

14   of their testimony.   Witnesses are permitted to come in and

15   testify as to things that they've seen or heard sometimes, but

16   usually witnesses are not permitted to give opinions to you.

17   In this case you heard several witnesses who did give you

18   their opinions.   People who have an expertise in a particular

19   science or profession are permitted to come into court and

20   give us their opinions, give us the benefit of their

21   expertise.   Because of their special skill, because of their

22   special knowledge, training, education in their particular

23   field, these witnesses are allowed to come in an give their

24   opinions.

25        Now, in this case, you heard the opinions of Det.

1    Christopher Morano of the Philadelphia Police Department.  He

2    testified as an expert in narcotics trafficking and narcotics

3    investigation.  You heard the opinions of Special Agent

4    Armstrong, of the Internal Revenue Service, who came in and

5    testified as an expert on money laundering.  You heard the

6    opinion of the firearm's examiner, Mr. Curtis, Michael Curtis,

7    of the ATF, who came in and gave you his opinion after

8    examining a firearm.  And, you heard the opinion of Dr. Robert

9    Rodman, who testified as an expert in linguistic and the

10   derivation of words.

11           Ladies and gentlemen, the opinions of these

12   witnesses should receive whatever weight you think is

13   appropriate given the evidence in this case.  In weighing the

14   opinion testimony of these witnesses, you may consider the

15   witness's qualifications, the reason for the witness's

16   opinion, the reliability of the information supporting the

17   witness's opinion as well as other factors that I have

18   discussed during the course of the charge with regard to

19   assessing the credibility of witnesses.

20           Ladies and gentlemen, you can disregard an expert's

21   opinion entirely if you decide that the expert opinion is not

22   based upon sufficient knowledge or skill or experience or

23   training or education.  You may also disregard the opinion if

24   you conclude that the reasons given in support of the opinion

25   are not sound, or if you conclude that the opinion is not

1    supported by the facts shown by the evidence.  Or, if you

2    think that the opinion is outweighed by other evidence.

3    In other words, ladies and gentlemen, it is your job

4    to determine the weight that you will be -- you will give to

5    an expert's opinion just as with any other witness who

6    testified during the course of this trial.

7    Now, you have heard that the parties here have

8    submitted certain stipulations to you and those stipulations

9    will go out with you when you go out to deliberate.  The

10   parties have agreed that certain witnesses, if called to

11   testify, would testify as to certain things.  You should

12   consider that testimony in the same way as if that witness had

13   appeared in court and testified before you.

14   The parties have also agreed that certain stipulated

15   facts are true.  You should, therefore, treat these facts as

16   having been proven.  However, you are not required to do that

17   because you are the sole judges of the facts.

18   During the course of the trial I took judicial

19   notice of at least one fact, and that was that July 2nd, 2005

20   was a Saturday.  I believe that that fact can accurately and

21   readily be determined.  You may accept that fact as proven.

22   However, again, ladies and gentlemen, as with any other fact

23   in this matter, it is entirely up to you to determine the

24   facts of this case.

25   Now, during the trial you heard audio recordings of

1    conversations.  The audio recording -- there was audio

2    recordings of conversations with the defendant, Thais

3    Thompson, that were made without her knowledge.  The recording

4    of these conversations was lawful and the recordings were

5    available for use by either party.

6        During the trial you also heard recordings of

7    conversations with defendants that were made without their

8    knowledge but with the consent of authorization of the Court.

9    These were the wiretap recordings that you heard.  Those

10   wiretaps were lawfully obtained.  The use of this procedure to

11   gather evidence is lawful.  And, the recordings may be used by

12   either party in the litigation.

13       Now, you were -- you heard those audio recordings

14   but you also were given written transcripts of those audio

15   recorded conversations.  You should understand, ladies and

16   gentlemen, that the transcripts are not evidence.  They were

17   given to you only as a guide to help you follow what was being

18   said.  The recordings themselves are the evidence.  If you

19   noticed any difference between what you heard on the

20   recordings and what you read in the transcripts, ladies and

21   gentlemen, you must rely on what you heard, not what you read.

22       And, if you could not hear during the course of

23   listening to those recordings or you could not understand

24   certain parts of the recordings, you must ignore the

25   transcript as far as those parts are concerned.

1          Ladies and gentlemen, the transcripts name the

2    speakers, but, again, you should remember that it is for you

3    to decide what you heard and it's for you to decide who you

4    heard speaking on the recordings.    The names on the

5    transcripts were for your convenience.

6          Finally, ladies and gentlemen, there were certain

7    charts and summaries offered to you during the course of the

8    trial.    You may use those charts and those summaries as

9    evidence in this matter.    You have to decide how much weight,

10   if any, you will give to these charts and these summaries.    In

11   making that decision you should consider the testimony you

12   heard about the way in which the charts and the summaries were

13   prepared.

14         During the course of the trial, you heard some

15   testimony that Mr. Coles had previously been convicted of a

16   crime.    You may consider that evidence of a prior conviction

17   to decide whether or not to believe Mr. Coles' testimony or

18   how much weight to give Mr. Coles' testimony.    Evidence of a

19   prior conviction, as it was presented to you, is used -- can

20   be used by you in determining the credibility of the witness.

21         You should understand, however, ladies and

22   gentlemen, that that evidence does not mean that the

23   defendant, Mr. Coles, committed the crimes charged here.    That

24   evidence may be used by you to determine the credibility of

25   the testimony.    And, in addition, that evidence may not be

1  used in any way at all in connection with the other

2  defendants.

3         Now, I've discussed with you the credibility issues,

4  your job as jurors.  Let me talk to you now about the

5  Government's burden of proofs, the presumption of innocense in

6  this matter.  And, then we will get into the crimes, the

7  individual crimes that are charged here and the element of

8  each of those crimes.

9         Ladies and gentlemen, you should understand that it

10  is a fundamental principle of our system of criminal justice

11  that a defendant is presumed to be innocent.  Defendants,

12  Alton Coles, Timothy Baukman, James Morris, Monique Pullins,

13  Asya Richardson and Thais Thompson have pled not guilty to the

14  offenses charged here.  Ladies and gentlemen, you should

15  understand that they are presumed to be innocent.  They

16  started this trial with a clean slate, with no evidence

17  against them.

18         You should understand, ladies and gentlemen, that

19  that presumption of innocense stays with them unless or until

20  the Government has presented evidence that overcomes that

21  presumption by convincing you that they defendants are guilty

22  of the crimes charged beyond a reasonable doubt.

23         Ladies and gentlemen, the presumption of innocense

24  requires that you find the defendants not guilty -- (phone

25  rings) --

1          SPEAKER:  Apologize.

2          THE COURT:  -- unless you're satisfied that the

3     Government has proven guilt beyond a reasonable doubt.  (Phone

4     rings)  Happens all the time.

5          Ladies and gentlemen, the presumption of innocense

6     means that the defendants have no burden or obligation to

7     present any evidence or to prove that they are not guilty.

8     The burden or obligation of proof in this matter is on the

9     Government to prove the defendants guilty, and this burden

10    stays with the Government throughout the trial.

11          In order for you to find the defendant guilty of the

12    offense charged, the Government must convince you that the

13    defendants are guilty beyond a reasonable doubt.  That means

14    that the Government must prove each and every element of the

15    offense charged beyond a reasonable doubt.  A defendant may

16    not be convicted based upon suspicion or conjecture but only

17    on evidence proving guilt beyond a reasonable doubt.

18          Now, ladies and gentlemen, proof beyond a reasonable

19    doubt does not mean proof beyond all possible doubt or to a

20    mathematical certainty.  Possible doubt or doubt based upon

21    conjecture, speculation or hunch are not reasonable doubts.  A

22    reasonable doubt is a fair doubt based upon reason, logic,

23    common sense or experience.  It's a doubt that an ordinary

24    reasonable person would have after carefully weighing all of

25    the evidence.  And, it is a doubt of the sort that would cause

1    a reasonably careful person to hesitate in acting in a matter

2    of importance where their own affairs are concerned.  It may

3    arise out of the evidence presented or out of the lack of

4    evidence presented or from the nature of the evidence

5    presented.

6          If, having heard all of the evidence, you're

7    convinced that the Government proved each and every element of

8    the offense charged beyond a reasonable doubt, you should

9    return a verdict of guilty on that offense.  However, if you

10   have a reasonable doubt about one or more of the elements of

11   the offense charged, then you must return a verdict of not

12   guilty on that offense.

13         Let's talk about the indictment in this matter.  As

14   you all know the defendants are charged in the indictment with

15   violations of Federal law.  As I explained at the beginning of

16   the trial, the indictment is just a formal way of specifying

17   the exact crimes that the defendants are accused of

18   committing.

19         Ladies and gentlemen, an indictment is simply a

20   description of the charges against the defendant.  It is an

21   accusation only.  An indictment is not evidence of anything

22   and you should not give any weight to the fact that the

23   defendants have been indicted in making your decision.

24         Now, the defendants here are charged in multiple

25   counts in this indictment.  Each count charges one or more

1  defendants with the commission of a separate crime.  And,

2  ladies and gentlemen, I'm going to send a copy of the

3  indictment out with you when you go out to deliberate, and

4  that should aid you in your deliberations.

5          You should understand that the indictment defines

6  the scope of the trial and it serves to notify the defendants

7  of the charges that they're facing.  Your job as jurors is to

8  determine whether or not the Government has proven them guilty

9  of the crimes with which they are charged in the indictment.

10 In order to perform that that function, you must understand

11 clearly what crimes are charged and who is charged with what

12 crimes.

13         I'm going to now summarize for you the charges that

14 have been brought against each of these defendants.  And, I

15 will go through each defendant, the crimes that apply to each

16 defendant one at a time.

17         Defendant Alton Coles has been charged with the

18 following crimes in one or more counts of this indictment:

19         He's been charged with conspiracy to distribute five

20 kilograms or more of cocaine and 50 grams or more of cocaine

21 base, which is crack cocaine.  He's been charged with engaging

22 in a continuing criminal enterprise.  He's been charged with

23 distribution of a controlled substance.  He's been charged

24 with possession with the intent to distribute a controlled

25 substance.  He's been charged with knowingly or intentionally

1    using a communications facility to facilitate a drug

2    trafficking crime.

3            He's been charged with managing and controlling, and

4    aiding and abetting the management and control of a storage

5    facility for the purpose of unlawfully storing or distributing

6    a controlled substance.  He's been charged with knowingly

7    possessing and aiding and abetting the possession of a firearm

8    in furtherance of a drug trafficking crime.  He's been charged

9    with being a convicted felon in possession of a firearm.  He's

10   been charged with money laundering to conceal the nature,

11   location, source, ownership and control of funds.  He's been

12   charged with conspiracy to launder money.  He's been charged

13   with structuring a currency transaction for the purpose of

14   evading IRS reporting requirements on cash transactions

15   exceeding $10,000.

16           And, finally, he's been -- no.  He's been charged

17   with committing wire fraud and aiding and abetting the

18   commission of wire fraud on a financial transac -- financial

19   institution.  And, finally, he's been charged with investing

20   drug proceeds in an enterprise in interstate commerce.

21           Those are the charges in the various counts that the

22   indictment makes against Mr. Coles.

23           Defendant Timothy Baukman has been charged with the

24   following crimes in one or more counts of the indictment:

25           He's been charged with conspiracy to distribute five

1    kilograms or more of cocaine and 50 grams or more of crack

2    cocaine.  He's been charged with engaging in a continuing

3    criminal enterprise.  He's been charged with managing and

4    controlling, and aiding and abetting the management and

5    control of a storage facility for the purpose of unlawfully

6    storing and distributing controlled substance.

7            Charged with possession with intent to distribute a

8    controlled substance.  He's charged with knowingly possessing

9    and aiding and abetting the possession of a firearm in

10   furtherance of a drug trafficking crime.  He's been charged

11   with possession of an unregistered firearm, to wit: a machine

12   gun.  He's been charged with money laundering to promote drug

13   trafficking.  He's been charged with money laundering to

14   conceal the nature, source, ownership and control of funds.

15           Those are the charges against Mr. Baukman.

16           And, I'm going through these, ladies and gentlemen,

17   each defendant and the individual charges that have been made

18   against the defendant because you have to assess whether the

19   Government has met its burden of proof on each crime

20   separately.  And, I'll tell you that again later, but that's

21   why I'm going through so painstakingly each crime that the

22   defendants are charged with committing.

23           Defendant James Morris has been charged with the

24   following crimes in one or more counts:

25           Conspiracy to distribute five kilograms or more of

1    cocaine and 50 grams or more of cocaine base, or crack

2    cocaine.  Knowingly or intentionally using a communication

3    facility to facilitate drug trafficking.  And, knowingly

4    possessing, and aiding and abetting the possession of a

5    firearm in furtherance of a drug trafficking crime.

6          Those are the charges against Mr. Morris.

7          The defendant Monique Pullins has been charged with

8    the following crime, or crimes, in one or more counts:

9          Ms. Pullins is charged with a conspiracy to

10   distribute five kilograms or more of cocaine and 50 grams or

11   more of crack cocaine.  She's charged with knowingly or

12   intentionally using a communication facility to facilitate a

13   drug trafficking crime.  She's charged with managing and

14   controlling, and aiding and abetting the management and

15   control of a storage facility for the purpose of unlawfully

16   storing and distributing controlled substances.  She's charged

17   with knowingly possessing and aiding and abetting the

18   possession of a firearm in furtherance of a drug trafficking

19   crime.

20         Those are the charges against Ms. Pullins.

21         Defendant Asya Richardson is charged with the

22   following crimes in one or more counts:

23         She is charged with money laundering to conceal the

24   nature, location, source, ownership and control of funds,

25   conspiracy to commit money laundering, and she's charged with

1   committing wire fraud and aiding and abetting the commission

2   of wire fraud on a financial institution.

3            Those are the charges against Ms. Richardson.

4            And, finally, Ms. Thompson is charged with the

5   following crimes in one or more counts of this indictment:

6            She's charged with knowingly possessing, and aiding

7   and abetting the possession of a firearm in furtherance of a

8   drug trafficking crime.  She's charged with making materially

9   false statements under oath.  She's charged with being an

10  accessory after the fact to a conspiracy to distribute five

11  kilograms or more of cocaine or 50 grams or more of crack

12  cocaine by making false statements of fact as alleged in the

13  other counts.

14           Those are the charges that are being brought against

15  each of these defendants.  I'm going to give you the

16  definition of each of those crimes, explain the elements of

17  each of those crimes to you in just a few minutes.

18           Ladies and gentlemen, you'll note when you take a

19  look at the indictment that it charges that certain offenses

20  were committed on or about certain dates.  You should

21  understand that the Government does not have to prove with

22  certainty the exact date of each alleged offense.  It's

23  sufficient that the Government proves beyond a reasonable

24  doubt that an offense was committed on a date reasonably near

25  the date alleged.

1          Now, ladies and gentlemen, as I said a minute ago,

2   each of the defendants is charged with several offenses.   Each

3   offense is charged in a separate count in the indictment.

4   There are instances where several defendants are charged in

5   the same count.  You should understand, ladies and gentlemen,

6   that the number of offenses charged is not evidence of guilt.

7   This should not influence your decision in any way.

8          In addition, in our system of justice, ladies and

9   gentlemen, guilt or innocense is personal and individual.  You

10  must separately consider the evidence that relates to each

11  offense and to each defendant and you must return a separate

12  verdict for each offense and each defendant.  For each offense

13  charged, ladies and gentlemen, you must decide whether the

14  Government had proven beyond a reasonable doubt that the

15  defendant is guilty of that particular offense.

16         And, ladies and gentlemen, your decision on one

17  offense, whether guilty or not guilty, should not influence

18  your decision on any other offenses charged.  Each offense

19  should be considered by you separately.  And, that's why I

20  just went over each offense separately with you.

21         Now, I don't know where Mr. Finney is, but I believe

22  your lunch was on its way.  If Mr. Finney hears me, he should

23  let me know whether it's here.  (Pause)  Lunch is here?

24         MR. FINNEY:  Yes, sir.

25         THE COURT:  Okay.  Ladies and gentlemen, I'm about

1    to go into defining for you each crime that is charged here,

2    but we'll let you have your lunch first.  And, we'll bring you

3    back and we will give you the rest of the Court's

4    instructions.  Okay?  We'll recess for -- the attorneys are

5    pleading for an hour.  We'll recess for an hour.  The jurors

6    are pleading for an hour also.

7              (Lunch recess 1:16 p.m. to 2:22 p.m.)

8              THE COURT:  Okay.  Have a seat, ladies and

9    gentlemen.

10             As I told you before the luncheon break we're going

11   to get into the crimes that were alleged in this indictment

12   and the elements of those crimes.

13             Ladies and gentlemen, we -- I'm sure you're not

14   going to want to hear this, but we are probably about a third

15   of the way through this charge.  What we will do is go on for

16   another hour or so and then we'll take a break and then we'll

17   come back and finish up with the final instructions.

18             Okay.  Count 1 of the indictment, that count charges

19   that from on or about January of 1998 through on or about

20   December 10, 2005 defendants, Alton Coles, Timothy Baukman,

21   James Morris and Monique Pullins agreed or conspired together,

22   and with other persons, to distribute cocaine and cocaine

23   base, crack cocaine, which are controlled substances under

24   Federal law.  The statute says that it's a Federal crime for

25   two or more people to agree or conspire to commit any offense

1    against the United States, even if they never actually achieve

2    their objective.

3         Ladies and gentlemen, a conspiracy is a kind of

4    criminal partnership, if you will.  In order for you to find

5    the defendant -- a defendant guilty of conspiracy to

6    distribute controlled substances you must find, ladies and

7    gentlemen, that the Government has established beyond a

8    reasonable doubt the following three elements:

9         First, that two or more persons agreed to distribute

10   a controlled substance.

11        Second, that the defendant was a party to, or a

12   member of, that agreement.

13        And third, that the defendant joined the agreement

14   or conspiracy knowing of its objective to distribute a

15   controlled substance and intending to join together with at

16   least one other alleged conspirator to achieve that objective.

17   That is, ladies and gentlemen, that the defendant and at least

18   one other alleged co-conspirator shared a unity of purpose and

19   the intent to achieve that objective.

20        So, ladies and gentlemen, the first element of the

21   crime is the existence of an agreement.  The Government must

22   prove beyond a reasonable doubt that two or more persons

23   knowingly and intentionally arrived at a mutual understanding

24   or agreement, either spoken or unspoken, to work together to

25   achieve the overall objective of a conspiracy to commit the

1    offense of distributing controlled substances.

2          Ladies and gentlemen, the Government doesn't have to

3    prove the existence of a formal or written agreement.  They

4    don't have to prove an express oral -- oral agreement spelling

5    out the details of the understanding.  The Government also

6    does not have to prove that all of the members of the

7    conspiracy directly met or discussed between themselves their

8    unlawful objective or agreed to all of the details or agreed

9    to what means they were going to use to accomplish the

10   objective.  The Government is not even required to prove that

11   all of the people named in the indictment were in fact parties

12   to the agreement or that all of the members of the alleged

13   conspiracy are even known.

14         What the Government must prove beyond a reasonable

15   doubt is that two or more persons in some way or manner

16   arrived at some type of an agreement or a mutual understanding

17   or a meeting of the minds to try to accomplish the common

18   unlawful purpose.

19         And, ladies and gentlemen, you can consider both

20   direct evidence and circumstantial evidence in deciding

21   whether the Government has proven beyond a reasonable doubt

22   that an agreement or mutual understanding existed.

23         You may find the existence of a conspiracy based

24   upon evidence of related facts and circumstances which prove

25   that the activities of the participants in the criminal

1    venture could not have been -- the participants in a criminal

2    venture could not have been carried out, except as a result of

3    a preconceived agreement, scheme or understanding.

4         If you find that a criminal agreement or conspiracy

5    existed, ladies and gentlemen, then in order to find the

6    defendant guilty of conspiracy you must also find that the

7    Government proved beyond a reasonable doubt that the defendant

8    knowingly or intentionally joined that agreement or conspiracy

9    and voluntarily joined it during its existence intending to

10   achieve the common goal or objective and to work together with

11   other alleged conspirators towards that goal or objective.

12        Ladies and gentlemen, the Government need not prove

13   that the defendant knew everything about the conspiracy or

14   that he or she knew everyone involved in it or that he or she

15   was a member from the very beginning.  The Government also

16   does not have to prove that the defendant played a major or

17   substantial role in the conspiracy.

18        You may consider both direct and circumstantial

19   evidence in deciding whether the defendant joined the

20   conspiracy or knew of its criminal objective and intended to

21   further the objective.

22        Evidence which shows that the defendant only knew

23   about the conspiracy or only kept bad company by associating

24   with members of the conspiracy or was only present when it was

25   discussed or when a crime was committed is not sufficient to

1  prove that the defendant was a member of the conspiracy, even

2  if the defendant approved of what was happening and did not

3  object to it.

4        Likewise, ladies and gentlemen, evidence showing

5  that the defendant may have done something that happened to

6  help the conspiracy does not necessarily prove that the

7  defendant joined the conspiracy.  You may, however, consider

8  this evidence with all of the other evidence in deciding

9  whether the Government has proven beyond a reasonable doubt

10 that the defendant joined the conspiracy.

11       Now, in order to find the defendant guilty of

12 conspiracy you must find that the Government proved beyond a

13 reasonable doubt that the defendant joined the conspiracy

14 knowing its objective and intending to help further that

15 objective.  That is the Government must prove that the

16 defendant knew the objective or goal of the conspiracy, that

17 the defendant joined the conspiracy intending to help further

18 or achieve that goal or objective and that the defendant, and

19 at least one other alleged conspirator, shared a unity of

20 purpose towards that objective or goal.

21       Again, you may consider both direct and

22 circumstantial evidence, including the defendant's words or

23 conduct and other facts and circumstances in deciding whether

24 the defendant had the required knowledge or intent.  For

25 example, ladies and gentlemen, evidence that the defendant

1    derived some benefit from the conspiracy or had some stake in

2    the achievement of the conspiracy's objectives might tend to

3    show that the defendant had the required intent or purpose

4    that the conspiracy objective be achieved.

5         Ladies and gentlemen, Count 1 of the indictment

6    alleges that in furtherance of the conspiracy various overt

7    acts were committed.  You should understand, ladies and

8    gentlemen, that to prove the crime of conspiracy under this

9    section of the United States Code the Government is not

10   required to prove that any overt acts were performed.  In

11   addition, ladies and gentlemen, the Government is not required

12   to prove that any of the members of the conspiracy were

13   successful in achieving any or all of the objectives of the

14   conspiracy.

15        You may find the defendant guilty of conspiracy if

16   you find that the Government has proven beyond a reasonable

17   doubt the elements that I've just explained to you, even if

18   you find that the Government did not prove that any of the

19   conspirators actually distributed controlled substances.  The

20   conspiracy is a criminal offense separate from the offense

21   that was the objective of the conspiracy.  Ladies and

22   gentlemen, conspiracy is complete without the commission of

23   that offense.

24        You should understand that a conspiracy ends when

25   the objectives of the conspiracy have been achieved or when

1    all members of the conspiracy have withdrawn from it.

2    However, a conspiracy may be continue -- a continuing

3    conspiracy and if it is it lasts until some affirmative

4    showing that it has ended and that all of the members have

5    withdrawn.  A conspiracy may be a continuing one if the

6    agreement includes an understanding that the conspiracy will

7    continue over time.  Also, a conspiracy may have a continuing

8    purpose or objective and, therefore, may be a continuing

9    conspiracy.

10          Now, ladies and gentlemen, in this case evidence has

11   been admitted that certain persons, certain individuals who

12   are alleged -- alleged to be co-conspirators of the defendants

13   did or said certain things.  You should understand that the

14   acts or statements of any member of a conspiracy are treated

15   as the acts and statements of all members of the conspiracy if

16   the acts or statements were performed or spoken during the

17   existence of the conspiracy and in furtherance of the

18   objectives of the conspiracy.

19          Therefore, ladies and gentlemen, you may consider as

20   evidence against the defendant any acts done or statements

21   made by members of the conspiracy during its existence and to

22   further the objectives of the conspiracy.  You may consider

23   these acts and statements even if they were done and made in

24   defendant's absence and without the defendant's knowledge.

25          As with all of the evidence presented in this case,

1  ladies and gentlemen, it is for you to decide whether you

2  believe that evidence and how much weight you will give it,

3  that is evidence given by a member of the conspiracy when you

4  -- when the defendant was not present.

5      Ladies and gentlemen, the evidence received in this

6  case need not prove the exact amount of controlled substances

7  alleged in Count 1 of the indictment as a subject of the

8  conspiracy to distribute.  The Government must prove beyond a

9  reasonable doubt, however, that each defendant conspired with

10  others to distribute a measurable amount of cocaine or cocaine

11  base.

12      Now, having said that, ladies and gentlemen, with

13  regard to the quantity of drugs as it relates to Count 1, if

14  you find any of the defendants guilty of the offense charged

15  in Count 1 you have to answer some questions that will be with

16  the verdict slip called interrogatories.  Those

17  interrogatories are to determine the weight or quantities of

18  controlled substances that were the object of the conspiracy.

19      You do not answer these interrogatories until after

20  you've reached your verdict.  If you find that the Government

21  has not proven any defendant guilty of any of the offenses

22  charged in Count 1 then you do not need to answer the

23  interrogatories.  If you find the defendant guilty -- if you

24  find any defendant guilty then in answering these

25  interrogatories, as in deciding your verdict, you must be

1    unanimous.

2            And in order to find that the offense involved a

3    certain weight -- weight or quantity of controlled substances

4    you must be satisfied that the Government has proven the

5    weight or quantity beyond a reasonable doubt.  Weight or

6    quantity means the total weight of any mixture or substance

7    which contains a detectible amount of controlled substance.

8            Ladies and gentlemen, jury interrogatory number one

9    relates to Count 1 and first asks whether you unanimously find

10   beyond a reasonable doubt that the weight or quantity of

11   cocaine which the members of the conspiracy agreed to

12   distribute was either a detectible amount of cocaine, 500

13   grams or more of a mixture or substance containing cocaine or

14   five kilograms or more of a mixture or substance containing

15   cocaine.

16           Jury interrogatory number one next asks whether you

17   unanimously find beyond a reasonable doubt that the weight or

18   quantity of cocaine base or crack cocaine which the members of

19   the conspiracy agreed to distribute was either a detectible

20   amount of cocaine base or crack cocaine, five grams or more of

21   a mixture or substance containing cocaine base or crack

22   cocaine or 50 milligrams or more of a mixture or substance

23   containing crack cocaine.  Ladies and gentlemen, to answer the

24   interrogatories simply check off the appropriate amount on the

25   verdict slip.

1          Ladies and gentlemen, a conspirator is a person who

2    knowingly and intentionally agrees with one or more persons to

3    accomplish an unlawful act.  You should understand that a

4    conspirator is responsible for offenses committed by his

5    fellow conspirators if he was a member of the conspiracy when

6    the offense was committed and if the offense was committed in

7    furtherance of and as a foreseeable consequence of the

8    conspiracy.

9          Now, ladies and gentlemen, Count 40, Count 49, Count

10   61, Count 62, Count 68, Count 70, Count 181 and 182 of the

11   indictment each charge more than one defendant with a crime.

12   Ladies and gentlemen, if you find that a -- beyond a

13   reasonable doubt that the defendant charged in one of those

14   counts was a member of the conspiracy at the time that one of

15   his co -- fellow conspirators committed the offense charged in

16   that count and the offense was committed in furtherance of and

17   as a foreseeable consequence of that conspiracy, then you

18   should find the defendant guilty on that count charged.

19         Those are the elements of the crime of conspiracy,

20   in this instance conspiracy to distribute controlled

21   substances.  And it's for you, ladies and gentlemen, to -- to

22   review all of the evidence and testimony and determine whether

23   any of the defendants charged in Count 1 are guilty of that

24   offense or not guilty.

25         Let me talk to you now about the crime of conducting

1    a -- a continuing criminal enterprise.

2         Count 2 of the indictment charges that beginning in

3    January of 1998 until on or about August 10, 2005 defendant,

4    Alton Coles and Timothy Baukman, engaged in a continuing

5    criminal enterprise in that they committed a violation of

6    certain narcotics laws as part of a continuing series of such

7    violations.  And that further this series of violations was

8    done in -- in some type of agreement with at least five other

9    persons who were managed or supervised or organized by the

10   defendants.  And that from this continuing series of narcotics

11   violations defendants received substantial income.  That is

12   the nature of the crime of conducting a continuing criminal

13   enterprise.

14        To find the defendant guilty of engaging in a

15   continuing criminal enterprise, ladies and gentlemen, you must

16   find that the Government has proven beyond a reasonable doubt

17   the following elements beyond a reasonable doubt.  There are

18   five elements.

19        First, that the defendant committed felony

20   violations of Federal narcotics laws as charged in -- in this

21   case, Count 1, Count 38, Count 40 through 43, Count 45 through

22   56, 61, 62 and Count 1-8 -- 176 of the indictment.  So the

23   first element is that the defendant committed felony

24   violations of the narcotics laws as charged in those counts of

25   the indictment.

1          Second, that such violations were part of a

2     continuing series of related violations of the Federal

3     narcotics laws.

4          Third, that the defendant engaged in this continuing

5     series of violations in concert or together with at least five

6     or more other persons.

7          Fourth, that the defendant occupied the position of

8     an organizer, supervisor or manager with respect to these five

9     or more persons.

10         And, fifth, that the defendant obtained substantial

11    income or resources from the continuing series of violations.

12         Ladies and gentlemen, the phrase felony violations

13    of the Federal narcotics laws as used in these instructions

14    means the commission of any act specifically prohibited by

15    certain sections of the United States Code for which defendant

16    could be imprisoned for more than one year.

17         Conspiracy to distribute cocaine or cocaine base,

18    distribution of cocaine or cocaine base, possession with

19    intent to distribute cocaine or cocaine base, using a

20    telephone facility to facilitate a drug trafficking crime,

21    maintaining a property for drug trafficking and investing drug

22    income in an interstate enterprise are felony violations of

23    the narcotics law.

24         Ladies and gentlemen, the phrase continuing series

25    of violations means proof of at least three violations of the

1   Federal narcotics laws and also requires a finding that those

2   violations were connected together as a series of related or

3   ongoing activities as distinguished from isolated or

4   disconnected acts.  In addition, you must unanimously agree

5   about which three or more violations the defendant committed.

6        You should understand that the phrase in concert

7   with five or more other persons means some type of agreement

8   or joint action, whether direct or indirect, with at least

9   five other persons who were involved in the continuing series

10  of narcotics violations.  Ladies and gentlemen, the phrase in

11  concert with five or more other persons does not require proof

12  from the Government that the five or more other persons

13  actually had contact with each other or knew each other or

14  committed each violation together or operated together

15  continuously at the same time.

16       The Government is not required to prove that the

17  defendant managed, supervised or organized these five or more

18  persons at the same time.  The Government must prove beyond a

19  reasonable doubt, however, that the defendant and at least

20  five or more other persons were part of an agreement or joint

21  action to commit the continuing series of violations of the

22  Federal narcotics laws as alleged in the indictment.

23       Ladies and gentlemen, you should understand that the

24  term "organizer" and the terms "supervisory position" and

25  "position of management" are given their ordinary, usual

1  meaning.  These words imply the exercise of power or authority

2  by a person who occupies some position of management or

3  supervision.  This person need not be the sole or only

4  organizer, supervisor or manager of the activities of the

5  persons in question.

6          Finally, the Government must prove that the

7  defendant obtained substantial income or resources from the

8  continuing series of violations, meaning that the defendant's

9  income from the violations in money or other property must

10  have been significant in size or amount as distinguished from

11  relatively insubstantial, insignificant or trivial in amount.

12  Substantial income or resources, ladies and gentlemen, may

13  include money and other things of value, such as controlled

14  substances which are actually received by the defendant.

15          So, ladies and gentlemen, those are the elements of

16  the crime of conducting a continuing criminal enterprise.  The

17  Government must prove the elements of that crime, the five

18  elements by evidence beyond a reasonable doubt.

19          Let's talk about Count 40 of the indictment which

20  charges defendant, Alton Coles, with distributing a mixture or

21  substance containing controlled substances, specifically that

22  on June 28, 2005 Alton Coles distributed a mixture or

23  substance -- or substance containing a controlled substance.

24          The statute says, ladies and gentlemen, that it's

25  unlawful for any purpose to knowingly or intentionally

1    manufacture, distribute or dispense or possess with the intent

2    to manufacture, distribute or dispense a controlled substance.

3    In order to find the defendant guilty of this offense the

4    Government must establish the following three elements beyond

5    a reasonable doubt:

6            First, that the defendant distributed a mixture or

7    substance containing the controlled substance.

8            Second, that the defendant distributed the

9    controlled substance knowingly or intentionally.

10           And, third, that the controlled substance was

11   cocaine.

12           You should understand, ladies and gentlemen, that

13   the term -- term "distribute", as used in this charge, means

14   to deliver or transfer possession or control of a controlled

15   substance from one person to another.  Distribution includes

16   the sale of a controlled substance by one person to another,

17   but it does not require a sale.  Distribution also includes a

18   transfer without any financial compensation, such as a gift or

19   a trade.

20           Ladies and gentlemen, as I'm sure you all know as a

21   matter of law, cocaine is a controlled substance and it is a

22   prohibited drug.  However, it's solely for you to decide

23   whether the Government has established beyond a reasonable

24   doubt that the defendant distributed a mixture or substance

25   containing cocaine.

1          Now, I use the words knowingly or intentionally in

2    giving you the elements of that crime.  Let me tell you what

3    those terms mean and you will hear this again.  To act

4    knowingly, as used in the -- the instruction, means that the

5    defendant was conscious and aware that he was engaged in the

6    act charged and knew of the surrounding facts and

7    circumstances that make out the offense.  Knowingly does not

8    require that the defendant knew the acts charged or the

9    surrounding facts amounted to a crime.

10          To act intentionally, ladies and gentlemen, as used

11   in this instruction, means to deliberately act not by

12   accident.  Intentionally does not require that the defendant

13   intended to violate the law.  The phase -- the phrase

14   knowingly or intentionally, as used with this offense,

15   requires that the Government prove beyond a reasonable doubt

16   that the defendant knew that what he distributed was a

17   controlled substance.  In addition, the Government must also

18   prove beyond a reasonable doubt that the controlled substance

19   was, in fact, cocaine.

20          However, as long as you find that the Government

21   proved beyond a reasonable doubt that the defendant knew what

22   he distributed was a controlled substance you need not find

23   the defendant knew that the controlled substance was cocaine.

24          In determining whether a defendant acted knowingly

25   or intentionally, ladies and gentlemen, you may consider

1    evidence about what the defendant said, what the defendant did

2    or failed to do, how the defendant acted and all other facts

3    and circumstances shown by the evidence that may prove that

4    the defendant -- what was in the defendant's mind at the time

5    of the offense.

6            Ladies and gentlemen, the evidence received in this

7    case need not prove the exact amount of the controlled

8    substance alleged in Count 40 of the indictment as distributed

9    by the defendant.  The Government need only prove that it was

10   a measurable amount of a controlled substance that was

11   knowingly and intentionally distributed by the defendant.

12           Those are the elements of the crime of distributing

13   a controlled substance.

14           Let's talk about possessing a controlled substance

15   with the intent to distribute it.

16           Count 62 of the indictment charges the defendant,

17   Coles, and the defendant, Baukman, with possessing a -- a

18   mixture or substance containing a controlled substance,

19   specifically cocaine, with the intent to distribute that

20   substance on August 10, 2005.  The statute says that it's

21   unlawful for any person to knowingly or intentionally possess,

22   with the intent to distribute, a controlled substance.

23           Now, in order to find the defendant guilty of

24   possession with intent to distribute a controlled substance

25   you must find that the Government has established the

1    following four elements beyond a reasonable doubt:

2            First, that the defendant possessed a mixture or

3    substance containing a controlled substance.

4            Second, that the defendant possessed the controlled

5    substance knowingly or intentionally.

6            Third, that the defendant intended to distribute the

7    controlled substance.

8            And, fourth, that the controlled substance was

9    cocaine.

10           Ladies and gentlemen, to possess a controlled

11   substance means to have it within a person's control.  The

12   Government doesn't have to prove that the defendant physically

13   held or controlled the substance, that is that he had actual

14   possession of it.  If you find that the defendant either had

15   actual possession of the controlled substance or had the power

16   and intention -- the power and intention to exercise control

17   over it, even though it was not in his physical possession,

18   that is that the defendant had the ability to take actual

19   possession of the substance when he wanted to do so, you may

20   find that the Government has established possession.  You

21   should understand, ladies and gentlemen, that possession may

22   be momentary or fleeting.  Proof of ownership of the

23   controlled substance is not required.

24           You should also understand, ladies and gentlemen,

25   that the law recognizes that possession may be sole or it may

1  be joint.  If one person alone possesses a controlled

2  substance that's sole possession.  However, more than one

3  person may have the power and intention to exercise control

4  over a substance, this is called joint possession.

5          If you find that the defendant had such power and

6  intention then he possessed the controlled substance even if

7  he possessed it jointly with another person.  You should

8  understand however, ladies and gentlemen, that mere proximity

9  to the controlled substance or mere presence on the property

10  where it's located or mere association with a person who does

11  control the controlled substance or the property is not enough

12  to support a finding of possession.

13          I haven't seen your eyes glaze over so we'll keep

14  going.

15          Ladies and gentlemen, in order to find a defendant

16  guilty of possession of a controlled substance with intent to

17  distribute, as charged in Count 62 of the indictment, you must

18  find that the Government proved beyond a reasonable doubt that

19  they intended to distribute a mixture or substance containing

20  the controlled substance.  And to find that they had the

21  intent to distribute you must find that they had in mind or

22  planned in some way to deliver or transfer possession or

23  control of the controlled substance to someone else.

24          In determining whether a defendant had the intent to

25  distribute may -- you may consider all of the facts and

1    circumstances shown by the evidence, including the words and

2    actions of defendants.    In determining a defendant's intent to

3    distribute a controlled substance you may also consider, among

4    other things, the quantity of the substance, the purity of the

5    controlled substance, the manner in which the controlled

6    substance is packaged and the presence or absence of weapons,

7    large amounts of cash or equipment used in processing

8    controlled substances for sale.    All of those things you may

9    consider in determining whether possessed -- someone possessed

10   a controlled substance with the intent to distribute it.

11              Ladies and gentlemen, I told you that the crime of

12   possession with intent to distribute requires knowing and

13   intentional possession and I have given you that instruction

14   just a few minutes ago so I won't repeat it again at this

15   point.

16              Ladies and gentlemen, I told you before that as a

17   matter of law cocaine is a controlled substance, but it's for

18   you to decide whether the defendant possessed the controlled

19   substance with the intent to distribute it.    And, again, the

20   Government does not have to prove the exact amount of the

21   controlled substance alleged in Count 62 of the indictment,

22   all they have to prove is that there was a measurable amount.

23              Those are the elements of the crime of possession

24   with intent to distribute a controlled substance.

25              Knowing or intentional use of a communications

1  facility in facilitating a drug trafficking crime.  Count 38,

2  41 through 43, 45 through 48, 50 through 56 of the indictment

3  charge the defendant, Alton Coles, with knowing or intentional

4  use of a communications facility in facilitating drug

5  trafficking -- a drug trafficking crime.  Defendant, Monique

6  Pullins, is charged with this crime in Count 46 through 48 of

7  the indictment.  And defendant, James Morris, is charged with

8  this crime in Counts 52 through 55 of the indictment.

9          Ladies and gentlemen, the United States Code makes

10 it a Federal crime for anyone to use a communications facility

11 in committing or facilitating the commission of a drug --

12 felony drug offense.  The statute says that it shall be

13 unlawful for any person knowingly or intentionally to use any

14 communications facility in committing or causing or

15 facilitating the commission of any act or acts constituting a

16 felony under any provision of this title or Title III.

17         It also says that each separate use of a

18 communication facility shall be a separate offense under this

19 subsection.  For purposes of this subsection the term

20 "communication facility" means any and all public and private

21 instrumentalities used or useful in the transmission of

22 writing, signs, signals, pictures or sounds or all kinds and

23 includes mail, telephone, wire, radio and all other means of

24 communication.  That is a statutory provision.

25         Now, in order to find the defendant guilty of

1    knowingly or intentionally using a communication facility in

2    facilitating a drug trafficking crime the Government must

3    establish beyond a reasonable doubt the following two

4    elements:

5          First, that the defendant knowingly or intentionally

6    used a communication facility, in this instance a phone.

7          Second, that the defendant used the communication

8    facility to facilitate the commission of a drug felony, namely

9    the conspiracy charged in Count 1 of the indictment.

10         Now, ladies and gentlemen, the first element of

11   using a communication facility to facilitate a drug

12   trafficking crime is that the defendant used a communication

13   facility to facilitate the drug trafficking crime knowingly or

14   intentionally.  The term "knowingly" means that the defendant

15   was conscious and aware of his or her actions, realized what

16   he or she was doing or what was happening around him or her

17   and did not act because of ignorance, mistake or accident.

18   The term "intentionally" means that the defendant performed

19   the act deliberately.

20         To facilitate the commission of a crime, as used in

21   this instruction, means merely to use the communication

22   facility in a way that makes it easier or less difficult or

23   aides or assists in the commission of the crime.  The

24   Government does not have to prove, however, that the other

25   crime, the facilitated -- the facilitated offense, was

1    successfully carried out or completed.

2              So, ladies and gentlemen, those are the elements of

3    the crime of using a communication facility -- facility to

4    facilitate a drug trafficking crime and those are the counts

5    which charge the offense and the defendants who are charged.

6              Let's talk about the crime of managing and

7    controlling a storage facility.  Count 49 of the indictment

8    charges defendant, Alton Coles and Monique Pullins, with

9    knowingly managing and controlling and knowingly aiding and

10   abetting the management and control of the apartment located

11   at 1416 Clearview Street, Apartment F520 as a lessee.  And

12   knowingly and intentionally making available for use this

13   apartment for the purpose of unlawfully storing and

14   distributing a controlled substance, that substance being

15   cocaine.

16             Count 61 of the indictment charges defendant, Coles

17   and Timothy Baukman, with knowingly managing and controlling

18   and knowingly aiding and abetting the management and control

19   of the apartment located at 339 East Essex Avenue in Lansdale,

20   Pennsylvania as lessees and occupants.  And knowingly and

21   intentionally making available for use this apartment for the

22   purpose of unlawfully storing and distributing controlled

23   substances, cocaine and crack cocaine.

24             Defendant, James Morris and Thais Thompson, are

25   charged in Count 67 with possession of a firearm in

furtherance of a drug trafficking crime.  As part of that
count they are charged with managing and controlling a house
for the purpose of unlawfully storing and distributing a
controlled substance.

Ladies and gentlemen, the statute says that it shall
be unlawful to manage or control any place, whether
permanently or temporarily, either as an owner, lessee, agent,
employee, occupant or mortgagee and knowingly and
intentionally rent, lease, profit from or make available for
use, with or without compensation, the place for the purpose
of unlawfully manufacturing, storing, distributing or using a
controlled substance.

In order to find the defendant guilty of managing
and controlling a place used by others as drug involved
premises, ladies and gentlemen, you must find that the
Government has established beyond a reasonable doubt the
following three elements.

First, that the defendant knowingly and
intentionally made -- well, wait a minute -- first, that the
defendant managed and controlled the premises identified in
the indictment as a lessee or an occupant.

Second, that the defendant knowingly and
intentionally made available for use -- for use, with or
without compensation, that premises.

And, third, that the defendant did so with the

1   purpose of unlawfully storing or distributing a controlled

2   substance.

3           Ladies and gentlemen, the Government must prove that

4   the defendants knowingly and intentionally made the premises

5   available for use for unlawful drug activity.  The term

6   knowingly, as used in this instruction, means that the

7   defendant was conscious and aware of his or her actions,

8   realized what he or she was doing or what was happening around

9   him or her and did not act because of ignorance, mistake or

10  accident.  The term intentionally means that the defendant

11  performed the act deliberately and purposefully.

12          The third element which the Government must prove

13  beyond a reasonable doubt is that the occupants used the place

14  for the purpose of manufacturing, storing, distributing or

15  using controlled substances.

16          You should understand that a defendant manages and

17  controls a location for the purpose of unlawfully storing or

18  distributing cocaine or crack cocaine if a significant purpose

19  of the location is the storage or distribution of the

20  controlled substance.  Storage or distribution need not be the

21  sole or primary purpose for which the place is used.

22          Now, ladies and gentlemen, the offense of knowingly

23  managing and controlling and knowingly aiding and abetting the

24  management and control of an apartment or house as a drug

25  storage facility, as charged in the indictment, requires proof

1  that the defendant acted knowingly.  If you find that a

2  defendant acted in good faith that would be a complete defense

3  to this charge because good faith on the part of a defendant

4  would be inconsistent with him or her acting knowingly.

5         You should understand that a person acts in good

6  faith when he or she has an honestly held belief, opinion or

7  understanding that the acts in question were not unlawful,

8  even though the belief, opinion or understanding turns out to

9  be inaccurate or incorrect.  Thus, ladies and gentlemen, in

10 this case if a defendant made an honest mistake or had an

11 honest misunderstanding about whether another defendant --

12 defendant's actions were unlawful he or she did not act

13 knowingly.

14        You should understand that a defendant does not have

15 the burden of proving good faith.  Good faith is a defense

16 because it's inconsistent with the requirement of the offense

17 charged, that the defendant acted knowingly.

18        As I told you, it is the Government's burden to

19 prove beyond a reasonable doubt each element of the offense,

20 including the mental state element.  In deciding whether the

21 Government proved that the defendant acted knowingly or

22 instead whether the defendant acted in good faith, you should

23 consider all of the evidence presented in the case that may

24 bear on the defendant's state of mind.

25        If you find that the -- from the evidence that a

1    defendant acted in good faith, as I've defined that term for

2    you, or if you find that any other person that the Government

3    has not -- if you find for any other reason that the

4    Government has not proved beyond a reasonable doubt that the

5    defendant acted knowingly, you must find the defendant not

6    guilty of the offense of managing or controlling a storage

7    facility.

8              With regard to this crime, ladies and gentlemen, to

9    find the defendant guilty of knowingly managing and

10   controlling, knowingly aiding and abetting the management and

11   control of an apartment or house you must find, as I said,

12   that the Government proved beyond a reasonable doubt that the

13   defendant knew that the apartment house was made available for

14   use for the purpose of unlawfully storing or distributing the

15   substance.

16             When, as in this case, knowledge of a particular

17   fact or circumstance is an essential part of the offense

18   charged the Government must prove that the defendant knew that

19   fact or circumstance.  If the -- if the evidence proves beyond

20   a reasonable doubt that the defendant closed his eyes --

21   closed his or her eyes to what would have otherwise been

22   obvious to her, then the Government has established that

23   knowledge.  In other words, ladies and gentlemen, willful

24   blindness is not a defense.  No one can avoid responsibility

25   for a crime by deliberately ignoring what's obvious.

1    So, ladies and gentlemen, you may find that a

2  defendant knew that a location was being used for unlawful

3  drug activity based upon the evidence which proves that he or

4  she was aware of a high probability of this fact and he or she

5  was consciously and deliberately -- he or she consciously and

6  deliberately tried to avoid learning about the fact.

7    You may not find that the defendant knew that the

8  apartment was used for unlawful drug activity if you find that

9  the defendant actually believed that the fact did not exist.

10  Also, you may not find the defendant knew that the drug

11  activity at the location was going on if you find only that

12  the defendant should have known the fact or that a reasonable

13  person would have known of a high probability of the fact.

14    It's not enough that the defendant may have been

15  stupid or foolish or may have acted out of inadvertence or

16  accident.  You must find that the defendant act -- was

17  actually aware of a high probability of the use of the

18  apartment for drug activity, deliberately avoided learning

19  about it and did not actually believe that that fact did

20  exist.

21    Ladies and gentlemen, those are the elements of the

22  crime of managing or using an -- the apartment or house for

23  drug activity, managing and controlling a storage facility.

24  If the Government has established those elements beyond a

25  reasonable doubt then you should find the defendant guilty of

1    that crime.  If the Government has not established those

2    elements beyond a reasonable doubt then you must find the

3    defendant not guilty of that crime.

4          A few minutes ago I indicated to you that your eyes

5    had not glazed over yet.  I think you -- we've reached that

6    point so we're going to recess at this time for about ten

7    minutes, we'll let you go out, relax.  When you come back I

8    will attempt to finish these instructions before we close for

9    the day.

10          (Recess taken, 3:27 p.m. to 3:48 p.m.)

11          THE COURT:  Okay.  Ladies and gentlemen, have a

12    seat.

13          Ladies and gentlemen, I had planned on forging

14    forward and giving you the rest of the instructions with

15    regard to the law.  However, Mr. Finney advised me that I may

16    have a mutiny on my hands if I push this matter much further.

17          The fact is I've talked to counsel about the

18    situation at this point.  We have quite a bit to cover to give

19    you the rest of the instructions.  As you could -- can expect

20    you knew what the charges are and you can anticipate that it's

21    going to take a significant period of time to -- to get

22    through that.

23          What I'm going to do -- what I've decided to do is

24    to recess and there's two reasons for that.  I -- I would

25    normally just go ahead and get as much done as we could, but

1    the weather outside is not good and some of you have distances

2    to travel.

3           So counsel have all agreed that it makes sense to

4    recess at this point, to bring you back on Monday morning to

5    finish the charge on Monday morning.  And then you will have

6    the balance of the day to begin your deliberations and I think

7    that makes sense under all the circumstances.

8           So we are going to recess at this point.  I want to

9    caution you and it's -- and it's particularly important at

10   this point.  You have heard all of the evidence and testimony

11   in this case, you've heard a little more than half of the

12   charge in this matter.  It would be absolutely inappropriate

13   for you to talk to anybody about this case at all at this

14   juncture.

15          Now, I've cautioned you every time you've left that

16   jury box not to talk, but I'm telling you now it is a -- it is

17   an instruction that I want you to follow without question.

18   Don't talk to anybody about this case, don't let anyone talk

19   to you about it, don't do any independent investigation.

20          Take the matter as it's presented here and Monday we

21   will give you the balance of the instructions and you will

22   have this case to deliberate and you will have as much time as

23   you need to reach a fair decision in this matter.

24          With that we will recess.  We'll see you on Monday.

25   Drive carefully on the way home.

1        (Requested portion concluded at 3:49 p.m.)

2

3

4

5                    **C E R T I F I C A T I O N**

6

7            We, Diana Doman and Joan Pace, court approved

8    transcribers, certify that the foregoing is a correct

9    transcript from the official electronic sound recording of the

10    proceedings in the above-entitled matter.

11

12    _Diana Doman_

13    DIANA DOMAN

14    _Joan Pace_                    April 21, 2008

15    JOAN PACE

16    DIANA DOMAN TRANSCRIBING

17

18

19

20

21

22

23

24