UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Philadelphia, PA |
| | ) | CR-05-440 |
| vs. | ) | |
| | ) | March 3, 2008 |
| ALTON COLES a/k/a NASEEM COLES, | ) | |
| et al., | ) | |
| | ) | |
| Defendant. | ) | |

TRANSCRIPT OF TRIAL
BEFORE THE HONORABLE R. BARCLAY SURRICK
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Government:        MICHAEL J. BRESNICK, ESQUIRE
                          RICHARD A. LLORET, ESQUIRE
                          U.S. ATTORNEY'S OFFICE
                          615 Chestnut Street, Suite 1250
                          Philadelphia, PA 19106

For the Defendant:         CHRISTOPHER D. WARREN, ESQUIRE
Alton Coles               Law Office of Christopher Warren
                          1500 Walnut Street
                          Philadelphia, PA 19102

For the Defendant:         EMILY CHERNIACK, JR., ESQUIRE
Timothy Baukman           Law Office of Jack McMahon
                          1500 Walnut Street, Suite 900
                          Philadelphia, PA 19102


Audio Operator            INNA GOLDSHTEYN

Transcribed by:           DIANA DOMAN TRANSCRIBING
                          P.O. Box 129
                          Gibbsboro, New Jersey 08026-129
                          (856) 435-7172
                          FAX:  (856) 435-7124
                          Email:  Dianadoman@comcast.net


Proceedings recorded by electronic sound recording; transcript
produced by transcription service




(Appearances continued)

For the Defendant:                    LAURENCE HARMELIN, ESQUIRE
Monique Pullins                       P.O.  Box 3574
                                      Westchester, PA  19381


For the Defendant:                    RONALD A. SMITH, ESQUIRE
Asya Richardson                       Ronald A. Smith and Associates
                                      1617 JFK Boulevard, Suite 1240
                                      Philadelphia, PA  19103


For the Defendant:                    PAUL J. HETZNECKER, ESQUIRE
Thais Thompson                        1420 Walnut Street, Suite 911
                                      Philadelphia, PA  19102


For the Defendant:                    RONALD THOMPSON, ESQUIRE
James Morris                          3002 Lincoln Drive
                                      Suite J
                                      Marlton, NJ 08053

                                      WAYNE POWELL, ESQUIRE
                                      811 Church Road
                                      101 Parragon Building
                                      Cherry Hill, NJ 08002

3

1                          I N D E X

2                              PAGE

3      Jury Note #1              7

4      Jury Note #2              10

5

Colloquy                                    4

1          (Court in Session)

2                THE CLERK:  ...R. Barclay Surrick presiding.

3                THE COURT:  Good morning.  Have a seat.

4                COUNSEL:  Good morning, Judge.

5                MR. WARREN:  Good morning, Judge.

6                MR. LLORET:  Good morning, Your Honor.

7                THE COURT:  All right.  Counsel, on Friday after we

8     recessed, I received a supplemental objection to instructions

9     from Mr. McMahon.

10               MS. CHERNIACK:  That's correct, Your Honor.

11               THE COURT:  All right.  I want to deal with at this

12    point.  First of all, you have requested that I instruct the

13    jury that each individual defendant must be found guilty of

14    each individual element of the crime.  I have already

15    instructed the jury in that regard.  I don't know that it's

16    necessary at this juncture to repeat that instruction.

17               MS. CHERNIACK:  Your Honor, I was just asking for a

18    more straightforward, simple instruction.  I think it was in

19    there, but it was combined with the other elements of your

20    response.  So that's why we requested a clarification

21    instruction on that.

22               THE COURT:  I think I specifically requested at the

23    end of Friday after I talked to the jury that they -- if they

24    had any concern about the answer that I had given, the

25    instruction I had given, that they should communicate with the

1    Court and we would attempt to clarify the situation.  I think

2    we have not heard anything.  Evidently, the instruction must

3    have satisfied their needs.

4           I don't intend to go back and tell them again that

5    the defendants need -- the Government needs to prove each

6    element against each defendant.  It's already been said.

7           You have also requested that I tell the jury that the

8    defendants must have been directly managed, organized, or

9    supervised.  You haven't cited any authority for that, and

10   quite frankly, all the law that I've been able to find seems to

11   go in the other direction.

12          MS. CHERNIACK:  Your Honor, Mr. McMahon did cite a

13   case previously in this case, United States v. Echevarria, I

14   believe, at the end of the trial, and the reason I asked for

15   this instruction is that I believe that it's correct in that

16   when we talk about a corrupt organization, the jury must find

17   that the individual managed -- had an agreement between five or

18   others to manage, organize, or supervise.  I don't think it's

19   sufficient.  I know that the Government cited an example of Ray

20   Crock (phonetic) and McDonalds and that just having Ray Crock

21   as the head was sufficient enough to have an organization, but

22   the law seems to indicate and in Echevarria, it's very clear

23   that even if a defendant hires three people and then the three

24   people go out and hire more people under them, that's not

25   sufficient to prove a corrupt organization.  There has to be an

Colloquy                                    6

1    agreement between all the individuals that they're -- that the

2    defendant is the head of that organization.

3            THE COURT:  Well, that is the next request that you

4    made, that I tell the jury that also.  Mr. Lloret, do you have

5    anything you want to say at this juncture, or Mr. Bresnick.

6            MR. LLORET:  Bresnick, Your Honor.

7            MR .BRESNICK:  Yeah.  Your Honor, it's been -- been a

8    couple of weeks since I read that case, <u>Echevarria</u>, but it has

9    nothing to do with what is at issue here.  As I recall,

10   Your Honor, the issue there was whether the Court needed to

11   provide a special interrogatory with respect to unanimity of

12   the -- the various acts, the criminal acts that the defendant

13   and others needed to have committed, but it has nothing to --

14   to do with the issue here, Your Honor.

15           THE COURT:  All right.  Well, any -- any other

16   comment?  All right.  I'm going to deny the request.  I think

17   that, frankly, the law -- they do not state the law as it

18   presently exists in this circuit, and I think the jury has been

19   adequately instructed with regard to the crime of a continuing

20   criminal enterprise.

21           If they come back with any questions, we will talk

22   about them, and we will address them, but at this juncture, the

23   requests that you have made are denied.  All right?

24           MS. CHERNIACK:  Thank you, Your Honor.

25           MR. LLORET:  Very well, Your Honor.

Colloquy                                        7

1          THE COURT:  Counsel, anything else?

2          MR. WARREN:  No, sir.

3    .     MR. LLORET:  Nothing further.

4          THE COURT:  All right.

5                    (Recess)

6          THE COURT:  ...continue to deliberate and see whether

7    they can't resolve their differences, and then we will see

8    where it goes from there.

9          The note itself seems to indicate that they have

10   agreed on all but these two counts, and I'm going to indicate

11   to them that I'm assuming that that's what they have said, and

12   if that's not correct, that they should let me know so that we

13   have some sense of whether this is just one --

14         COUNSEL:  I don't have a problem with that,

15   Your Honor.

16         THE COURT:  Any problems?

17         COUNSEL:  No, Your Honor.

18         MR. LLORET:  No objection, Your Honor.

19         COUNSEL:  I'm good.

20         MR. HARMELIN:  Well, I hate to be a stick in the mud.

21   I was just wondering whether it was possible for them, if they

22   are deadlocked on these two, for them to give a verdict as to

23   the other 98 counts.

24         THE COURT:  Well, it is possible for them to do that,

25   but I think at this juncture, we'll let them go back and see

1    whether they can resolve the impasse here, and if they can't,

2    then we'll consider that approach.

3              MR. HARMELIN:  Thank you, Your Honor.

4              THE COURT:  Okay.   All right, Mr. Finney.

5                        (Pause)

6              MR. WARREN:  Your Honor, can we bring the defendants

7    in?

8              MR. FINNEY:  Is that all right, Your Honor?

9              MR. WARREN:  Yeah.  Yeah.

10             THE COURT:  Yes.

11             MR. WARREN:  Go.  Go.

12             THE COURT:  Stop him.  I think this trial has been

13   too long for Mr. Finney.

14             MR. LLORET:  He's anxious, Your Honor, anxious to

15   move it along.  Next he'll dispense with the attorneys too and

16   really move it along.

17             MR. WARREN:  Without objection, Judge.

18             MR. LLORET:  Your Honor -- is Your Honor intention to

19   give the charge under Fiovoranti, the Third Circuit sort of

20   modified Allen charge or --

21             THE COURT:  That's what I essentially intend to do.

22   Yeah.

23             MR. LLORET:  Thank you, Your Honor.

24             MR. WARREN:  That's fine, Judge.  Which you already

25   charged them on already, by the way, but --

Colloquy                                          9

1          MR. LLORET:  Yeah.  It's in the -- it's in the

2    beginning instruction.

3          MR. WARREN:  Yeah.

4                      (Pause)

5          THE CLERK:  Please rise.

6          THE COURT:  Okay.  Have a seat, ladies and gentlemen.

7    Ladies and gentlemen, you sent me a note which indicates that

8    you are unable to reach a verdict on Count 79 and Count 80.  I

9    assume based upon that note that you have reached agreement on

10   the other counts.  If that is not so, please let me know.

11   Okay?

12         Ladies and gentlemen, you've worked long and you've

13   worked hard on this case.  I'm going to ask you to work a

14   little while longer.

15         When you go out, I'm going to send you back out and

16   ask you to continue your deliberation, and when you go out,

17   ladies and gentlemen, you have a duty to consult with each

18   other with a view towards reaching an agreement if it can be

19   done without doing violence to your own individual judgment.

20         Ladies and gentlemen, each of you has to decide this

21   case for yourselves but only after a full and a complete and a

22   thorough deliberation with your fellow jurors.  If during the

23   course of your deliberation you become convinced that a

24   position that you've taken lacks merit or it lacks validity,

25   then mature judgment requires that you back off of that

1    position.  However, no juror is required to surrender an honest

2    conviction as to the weight or the effect of evidence simply

3    because of the views of fellow jurors or for the mere purpose

4    of returning a verdict.

5           So, ladies and gentlemen, having said that to you,

6    I'm going to ask you to go back out.  I'm going to ask you to

7    continue to discuss this case among yourselves to see whether

8    or not you can reach agreement in this case.  All right?

9           Mr. Finney, will you take the jury out?

10          THE CLERK:  Please rise.

11                    (Jury out)

12          THE COURT:  Counsel, anything further?

13          MR. WARREN:  No, sir.

14          MR. LLORET:  No, sir.

15          THE COURT:  Okay.  Well, we'll see what happens

16   between now and five o'clock.

17          MR. LLORET:  Very well, Your Honor.

18                    (Recess)

19          THE COURT:  ...that they want to see or hear DC10.

20          MR. WARREN:  Judge, I have the transcript here with

21   me.  The session -- the session number, I don't believe the

22   Government has the actual conversation here.  I think we're

23   going to have to play it for them tomorrow morning, or one of

24   the other options is if the Government -- and I only played

25   four pages of this.  It wasn't the entire conversation.  I

1    think one of the other options is the Government could probably

2    burn the four pages worth of conversation that I played onto a

3    disk and we could give the jury the disk, whatever the Court

4    wants to do.

5              THE COURT:  Well, can you do that, Mr. Lloret?

6              MR. LLORET:  We can --

7              THE COURT:  I mean not you.

8              MR. LLORET:  Yeah.  I'm accused by the staff of

9    always volunteering that we can do things, and then I found out

10   if we can really do it, but I think we can do this.

11             THE COURT:  Okay.

12             MR. LLORET:  So --

13             THE COURT:  Well, then what I'll do is bring the jury

14   back.  It's five o'clock.  Tell them be back tomorrow and tell

15   them that we will arrange to have DC10 available for them to

16   listen to.

17             MR. LLORET:  And, Your Honor, if that proves too

18   difficult, we obviously will have the computer here in the

19   morning.  We can just play it to them.

20             MR. WARREN:  And it's short, Judge.  Like I said, it

21   was just four conversation that I played.  I didn't play the

22   rest of the conversation.  So I think it's what, three, four

23   minutes tops, something.

24             MR. LLORET:  Yeah.  I think we should be fine.

25             MR. WARREN:  The Big Richard conversations.

Colloquy                                    12

1        MR. LLORET:  Yes.

2        THE COURT:  All right.

3        MR. SMITH:  Your Honor, that's going to be played for

4   them here or played for them back there?

5        THE COURT:  Well --

6        MR. WARREN:  You put it on disk --

7        THE COURT:  -- they have -- if we can have a disk so

8   that they can take it back, we will let them do it back there.

9        MR. SMITH:  Yeah.  The only reason I asked,

10  Your Honor, with all due respect, I have to be -- I know I'm

11  here, but if there is somewhere I had to be tomorrow.  I was

12  hoping that it would be back there and then come right over

13  here.

14       THE COURT:  Well, let's solve that problem right now.

15  What -- Mr. Lloret --

16       MR. LLORET:  Yes, Your Honor.

17       THE COURT:  -- have you talked to your people?  Do

18  you know whether you're going to be able to do this?

19       MR. LLORET:  I don't know for certain, because I

20  haven't talked to the computer people, but we've done this --

21  things like this before, and I don't imagine it's a problem

22  unless I don't have a computer person there tonight to do it.

23  They're usually in at 9:00 in the morning.  So it shouldn't

24  take very long to do.

25       THE COURT:  Because the -- I'm concerned if Mr. Smith

Colloquy                                                13

1    has got a commitment elsewhere.  I can require him to be here

2    on the one hand.  On the other hand, it may not be necessary,

3    and I just want to --

4              MR. LLORET:  Well, Your Honor, why don't we say this,

5    Your Honor?  I will call now, make sure that we can get this

6    done by 9:30 tomorrow morning, and I will advise chambers.

7    I'll advise Mr. Finney.  He can then be in touch, or do you

8    want to have this resolved as we speak?  I can make a call

9    right this moment.

10             THE COURT:  Why don't you make the call now --

11             MR. LLORET:  Okay.

12             THE COURT:  -- and then we know whether Mr. Smith is

13   going to be here tomorrow morning.

14             MR. LLORET:  Very good.  Will Your Honor excuse me

15   for a moment?

16             MR. SMITH:  Thank you.  I appreciate that courtesy.

17                       (Recess)

18             THE CLERK:  Court is in session.

19             THE COURT:  All right.

20             MR. LLORET:  Yes, Your Honor.  We -- we called back.

21   The computer folks are fine.  They'll make the disk, and we'll

22   have it tomorrow morning whenever the Court directs.  9:15?

23             THE COURT:  And it can go back with the jury --

24             MR. LLORET:  Yes.

25             THE COURT:  -- like the others?

Colloquy                                    14

1        MR. LLORET:  Yes, Your Honor.  Same -- we'll put it

2   on a CD and they can put it back -- they can bring it back

3   there.

4        MR. WARREN:  Probably going to be the only

5   conversation on the disk, I would imagine.

6        MR. LLORET:  That will be correct.

7        MR. WARREN:  Shouldn't be hard to find then, Judge.

8        MR. LLORET:  Right.

9        THE COURT:  Okay.  Well, then we'll go ahead and do

10  it that way, and counsel, you are on call tomorrow, 15 minutes

11  again, except those of you from West Chester and New Jersey.

12       MR. LLORET:  And, Your Honor, I'll just deliver that

13  disk to Mr. Finney tomorrow morning.

14       THE COURT:  Yes.  Deliver it to Mr. Finney.

15       MR. LLORET:  And I'll copy it.

16       MR. WARREN:  I have no objection if Mr. Finney

17  provides it to the jury without me being present or my client

18  being present, and I don't think any other counsel object

19  either, Judge.

20       COUNSEL:  No.

21       COUNSEL:  No.

22       THE COURT:  All right.  If there is no objection,

23  then you can give it to Mr. Finney, and Mr. Finney will give it

24  to the jury first thing in the morning.

25       MR. LLORET:  Very well, Your Honor.

1        THE COURT:  Okay.  Mr. Finney, you want to bring them

2    in?

3                         (Pause)

4        THE CLERK:  Please rise.

5                        (Jury in)

6        THE COURT:  Okay.  Have a seat, ladies and gentlemen.

7    Ladies and gentlemen, it's five -- after five o'clock.  So

8    we're going to recess.  Before we do that, however, you have

9    sent a note out to me asking for exhibit DC10.  We are going to

10   make arrangements to have that for you in the morning.  When

11   you come back tomorrow morning, we will give it to you, and you

12   can play it in the jury room.  Okay?

13       Now, I'm going to ask you to be back tomorrow at

14   9:15.  Again, I want to caution you --

15       THE CLERK:  Excuse me, Judge.  Should I get the

16   alternates?

17       THE COURT:  Are they in your chambers?

18       THE CLERK:  Yes, they are.

19       THE COURT:  In his chambers.  Might as well have a

20   chambers.

21                         (Pause)

22       THE CLERK:  Please remain seated.

23                 (Alternate Jurors Enter)

24       THE COURT:  Okay.  Ladies and gentlemen, I was saying

25   it's after 5:00.  We're going to recess for the day.  I'm going

1    to ask everyone to be back tomorrow at 9:15 ready to go.

2              Again, I caution you, don't talk to anybody about

3    this case.  Don't let anyone talk to you.  Don't talk among

4    yourselves.  Those 12 of you, wait until you get in the jury

5    room tomorrow morning at 9:15, and then you can begin your

6    deliberations.

7              Alternate jurors, you're cautioned not to discuss the

8    case among yourselves also.  Okay?

9              Don't do any independent investigation.  Maybe I

10   ought to put this on a disk.  Don't read about it.  Don't

11   listen to anything about this case.  You are coming down the

12   home stretch.  Live up to your oath.  All right?

13             We will see you tomorrow at 9:15.

14             THE CLERK:  Please rise.

15                       (Jury out)

16             THE COURT:  Okay.  Have a seat, counsel.  The

17   foreperson of the jury gave Mr. Finney a note before leaving.

18   "Can we please see the letter that Alton Coles wrote to Asya

19   from jail referencing the sales, dollars from the clubs?"

20             MR. WARREN:  Government exhibit.

21             MR. LLORET:  Yes, Your Honor.  That's --

22             THE COURT:  I'm trying to remember what number that

23   is.

24             MR. LLORET:  It's 1200, Your Honor.

25             THE COURT:  1200?

Colloquy                                    17

1          MR. LLORET:  We'll -- we'll bring a copy in the

2    morning --

3          THE COURT:  Okay.

4          MR. LLORET:  -- to Mr. Finney.

5          THE COURT:  Any problem, counsel, with sending that

6    out?

7          MR. WARREN:  No, Judge.  I think it can be delivered

8    in the same package along with the disk that has the

9    conversation on it.  Sounds good to me --

10          THE COURT:  All right.

11          MR. WARREN:  -- unless, of course, counsel want to be

12    present when you hand it to them.

13          THE COURT:  All right.  No objection.  That's what

14    we'll do.  We'll send it out along with the disk.

15          MR. LLORET:  Your Honor, Agent Armstrong indicates I

16    think that that letter is actually -- we put that into the

17    boxes, because that was one of the things that Agent Armstrong

18    had considered.  So that may be back in the jury room already.

19          MR. BRESNICK:  Just get another copy.

20          MR. LLORET:   If Mr. -- we'll give them another copy.

21          THE COURT:  If you have a copy --

22          MR. LLORET:  Yes.

23          THE COURT:  -- bring the copy over tomorrow.

24          MR. LLORET:  That's fine.

25          THE COURT:  Okay?  All right.  Gentlemen, we'll see

Colloquy                                        18

1    you tomorrow.

2              MR. HARMELIN:  Your Honor, you want counsel here at

3    9:30?

4              THE COURT:  Yeah.  9:00 -- yeah.

5              MR. WARREN:  No.  15 minutes notice except for you.

6              MR. HARMELIN:  No.  No.  I was talking about --

7              THE COURT:  You're on 15-minute call, and counsel

8    from West Chester and New Jersey, you can be here at ten

9    o'clock.

10             MR HARMELIN:  10:00.  Great.  Thank you, sir.

11                      (Court Adjourned)

12                       *  *  *  *  *

13                  C E R T I F I C A T I O N

14        I, Maureen Emmons, court approved transcriber,

15    certify that the foregoing is a correct transcript from the

16    official electronic sound recording of the proceedings in the

17    above-entitled matter.

18

19    _Maureen Emmons_                 Date: 04/21/08

20    MAUREEN EMMONS

21    DIANA DOMAN TRANSCRIBING