5/22/2008   IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| v. | : | CRIMINAL NO. 05-440-1 |
| | : | |
| ALTON COLES | : | |

**GOVERNMENT'S MOTION FOR**
**JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, Laurie Magid, Acting United States Attorney for the Eastern District of Pennsylvania, J. Alvin Stout, III and Richard A. Lloret, Assistant United States Attorneys, respectfully requests entry of a judgment and preliminary order of forfeiture, and in support of this motion, the United States represents as follows:

1. The Notice of Forfeiture in the Fifth Superseding Indictment alleged that the defendant's interest in certain property was forfeitable as a result of the offenses charged in Counts 1, 2, 38, 40-56, 59-62, 68-72, 77-88, 176, 181-184.

2. On February 4, 2008, the defendant was convicted of Counts 1, 2, 38, 40, 41, 43, 45-55, 59-62, 68-72, 77-86, and 176, charging violations of conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 846; continuing criminal enterprise, in violation of 21 U.S.C. § 848(a), (b); using a telephone to facilitate the distribution of cocaine or cocaine base ("crack"), in violation of 21 U.S.C. § 843(b); distribution and possession with intent to distribute cocaine or cocaine base ("crack"), in violation of 21 U.S.C. § 841; possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), (2); maintaining a drug storage facility, in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2; possession of a firearm in furtherance of a drug trafficking crime, in violation

of 18 U.S.C. § 924(c)(1), (2); money laundering conspiracy, in violation of 18 U.S.C. § 1956(h); money laundering with the intent to conceal or disguise proceeds of drug trafficking, in violation of 18 U.S.C. § 1956(a)(1)(B)(I); structuring, in violation of 31 U.S.C. § 5324(a)(3); and investing drug income in an interstate enterprise, in violation of 21 U.S.C. § 854;.

    3. As a result of these convictions, the defendant is required, pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853 and 28 U.S.C. § 2461(c) to criminally forfeit his interest in any property, real or personal: which is involved in or traceable to offenses involving 31 U.S.C. §5324 and 18 U.S.C. §1956, as charged in Counts 77-86; constitutes or is derived from any proceeds obtained, directly or indirectly as a result of a violation of 21 U.S.C. §§ 841, 846, 848(a), (b), 843(b), 854, 856(a)(2), of the United States Code punishable by more than a year, as charged in Counts 1, 2, 38, 40, 43, 45-55, 61, 62, 176; as well as any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation, as charged in Counts 1, 2, 38, 40-55, 61, 62, 68, 70, 72, 176.

    4. Based upon evidence presented at the trial of this matter, as well as any additional evidence to be presented at sentencing, the government avers that the following property is subject to forfeiture as a result of the defendant's convictions of the illegal acts alleged in the Fifth Superseding Indictment, and that the government has established the requisite nexus between such property and such offenses:

    a.    The sum of $25,200,000 U.S. currency (Forfeiture Money Judgment).

    b.    A Baikal, Model IJ-70, .380 caliber semi-automatic pistol, serial number A013845, loaded with four live rounds of ammunition;

    c.    A Ruger, Model GP100, .357 caliber revolver, serial number 1790-73433, loaded with six live rounds of ammunition;

    d.    A Ruger, Model P93DC, 9 millimeter pistol, serial number 306-01790,

loaded with 12 live rounds of ammunition;

e. A Radom, Model 35, caliber 9 millimeter, semi-automatic pistol, serial number A8512;

f. A Baretta, caliber 9 millimeter, semi-automatic pistol, serial number 082733MC, loaded with seven rounds of live ammunition;

g. A silver and black Smith & Wesson 9 millimeter semi-automatic handgun, serial number TEU8998, loaded with four rounds of live ammunition;

h. A Glock, Model 23, caliber .40 Smith & Wesson, semi-automatic pistol, serial number AFB794US loaded with 9 rounds of live ammunition;

I. Ingram 9 millimeter semi-automatic handgun, Model M11, serial number 85-0006193, loaded with 29 live rounds of 9 millimeter ammunition;

j. Full Metal Jacket 9 millimeter semi-automatic handgun, Model CM-11, serial number obliterated, loaded with 30 live rounds of 9 millimeter ammunition;

k. Taurus .38 caliber revolver, Model 85, serial number SE28453, loaded with 5 live rounds of .38 caliber ammunition;

l. Smith & Wesson 9 millimeter semi-automatic handgun, Model 910, serial number VKN4799, loaded with 10 live rounds of ammunition;

m. Auto Ordnance .45 caliber semi-automatic handgun, Model 1911 A1, serial number AOC43338, loaded with seven live rounds of ammunition;

n. .223 caliber Ruger rifle, Model Mini-14, serial number 186-76850;

o. Mossberg 12-gauge shotgun, Model 500A, serial number P219487, and two 12-gauge rounds of live ammunition;

p. 9 millimeter Hi-Point rifle, Model 995, serial number A80874, loaded with 10 live rounds of 9 millimeter ammunition;

q. 9 millimeter Intratec semi-automatic handgun, Model Tec-DC9, serial number obliterated;

r. 9 millimeter Leinad semi-automatic handgun, serial number 94-0019957, and a magazine containing 32 live rounds of 9 millimeter

ammunition;

s. .22 caliber Stoeger Arms semi-automatic handgun, Model .22 caliber Luger, serial number 31336, loaded with 11 live rounds of .22 caliber ammunition;

t. .357 Dan Wesson handgun, Model .357 Magnum revolver, serial number 27755, loaded with six live rounds of ammunition;

u. 9 millimeter Smith & Wesson semi-automatic handgun, Model SW9M, serial number KAA2149;

v. .22 magnum Davis Industries handgun, Model DW-22, serial number 210164, and one live round of .22 caliber ammunition;

w. 9 millimeter Feg semi-automatic handgun, Model PJK-9HP, serial number B92735, loaded with 2 live rounds of 9 millimeter ammunition;

x. Glock 9 millimeter semi-automatic handgun, Model 19, serial number GM253US, loaded with 16 live rounds of 9 millimeter ammunition;

y. 377 additional live rounds of 9 millimeter ammunition;

z. 6 additional live rounds of .357 ammunition; and

aa. 1 additional live round of .22 caliber ammunition;

bb. One Jennings, Model Jennings Nine, nine millimeter semi-auto pistol, serial number 1312329, with three live rounds of ammunition;

cc. One Jennings, Model 38, .32 semi-automatic pistol, serial number 1172210;

dd. One Dan Wesson Arms, Model F-Arms, .357 magnum revolver, serial number 304533, with five live rounds of ammunition;

ee. One Norinco, Model 1911A1, .45 semi-auto pistol, s/n 618962, with eight rounds of ammunition;

ff. One Mossberg, Model 500A, 12 gauge shotgun, s/n L606196, with six live rounds of ammunition;

gg. One Sturm Roger empty magazine;

hh. One box of 50 Federal .22 caliber cartridges;

ii. One box of UMC .40 caliber S&W, with nine rounds of ammunition;

jj. One box of Remington 12 gauge shot gun shells, with 12 shells;

kk. One box of Federal .22 caliber, with 38 cartridges;

ll. One magazine containing seven .32 caliber cartridges;

mm. One empty Glock gun box, for a Glock, Model 32, .357 caliber, serial number E MM544US;

nn. One box of Speer .357 Sig ammunition, containing 29 cartridges;

oo. One box, UMC .25 Auto ammunition, containing 41 cartridges;

pp. One box, American Eagle .380 Auto ammunition, containing 11 cartridges.

qq. 2001 Mercedes S430, TAG EYA4091, VIN# WDBNG70591A220346

rr. 1999 Bently, NJ Tag PJZ-90F, Vin# SCBLB51E8XCX02819

ss. 2000 Ford Excursion, Nin# 1EMNU41S1Y3A6

tt. $162,262.86 U.S. currency, representing the amount used and invested in Count 176

uu. $114,780 U.S. currency seized in 292 Mannington Road, Woodstown NJ, on or about August 10, 2005

vv. $160 U.S. currency seized in 117 Dillons Lane, Mullicah Hill, NJ

ww. $229,900 U.S. currency, located in a safety deposit box in Woodstown, Salem County NJ

xx. 117 Dillon's Lane, Mullica Hill, NJ or approximately or $490,000 U.S. currency, being the gross proceeds of its sale

yy. 292 Mannington-Yorktown Road, Woodstown, NJ

zz. 2079 East Somerset Street, Philadelphia, PA

aaa. 118 South 46th Street, Philadelphia

bbb. 5744 Tackawanna Street, Philadelphia.

5. The government further request that, as a result of the offenses for which the defendant has been convicted, a money judgment in the amount of $25,200,000 be entered against the defendant, this sum representing the amount constituting or derived from any proceeds obtained directly or indirectly from such offenses. See United States v. Vampire Nation, 451 F.3rd 189, 202-202 (3rd Cir. 2006) (an in personam forfeiture money judgment may be entered against the defendant for the full amount of the criminal proceeds); United States v. Voigt, 89 F.3rd 1050, 1084, 1088 (3rd Cir. 1996) (government entitled to personal money judgment against defendant equal to amount of funds forfeitable).

For the reasons stated above, the government requests that this Court enter the attached Judgement and Preliminary Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, and on any person known to have an interest in the forfeited property, in addition to service upon their attorneys, if they are represented..

Respectfully submitted,

LAURIE MAGID
Acting United States Attorney

J. ALVIN STOUT, III
Assistant United States Attorney
Chief, Asset Forfeiture

RICHARD A. LLORET
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Judgement and Preliminary Order of Forfeiture, and Judgment and Preliminary Order of Forfeiture was served by electronic filing and U.S. First Class mail, upon the following:

>Christopher D. Warren
>1500 Walnut Avenue
>Suite 1500
>Philadelphia, PA 19102

>/s/ _Richard A. Lloret_
>RICHARD A. LLORET

Dated: July 31, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :
                             :
    v.                       :     CRIMINAL NO. 05-440-1
                             :
ALTON COLES                  :

### JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty verdict on Counts 1, 2, 38, 40, 41, 43, 45-55, 59-62, 68-72, 77-86, and 176 of the Indictment, charging violations of 21 U.S.C. §§ 846. 848(a), (b), 854, 843(b), 846(a)(2), 841; 18 U.S.C. §§ 924(c)(1), 922(g)(1), 1956(h), (a)(1)(B)(I); and 31 U.S.C. §324(a)(3), for which the Government sought forfeiture pursuant to 18 U.S.C. §982, 21 U.S.C. §853 and 28 U.S.C. § 2461(c) the defendant hereby forfeits to the United States all his right, title and interest in any property, real or personal:

   a. involved in or traceable to violations of 31 U.S.C. § 5324 and 18 U.S.C. §1956 as charged in Counts 77-86.

   b. constituting, or derived from, proceeds/gross proceeds the defendant obtained directly or indirectly, as the result of violations of 21 U.S.C. §§ 841, 846, 848(a), (b), 843(b), 854, 856(a)(2), punishable by more than a year, as charged in Counts 1, 2, 38, 40, 43, 45-55, 61, 62, 176.

   c. used or intended to be used in any manner or part to commit or facilitate the commission of the violations of 21 U.S.C. §§ 841, 846, 848(a), (b), 843(b), 854, 856(a)(2) as charged in Counts 1, 2, 38, 40-55, 61, 62, 68, 70, 72, and 176.

2. The Court has determined, based on the evidence presented during the trial and

sentencing, that the following property is subject to forfeiture as a result of defendant's conviction of the illegal acts alleged in Counts 1, 2, 38, 40, 41, 43, 45-55, 59-62, 68-72, 77-86, 176 of the Fifth Superseding Indictment, and that the government has established the requisite nexus between such property and such offenses. The defendant's interest in the following specific properties is forfeited to the United States:

I. <u>Personal Forfeiture Money Judgment</u>

    a. **A personal forfeiture money judgment in the amount of $25,200,000 is entered against the defendant in favor of the United States for which defendant is jointly and severally liable, the Court finding that this amount represents the value of the property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses of conviction.**

II. <u>Specific Properties Subject to Forfeiture</u>

    a. A Baikal, Model IJ-70, .380 caliber semi-automatic pistol, serial number A013845, loaded with four live rounds of ammunition;

    b. A Ruger, Model GP100, .357 caliber revolver, serial number 1790-73433, loaded with six live rounds of ammunition;

    c. A Ruger, Model P93DC, 9 millimeter pistol, serial number 306-01790, loaded with 12 live rounds of ammunition;

    d. A Radom, Model 35, caliber 9 millimeter, semi-automatic pistol, serial number A8512;

    e. A Baretta, caliber 9 millimeter, semi-automatic pistol, serial number 082733MC, loaded with seven rounds of live ammunition;

    f. A silver and black Smith & Wesson 9 millimeter semi-automatic handgun, serial number TEU8998, loaded with four rounds of live ammunition;

    g. A Glock, Model 23, caliber .40 Smith & Wesson, semi-automatic pistol, serial number AFB794US loaded with 9 rounds of live ammunition;

h.  Ingram 9 millimeter semi-automatic handgun, Model M11, serial number 85-0006193, loaded with 29 live rounds of 9 millimeter ammunition;

I.  Full Metal Jacket 9 millimeter semi-automatic handgun, Model CM-11, serial number obliterated, loaded with 30 live rounds of 9 millimeter ammunition;

j.  Taurus .38 caliber revolver, Model 85, serial number SE28453, loaded with 5 live rounds of .38 caliber ammunition;

k.  Smith & Wesson 9 millimeter semi-automatic handgun, Model 910, serial number VKN4799, loaded with 10 live rounds of ammunition;

l.  Auto Ordnance .45 caliber semi-automatic handgun, Model 1911 A1, serial number AOC43338, loaded with seven live rounds of ammunition;

m.  .223 caliber Ruger rifle, Model Mini-14, serial number 186-76850;

n.  Mossberg 12-gauge shotgun, Model 500A, serial number P219487, and two 12-gauge rounds of live ammunition;

o.  9 millimeter Hi-Point rifle, Model 995, serial number A80874, loaded with 10 live rounds of 9 millimeter ammunition;

p.  9 millimeter Intratec semi-automatic handgun, Model Tec-DC9, serial number obliterated;

q.  9 millimeter Leinad semi-automatic handgun, serial number 94-0019957, and a magazine containing 32 live rounds of 9 millimeter ammunition;

r.  .22 caliber Stoeger Arms semi-automatic handgun, Model .22 caliber Luger, serial number 31336, loaded with 11 live rounds of .22 caliber ammunition;

s.  .357 Dan Wesson handgun, Model .357 Magnum revolver, serial number 27755, loaded with six live rounds of ammunition;

t.  9 millimeter Smith & Wesson semi-automatic handgun, Model SW9M, serial number KAA2149;

u.  .22 magnum Davis Industries handgun, Model DW-22, serial number 210164, and one live round of .22 caliber ammunition;

v.  9 millimeter Feg semi-automatic handgun, Model PJK-9HP, serial number B92735, loaded with 2 live rounds of 9 millimeter ammunition;

w.  Glock 9 millimeter semi-automatic handgun, Model 19, serial number GM253US, loaded with 16 live rounds of 9 millimeter ammunition;

x.  377 additional live rounds of 9 millimeter ammunition;

y. 6 additional live rounds of .357 ammunition; and

z. 1 additional live round of .22 caliber ammunition;

aa. One Jennings, Model Jennings Nine, nine millimeter semi-auto pistol, serial number 1312329, with three live rounds of ammunition;

bb. One Jennings, Model 38, .32 semi-automatic pistol, serial number 1172210;

cc. One Dan Wesson Arms, Model F-Arms, .357 magnum revolver, serial number 304533, with five live rounds of ammunition;

dd. One Norinco, Model 1911A1, .45 semi-auto pistol, s/n 618962, with eight rounds of ammunition;

ee. One Mossberg, Model 500A, 12 gauge shotgun, s/n L606196, with six live rounds of ammunition;

ff. One Sturm Roger empty magazine;

gg. One box of 50 Federal .22 caliber cartridges;

hh. One box of UMC .40 caliber S&W, with nine rounds of ammunition;

ii. One box of Remington 12 gauge shot gun shells, with 12 shells;

jj. One box of Federal .22 caliber, with 38 cartridges;

kk. One magazine containing seven .32 caliber cartridges;

ll. One empty Glock gun box, for a Glock, Model 32, .357 caliber, serial number E MM544US;

mm. One box of Speer .357 Sig ammunition, containing 29 cartridges;

nn. One box, UMC .25 Auto ammunition, containing 41 cartridges;

oo. One box, American Eagle .380 Auto ammunition, containing 11 cartridges.

pp. 2001 *Mercedes S430, TAG EYA4091, VIN# WDBNG70591A220346*

qq. 1999 Bently, NJ Tag PJZ-90F, Vin# SCBLB51E8XCX02819

rr. 2000 Ford Excursion, Nin# 1EMNU41S1Y3A6

ss. $162,262.86 U.S. currency, representing the amount used and invested in Count 176

tt. $114,780 U.S. currency seized in 292 Mannington Road, Woodstown NJ, on or about August 10, 2005

uu. $160 U.S. currency seized in 117 Dillons Lane, Mullica Hill, NJ

vv. $229,900 U.S. currency, located in a safety deposit box in Woodstown, Salem County NJ

ww. 117 Dillon's Lane, Mullica Hill, NJ or approximately or $490,000 U.S. currency, being the gross proceeds of its sale

xx. 292 Mannington-Yorktown Road, Woodstown, NJ

yy. 2079 East Somerset Street, Philadelphia, PA

zz. 118 South 46th Street, Philadelphia

aaa. 5744 Tackawanna Street, Philadelphia.

3. Upon the entry of this Order, the United States is authorized to conduct any discovery necessary to identify, locate or dispose of the property subject to forfeiture, in accordance with Fed.R.Crim.P. 32.2(b)(3).

4. Pursuant to 21 U.S.C. § 853(n)(1) made applicable pursuant to 28 U.S.C. §2461(c) the United States shall publish at least once a week for three successive weeks in a newspaper of general circulation and put notice on an official internet government forfeiture site for at least 30 consecutive days, notice of this judgement and preliminary order of forfeiture as to the Defendant, notice of the government's intent to dispose of the property in such a manner as th Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this order must file a petition with the court within thirty (3) days of the final publication of notice or receipt of actual notice, whichever is earlier.

5. If forfeitable property is real property, the United States Marshal Service and its designee are authorized to enter the premises of all real properties listed above to inspect and document the current condition of the properties, including photographing or videotaping the interiors and their contents, and to conduct appraisals of the properties. Upon service of this order, any owner or occupant of any of the real properties listed above shall permit the entry of

the United States Marshal Service and its designees for such purposes.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

7. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to this Judgment and Preliminary Order of Forfeiture, or to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

8. Any person, other than the defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

9. Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing [or before sentencing if the defendant consents] and must be made part of the sentence and included in the judgment. See United States v. Bennett, 423 F.3d. 271 (3rd Cir. 2005)(to be effective, a forfeiture order must be included in sentence and judgment).

10. After the disposition of any petition filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11.     The United States shall have clear title to the subject property following the Court's disposition of all third-party interests.

12.     The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

13.     In its discretion, the United States is authorized to serve a copy of this Order directly upon the defendant.

14.     The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the United States Marshal Service and to counsel for the parties.

ORDERED this             day of                         , 2008.

_____

HONORABLE BARCLAY R. SURRICK
*Judge, United States District Court*