IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                          :
UNITED STATES                             :
                                          :
        v.                                :      DOCKET NO. 05-440-1
                                          :
ALTON COLES                               :
_____          :


DEFENDANT'S SENTENCING MEMORANDUM


I.      INTRODUCTION

        Defendant Alton Coles is currently scheduled to be sentenced by the Court following

his convictions, inter alia, for conspiracy to distribute cocaine and cocaine base in violation of

21 U.S.C. § 846, operating a Continuing Criminal Enterprise ("CCE") in violation of 21 U.S.C.

§ 848, and using or carrying a firearm during a drug trafficking offense in violation of 18 U.S.C.

§ 924(c).  The defense submits this memorandum in order to assist the Court in resolving certain

legal issues which we believe will have to be addressed at the sentencing hearing.


II.     ANALYSIS

        A.      The Mandatory-Minimum Sentences That Apply In This Case

        The government asserts that Mr. Coles is subject to mandatory-minimum terms of life

imprisonment on Count One of the indictment (which charged the conspiracy offense) and Count

Two (which charged the CCE offense).  See Government's Sentencing Memorandum at page 3.

According to the government, the probation officer's failure to recommend a sentence of life on

the conspiracy offense "ignore[s] the impact of [a] second felony drug conviction."  Id. at page 3

n.1.  The government's contention that multiple life terms can and should be imposed in this case

is wrong and should be rejected for two reasons.[1]

First, a mandatory sentence of life is only required under § 841(b)(1)(A) if the defendant

committed the conspiracy offense "after two or more prior convictions for a felony drug offense

have become final . . . ."  (emphasis added).  In United States v. Allen, 566 F.2d 1193, 1195 (3d

Cir. 1977), the court of appeals "construe[d] § 841(b)(1)(B) to mean that a prior conviction is

not final for purposes of recidivist sentencing while that conviction is subject to direct appellate

review."  Accordingly, under Allen Mr. Coles' New Jersey conviction did not become "final"

for purposes of enhanced sentencing under § 841(b)(1)(A) until early 2003 when the time for

appealing the conviction expired under state law.  See Rule 2:4-1(a) of the New Jersey Rules

Governing Appellate Practice ( "Appeals from final judgments of courts . . . shall be taken within

45 days of their entry").  Because the New Jersey conviction did not become final" until long

after the commencement of the conspiracy offense in 1998, see PSI at ¶ 23, it cannot be used to

enhance the sentence under § 841(b)(1)(A).  Allen, 566 F.2d at 1194-96.

Second, a sentence of two (presumably) concurrent life terms on Counts One and Two

of the indictment would violate well-established principles of double jeopardy.  In Rutledge v.

United States, 517 U.S. 292 (1996), the Supreme Court made it plain that a "guilty verdict on a

---

[1]  On December 17, 2007, the government filed an Information Charging Prior Felony Drug Conviction pursuant to 21 U.S.C. § 851 in which it identified the two convictions which it sought to use for purposes of enhanced sentencing under § 841(b)(1)(A).  In that document, the government listed a sentence that was imposed in New Jersey state court on November 22, 2002 for possession of a controlled substance with the intent to distribute and a similar offense that Mr. Coles was sentenced for in Pennsylvania state court on June 5, 1997.  Because these are the only prior convictions that were cited by the government in its information, they alone provide the basis its claim that Mr. Coles is subject to a mandatory life term under § 841(b)(1)(A).  See 21 U.S.C. § 851(a)(1).

§ 848 charge necessarily includes a finding that the defendant also participated in a conspiracy violative of § 846; conspiracy is therefore a lesser included offense of CCE." Id. at 307. The Court further noted that Congress was presumed to have "intended only one punishment" when a defendant is convicted of both conspiracy and CCE offenses and that, therefore, the conviction for the lesser conspiracy offense "as well as its concurrent sentence, is unauthorized punishment for a separate offense and must be vacated." Id. Rutledge therefore prohibits the imposition of a concurrent term of life imprisonment on the conspiracy charge and requires this Court to vacate Mr. Coles' conviction on Count One of the indictment.

And finally, both the government and the probation officer contend that mandatory-minimum consecutive sentences must also be imposed for the violations of 18 U.S.C. § 924(c) that were charged in Counts 68, 70 and 72 of the indictment.[2] This is also incorrect. In United States v. Williams, 558 F.3d 166 (2d Cir. 2009), the court of appeals resolved the question of whether the enhanced penalty provisions § 924(c) apply when a defendant is subject to a greater minimum term under another criminal statute. The court held that they did not because § 924(c) states that the enhanced penalties apply "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law[.]" Id. at 169-172. Thus, where, as here, a defendant is subject to a greater minimum sentence under "any other provision of law," progressively greater consecutive terms of imprisonment cannot be imposed under § 924(c).

---

[2] As the government notes in its sentencing memorandum, the PSI incorrectly concludes that Mr. Coles was convicted of Counts 181 through 184 which charged additional violations of § 924(c). See Government's Sentencing Memorandum at page 3 n.2; see also PSI at page 2 and ¶¶ 159-162. The PSI should be amended to correct this mistake and ¶ 163 should be changed to state that the mandatory-minimum consecutive sentences for the three § 924(c) convictions is 55-years imprisonment

B.      The Mandatory Life Sentence Required By The CCE Statute

Mr. Coles reluctantly recognizes that the Third Circuit held in United States v. Tidwell, 521 F.3d 236 (3d Cir.), cert. denied, 129 S.Ct. 762 (2008) that the subsection of the CCE statute which requires a mandatory life term is a sentencing enhancement and as such it is not subject to the jury-trial guarantees of the Sixth Amendment or the Fifth Amendment's requirement that all elements of a crime must be proven beyond a reasonable doubt.  Id. at 251 ("Accordingly, we hold that Congress intended § 848(b) as a sentencing enhancement, not a separate crime").  Thus, a court is permitted to make findings at sentencing that the quantities of cocaine or cocaine base that were involved in the § 846 violation are sufficient to trigger the mandatory life term that is the subject of § 848(b).  That being said, this Court is still required to determine whether, by a preponderance of the reliable evidence, that the conspiracy offense involved 150 kilograms of cocaine or 1.5 kilograms of cocaine base before the mandatory sentence applies.[3]  While we also understand that the PSI states in ¶ 23 that the members of the conspiracy were responsible for the distribution of "about 2,795 kilograms of cocaine and at least 300 kilograms of cocaine base[,]" the government has the burden of proof on this issue and it should be required to identify at the sentencing hearing the evidence which it believes justifies the life sentence.

C.      A Life Sentence Under The Guidelines Would Be Excessive

Although the government may well be correct when it asserts that any discussion of the factors set forth in 18 U.S.C. § 3553(a) would be academic if the mandatory life term that

---

[3]  The quantities set forth in the text are based upon § 848(b)(2)(A) which provides for a life sentence if the violation of § 846 involved more than 300 times the drug quantities that are described in § 841(b)(1)(B).  That statute, in turn, prescribes the penalties for a drug conspiracy that distributed (or possessed with that intent) 500 grams of cocaine or 5 grams of cocaine base. Multiplying these quantities by a factor of 300 yields a drug quantity for CCE purposes of 150 kilograms of cocaine or 1.5 kilograms of cocaine base.

§ 848(b) requires applies in this case, it is incorrect when it asserts that such a term would be consistent with the purposes for which punishment is imposed.  This is so because § 3553(a) contains a preliminary directive which states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  This is what is generally referred to as the "parsimony provision" and the Supreme Court stated in Kimbrough v. United States, 128 S.Ct. 558 (2007) that it is "overarching" in nature:

> The statute, as modified by Booker, contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing, including 'to reflect the seriousness of the offense,' 'to promote respect for the law,' 'to provide just punishment for the offense,' 'to afford adequate deterrence to criminal conduct,' and 'to protect the public from further crimes of the defendant.'

Id. at 570 (emphasis added).  Based upon this language, the defense contends that the parsimony provision now functions as the lens through which all sentences must be evaluated.

Mr. Coles is not alone in the interpretation of Kimbrough that he is pressing upon this Court.  As the First Circuit recently noted in United States v. Rodriguez, 527 F.3d 221 (1st Cir. 2008), Kimbrough indicates that:

> section 3553(a) is more than a laundry list of discrete sentencing factors; it is, rather, a tapestry of factors, through which runs the thread of an overarching principle.  That tenet (sometimes referred  to as the parsimony principle), instructs district courts to impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing.  This overarching principle necessarily informs a sentencing court's consideration of the entire constellation of section 3553(a) factors, including the need to avoid unwarranted disparity.  Similarly, judicial interpretation of section 3553(a) should be guided by the broadly worded goals of sentencing spelled out in section 3553(a)(2), to which Kimbrough pays homage.
>
> In the final analysis, then, the gloss supplied by Kimbrough signifies that a district court should not evaluate a request for a variant sentence piecemeal, examining

> each section 3553(a) factor in isolation, but should instead consider all the relevant factors as a group and strive to construct a sentence that is minimally sufficient to achieve the broad goals of sentencing. This inquiry should be guided by, but not made unflinchingly subservient to, the concerns expressed by the statute's various sub-parts.

Id. at 228 (internal quotations and citations omitted); see also United States v. Foreman, 436 F.3d 638, 644 n.1 (6th Cir. 2006) ("a district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2)"); United States v. Martinez-Barragan, 545 F.3d 894, 904 (10th Cir. 2008) ("When crafting a sentence, the district court must be guided by the 'parsimony principle'").

In our view, a sentence of less than life imprisonment would be sufficient to achieve every conceivable purpose for which punishment is imposed in a criminal case. Obviously, the crimes committed in this case were very serious and merit a substantial term of imprisonment. However, short of execution a sentence life imprisonment without parole is the most Draconian penalty that the law provides. Accordingly, it should be reserved for the worst offenders for whom there is no hope of redemption and from whom society must forever be protected. That description does not apply to Mr. Coles and a substantial sentence that would incapacitate him for decades would deter him from committing crimes, protect the public from further harm, promote respect for the law, and reflect the seriousness of the offenses while simultaneously accommodating the competing requirement that the sanction chosen be fair and "just" under the circumstances. Such a sentence would also recognize that Mr. Coles' personal background and history is somewhat mitigating in that, contrary to the statements contained in ¶ 138 of the PSI, his father suffered from a drug addiction and spent very little time providing guidance to his son.

Because a sentence of life imprisonment would be greater than necessary under the facts of this

case, it should not be imposed in the event that the Court concludes that the mandatory penalty

set forth in § 848(b) is inapplicable.[4]

                                          Respectfully submitted,


Date:  4/15/09                             /s/ Christopher D. Warren
                                          Christopher D. Warren
                                          1500 Walnut Street
                                          Suite 1500
                                          Philadelphia, PA 19102
                                          (215) 546-3750

---

[4] The defense concedes that the calculations set forth in the PSI are correct if the government shows that the members of the conspiracy were responsible for the distribution of sufficient quantities of cocaine to activate the mandatory life term required by the CCE statute. The same would also be true if the government were able to establish that the members of the conspiracy were responsible for the distribution of 4.5 kilograms of cocaine base.  However, Mr. Coles believes that, contrary to the statement contained in ¶ 35, the evidence shows that he began supplying Desmond Faison with cocaine in 2004 rather than 2002.  Mr. Coles also notes that, contrary to the statement contained in ¶ 48, he was not with Amin Wiggins when Wiggins purchased the gun that is the subject of this paragraph.  Likewise, Mr. Coles does not believe that he currently has an open case for possession of alcohol in a public park as set forth in ¶ 128. The defense raises these matters even though they have no bearing on any of the calculations set forth in the PSI.

<u>CERTIFICATE OF SERVICE</u>

I, Christopher D. Warren, hereby certify that on this 15th day of April, 2009, I caused

a true and correct copy of the foregoing Defendant's Sentencing Memorandum to be served upon

the following person by electronic mail:


Michael Bresnick, AUSA
United States Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106


/s/ Christopher D. Warren
Christopher D. Warren