IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 05-440-01 |
| ALTON COLES : | |

**O R D E R**

**AND NOW**, this 10th day of May 2021, upon consideration of Defendant Alton Cole's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF Nos. 1863, 1868, & 1874) and the Government's Response thereto (ECF No. 1869), it is **ORDERED** that the Motion is **DENIED**.[1]

**IT IS SO ORDERED.**

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[1] Alton Coles seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He contends that his underlying medical conditions place him at risk of serious illness or death in light of the global pandemic caused by COVID-19. The Government opposes the Motion. (ECF No. 1869.) For the following reasons, the Motion is denied.

Coles is currently serving a mandatory life sentence. On March 4, 2008, following a jury trial, Coles was found guilty of (a) conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine (Count One); (b) continuing criminal enterprise, or "CCE" (Count Two); (c) using a telephone to facilitate drug trafficking (Counts 38, 41, 43, 45-48, 50 through 55); (d) distribution of cocaine (Count 40); (e) possession of cocaine with intent to distribute (Count 62); (f) maintaining a drug storage facility (Counts 49, 61); (g) money laundering conspiracies (Counts 77, 80); (h) money laundering (Counts 78 and 79); (i) structuring (Counts 81-86); (j) carrying a firearm during and in relation to a drug trafficking crime (Counts 70, 72);1 (k) possessing a firearm in furtherance of drug trafficking (Count 68); (l) felon in possession of firearms (Counts 59, 60, 69, 71); and (m) investing drug trafficking proceeds in an entity engaged in interstate commerce (Count 176). (ECF No. 744.) The Government alleged that from January 1998 through August 2005 Coles was the leader and organizer of one of the largest drug trafficking organizations of cocaine and crack ever

prosecuted in the Eastern District of Pennsylvania. (ECF No. 1869.) Coles is now 47 years old. He is currently serving his sentence at the Federal Detention Center in Philadelphia. He has served approximately 15 years of his life sentence. He has received six disciplinary infractions: two for fighting and four for phone and mail abuse and other administrative violations. (ECF No. 1870 (under seal).)

Coles argues that his underlying medical conditions include mild asthma, chronic bronchitis, a heart murmur, and kidney issues. (ECF No. 1863.) The Government submitted Coles' medical records from the Board of Prisons. (ECF No. 1870 (under seal).) The Government asserts that Coles has not been diagnosed with any of the medical conditions he cites and does not suffer from any condition that is on the Center for Disease Control's list of risk factors. Coles was prescribed an Albuterol inhaler for a lingering cough in May 2020, at which time he reported that he had a similar cough in 2010. He was directed to use the inhaler as needed. Medical records reveal that Coles tested negative for COVID-19, and that he has not experienced or exhibited any symptoms. Medical records make no mention of any issues with Coles' kidneys, asthma, or a heart murmur.

A district court may reduce an inmate's sentence as a form of compassionate release if the defendant has exhausted administrative remedies and "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The Government does not dispute that Coles has exhausted administrative remedies.

Courts faced with motions for compassionate release in light of COVID-19 consider: (1) whether "extraordinary and compelling" reasons exist to reduce the defendant's sentence; (2) whether the defendant is a danger to the community under § 3142(g); and (3) whether the § 3553(a) sentencing factors support a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13; *see also United States v. Pabon*, 458 F. Supp. 3d 396, 300 (E.D. Pa. 2020); *United States v. Mathe*, No. 14-528, 2020 WL 3542177, at *3 (E.D. Pa. June 30, 2020); *United States v. Hannigan*, No. 19-373, 2020 WL 4015238, at *3 (E.D. Pa. July 16, 2020). To show "extraordinary and compelling reasons," courts generally require defendants to show two things: (1) advanced age or a serious medical condition that places them at a high risk of serious complications or death if infected with COVID-19; and (2) a more than mere speculative risk of exposure to the virus at the prison where the inmate is housed. *See United States v. Somerville*, 463 F. Supp. 3d 585, 596-97 (W.D. Pa. 2020) (citing cases).

A review of the medical records provided by the Government reveals that Coles does not suffer from the conditions he complains of in his Motion. In his sur-reply, Coles concedes that he does not suffer from a heart murmur. He may have suffered from one at birth and offers his mother's testimony to support that contention. (ECF No. 1874.) He also appears to concede that his bronchitis is not chronic. Coles states that he *has* suffered from bronchitis in the past and uses an inhaler. Although medical records do not diagnose Coles as asthmatic, he self-described his condition as mild, and the CDC does not recognize mild asthma on its list of risk factors. *See United States v. Goode*, No. 10-177, 2020 WL 6445930, at *5 (E.D. Pa. Nov. 2, 2020) (concluding that inmate who presents "a history of mild asthma that has recently presented as moderate persistent asthma" does not present sufficient grounds for relief). Furthermore, medical records do not indicate that Coles was ever diagnosed with kidney problems. At most, in January 2020, Coles complained that he believed he had kidney stones. His medical exam revealed nothing.

During the FDC's November 2020 outbreak, Coles' cellmate tested positive for COIV-19. Coles tested negative. Even if Coles' medical conditions rose to the level that would be

recognized by the CDC as increasing the risk of adverse events if COVID-19 is contracted, those adverse events did not materialize for Coles.  Despite Coles' perceived risk factors, he did not contract COVID-19 and he never exhibited any signs of infection.  Although the risk of infection for Coles is not completely eliminated, the number of positive cases that the prison experienced since November 2020 has dropped significantly.

Even if Coles could demonstrate an extraordinary and compelling reason, a compassionate release is not warranted under the circumstances.  "[B]efore granting compassionate release, a district court must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable."  *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) (internal quotations and citations omitted); *see also* U.S.S.G. § 1B1.13.  The sentencing factors courts consider include:  the "nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1); the "history and characteristics of the defendant," *id*.; and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense [, and] . . . to afford adequate deterrence to criminal conduct," *id*. § 3553(a)(2)(A)-(B).

A review of the sentencing factors counsels against granting Coles a compassionate release.  The charges here are very serious.  *See id*. § 3553(a)(1).  Coles was convicted of conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine.  For seven years, Coles headed one of the largest cocaine and crack trafficking organizations in the Eastern District.  It is estimated that Coles put approximately $25 million worth of drugs into this district.  He carried out his enterprise with gang-related violence, including high-powered firearms and intimidation of potential government cooperators.

Coles has served fifteen years of his life sentence.  Granting him a release now would undermine the need for the sentence to reflect the "seriousness of the offense," "respect for the law," and "adequate deterrence."  *Id*.; *see Pawlowski*, 967 F.3d at 330-31 (concluding that the § 3553(a) factors and the fact that the defendant served only a fraction of his sentence counseled against granting a compassionate release); *see also United States v. Holmes*, No. 08-495, 2020 WL 4504440, at *3 (E.D. Pa. Aug. 5, 2020) (denying compassionate release to inmate with underlying medical conditions where inmate had served only 155 months of 300 month-sentence for armed carjacking, and "[r]eleasing defendant now would cut his current sentence by almost half and would not appropriately reflect the nature and circumstances of his offenses, promote just punishment, or afford adequate deterrence to criminal conduct").

Accordingly, the Motion is denied.