IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 05-440-01 |
| ALTON COLES | : | |
| | : | |

### ORDER

**AND NOW**, this 31st day of May 2022, upon consideration of Defendant Alton Coles'

*pro se* Motion For Free Transcript Order To Prepare For 2255 (Ineffective Assistance Of

Counsel) Appeal Pursuant to 18 U.S.C. § 753(f) And Criminal Justice Act Pursuant to 18 U.S.C.

§ 3006A Due to Indigence By Defendant/Petitioner (ECF No. 1593) it is **ORDERED** that the

Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Court will provide the following transcripts to Defendant within thirty (30) days of

    the entry of this Order:

    a. The testimony of Desmond Faison (2/5/08 Trial Tr. vol. 1; 2/6/08 Trial Tr. vol. 1);

    b. The testimony of Beverly Rider (1/23/08 Trial Tr. vol. 2);

    c. The testimony of Tyree Griffith (1/22/08 Trial Tr.);

    d. The testimony of Raymond Armstrong (2/7/08 Trial Tr.; 2/8/08 Trial Tr. vol. 1);

    e. The testimony of Special Agent Brandon Harrison (1/17/08 Trial Tr.);

    f. The testimony of Special Agent Christopher Marano (2/7/08 Trial Tr. vol. 2);

    g. The testimony of Police Officer Brian Reynolds (1/30/08 Trial Tr.);

    h. The testimony of Charlton Custis (1/28/08 Trial Tr. vol. 1; 1/29/08 Trial Tr. vol.

        1);

    i. The testimony of co-defendant James Morris, attorney Ronald Thompson, and

Agent Michael Ricko (6/21/16 Hr'g Tr.);

j.  The testimony of Defendant (2/12/08 Trial Tr.; 2/13/08 Trial Tr. vol. 1; 2/14/08

Trial Tr. vol. 1, 2);

k.  The transcript of Defendant's sentencing hearing (4/16/09 Sent. Tr.);

l.  The transcript from voir dire (12/19/07 Jury Selection);

m.  The transcript of the jury charge and questions (2/25/08 Trial Tr.); and

n.  The transcript of opening statement (1/16/08 Trial Tr.).

2.  The Government shall upload a copy of Special Agent Marano's testimony (2/7/08 Trial

Tr.) or an attestation that it does not have access to the transcript to the docket within

fifteen (15) days of the entry of this Order.

3.  All other requests for transcripts or documents are denied.[1]

**IT IS SO ORDERED.**

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[1] Defendant requests that the Court grant him copies of his indictment, pre-trial discovery, suppression hearing transcripts, withdrawal of counsel transcripts, trial transcripts, and sentencing transcripts.  We will grant this request with respect to transcripts that are needed to decide to his pending litigation.

In habeas corpus proceedings where the petitioner is proceeding in forma pauperis, fees for transcripts "shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."  28 U.S.C. § 753(f).

There is no dispute that Defendant is proceeding *pro se* and in forma pauperis, although he previously had appointed post-conviction counsel.  Defendant's trial lasted nearly two months and involved numerous co-defendants and pre-trial motions.  Thus, we will appropriately limit the transcripts to those that are "needed to decide the issue presented by the suit or appeal."  28

U.S.C. § 753(f);  *see United States v. Raghunathan*, 288 F. App'x 2, 4 (3d Cir. 2008). ("Neither [28 U.S.C. § 753 nor 18 U.S.C. § 3006A] authorize the United States to pay for a transcript where no proceeding is pending.").  Defendant cites 18 U.S.C. § 3006A in support of his proposition that he is entitled to all of the transcripts and documents that he seeks, but that statute applies to transcript requests by appointed counsel (whereas Defendant is *pro se*) and does not authorize providing irrelevant transcripts.

      After reviewing Defendant's voluminous briefings, we find the that the following transcripts are needed to decide the issues presented by Defendant's filings:

(1)     The testimony of Desmond Faison (2/5/08 Trial Tr. vol. 1; 2/6/08 Trial Tr. vol. 1) and of Defendant (2/13/08 Trial Tr. vol. 1) are relevant to assess Defendant's claim that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence regarding Defendant's conspiracy conviction.

(2)     The testimony of Beverly Rider (1/23/08 Trial Tr. vol. 2) is relevant to assess Defendant's claim that counsel was ineffective for failing to challenge the search of Randall Austin's apartment.

(3)     Defendant's trial testimony (2/12/08 Trial Tr.; 2/13/08 Trial Tr. vol. 1; 2/14/08 Trial Tr. vol. 1, 2) and the transcript of the jury charge and questions (2/25/08 Trial Tr.) are relevant to determine whether trial counsel was ineffective for failing to play the films *Menace* and *New Jack City* for the jury.

(4)     The testimony of Tyree Griffith (1/22/08 Trial Tr.) regarding a shooting at the Philadelphia Zoo is relevant to assess Defendant's claim that trial counsel was ineffective for failing to object to the testimony.

(5)     The transcript of opening statements (1/16/08 Trial Tr.) and testimony of Raymond Armstrong (2/7/08 Trial Tr.; 2/8/08 Trial Tr. vol. 1) are relevant to assess Defendant's claim that counsel should have called various witnesses to testify on his behalf about his assets.

(6)     The testimony of Special Agents Brandon Harrison (1/17/08 Trial Tr.) and Christopher Marano (2/7/08 Trial Tr. vol. 2) are relevant to assess Defendant's claim that counsel was ineffective for failing to object to portions of Agent Harrison's testimony.

(7)     The transcript from voir dire (12/19/07 Jury Selection) is relevant to assess Defendant's claim that counsel was ineffective for his actions related to media coverage of Defendant's trial.

(8)     The testimony of Police Officer Brian Reynolds (1/30/08 Trial Tr.) is relevant to assess Defendant's claim that trial counsel was ineffective for failing to investigate alleged police misconduct.

(9)     The testimony from Defendant's sentencing hearing (4/16/09 Sent. Tr.) is relevant to assess Defendant's claim that appellate counsel was ineffective for failing to challenge his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

(10)    The testimony of Charlton Custis (1/28/08 Trial Tr. vol. 1; 1/29/08 Trial Tr. vol. 1) is relevant to assess Defendant's claim that counsel was ineffective for failing to object to the admission of Custis's testimony.

(11)    The testimony of co-defendant James Morris, attorney Ronald Thompson, and Agent Michael Ricko (6/21/16 Hr'g Tr.) is relevant to assess Defendant's claim that counsel was ineffective regarding an alleged conflict of interest.

The Court does not have access to transcript of Special Agent Marano's testimony (2/7/08 Trial Tr.) because the file has been corrupted.  Therefore, we order that the Government, which cited these transcripts in its brief, upload the transcript or an attestation that it does not have access to the transcript to the docket within fifteen (15) days of the entry of this Order.  The Court will provide all of the above transcripts to Defendant within thirty (30) days of the entry of this Order.

If the Court identifies any additional transcripts that it deems relevant to Defendant's claims, it will enter a similar order and send them in the same fashion.