**PAUL J. HETZNECKER, ESQUIRE**
**1420 Walnut Street, Suite 911**
**Philadelphia, PA 19102**
**(215) 893-9640**                                   **Attorney for Alton Coles**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                              |   |                     |
|------------------------------|---|---------------------|
|                              | : |                     |
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
|                              | : |                     |
| **v.**                       | : | **NO. 05-440-01**   |
|                              | : |                     |
| **ALTON COLES**              | : |                     |
|                              | : |                     |

## BRIEF IN SUPPORT OF AND DOCUMENTS SUBMITTED RESPONSIVE TO THE COURT'S DECISION TO PERMIT EXPANSION OF THE RECORD BASED ON THE ALLEYNE ISSUE

**TO THE HONORABLE R. BARCLAY SURRICK, JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

Petitioner, Alton Coles, by and through his counsel, Paul J. Hetznecker, Esquire, files this Brief In Support of and Documents Submitted Responsive to Court's Decision to Permit Expansion of the Record Based on the Alleyne Issue, pursuant to the Memorandum issued by Your Honor, dated March 26, 2024, and submits the following in support thereof:

## FACTUAL BACKGROUND

On March 8, 2013, while Petitioner's direct appeal was pending in the Court of Appeals for the Third Circuit, Petitioner sent a letter which was filed of record

1

with the Court, requesting to supplement his counseled brief with a pro se brief preserving the issues pending in the Supreme Court of the United States in the case of Alleyne v. United States.

On March 12, 2013, the Case Manager for the Third Circuit issued a letter to Petitioner and his appellate attorney, Christopher Warren, Esquire, informing both that the Third Circuit will not accept the supplemental filing as the Court does not recognize hybrid representation and would only accept submissions by counsel for filing. An order accompanying the letter denying Petitioner's Motion to Supplement was also sent to Petitioner and his appellate counsel (Exhibit A).

On June 20, 2013, Petitioner filed a pro se document with the Third Circuit titled "Judicial Notice" in the Third Circuit. (Exhibit B). Petitioner again made a request to file a supplemental brief pursuant to Rule 28(j) based on Alleyne v. United States which had been decided on June 17, 2013, while Petitioner's direct appeal was still pending. Petitioner's challenge under Alleyne was to the mandatory life sentence imposed on Count Two, the Continuing Criminal Enterprise conviction as the drug quantifies were decided by Your Honor based on a preponderance of evidence standard, and based, in part, on evidence never presented to the jury.

On February 22, 2014, Petitioner filed a Motion to Expand the Record.

(Exhibit C). One of the issues raised in the Motion was the <u>Alleyne</u> issue.

Specifically, Petitioner asserted the following:

1. Immediately upon the decision in The Supreme Court Case <u>Alleyne v. United States</u> decided June 17, 2013 in favor of Alleyne, Defendant sent a letter to Counsel Chris Warren notifying him that the same issue applies to defendant as well - and instructed Mr. Warren to challenge the mandatory life sentence I received, which was triggered after (the judge/court) deemed by the preponderance of the evidence to determine drug quantity attributable to the defendant. Mr. Warren did not respond to my letter, but he did respond to an email my family sent him (forwarding my message) his response was that "he was familiar with the Alleyne case (he also knows that <u>US. v. Harris</u> is now bad law) and he knows about the Rule 28 (j) procedure, but he's thinking it over and he'll get back to me."

2. After not hearing back from Mr. Warren about this matter, Defendant 'pro se' sent a Judicial Notice to the Third Circuit Court Of Appeals, requesting permission to submit a supplemental brief under Rule 28 (j) to challenge my mandatory life sentence on count two (2). [See Attachment A]

3. The appellate court judges did not even see my request to consider honoring it, merely because I am represented by counsel. Therefore, The Third Circuit Clerk forwarded my request to my counsel for whatever he deemed appropriate. [See Attachment A-1].

4. Defendant called Warren on both his cell phone, and his office phone to which went unanswered as usual. Defendant went so far as having my case manager 'Ms. Hall' also assist me in trying to contact my lawyer, again Mr. Warren failed to respond, even after she left numerous messages in which Mr. Warren hasn't returned any of her messages.

5. All these attempt were done while on direct appeal "before all briefs were in" (months before the reply briefs were due) and before the government's response was accepted - due to their response being over the word limit…….. The supplemental brief was first sent on Feb 2. 2013. [See Attachment A-2]

[…]

7. Defendant asserts that Alton Coles's sixth amendment right to a jury trial to determine drug quantity (to enhance the mandatory minimum) is clearly violated. In construing the constitutional mandate of the Sixth Amendment, it was held "every fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to a jury and found beyond a reasonable doubt. This is the identical situation that Alton Coles faced.

The court in 'Alleyne' reiterated that facts which increase the mandatory minimum sentence are in fact elements and must be submitted to a jury and found beyond a reasonable doubt. They did so no less than twelve times in the opinion. For this reason alone the defendant's conviction on this point must be reversed.

It is legally unsustainable in light of  Alleyne and a clear violation of the Defendant's Sixth Amendment right to a trial by jury.

For these two reasons alone, the Defendant respectfully contends that the enhanced finding for drug quantity lodged against him by the trial court must be reversed, and/or given a new trial by jury, and/or an amended judgment to be resentenced without the mandatory minimum." (Exhibit C).

By permitting Petitioner to provide documents in support of his Motion to Expand the Record, Counsel for Petitioner is proceeding based on this Honorable Court's decision to permit Petitioner to submit documents in support of his Motion to Expand the Record on the Alleyne issue. Those documents include this Brief and the exhibits attached. Essentially, this Honorable Court by and through the order to permit Petitioner to submit documents in support of the Alleyne issue, places Petitioner in the position to support his claim under Alleyne to this Court as if the Third Circuit had granted Petitioner's request to supplement the original brief

filed on direct appeal. As such, Petitioner has not only submitted the documents relevant to his effort to have the Third Circuit review the issue, but submits this Brief in Support of the documents and the <u>Alleyne</u> issue.

In <u>United States v. Lewis</u>, 802 F.3d 449 (3rd Cir. 2015) (en banc), the Third Circuit held that the defendant's seven-year sentence for brandishing a firearm during and in relation to a crime of violence, where the defendant was not indicted for brandishing and therefore, not convicted of that crime, was a violation of his Sixth Amendment right pursuant to <u>Alleyne</u>. The defendant was convicted of possessing a firearm in relation to a crime of violence, a five-year mandatory, following the Supreme Court's ruling in <u>Alleyne v. United States</u>, supra. In <u>Lewis</u>, the government argued that the facts presented during trial provided the evidentiary basis to support the enhanced seven-year sentence for brandishing. The Court rejected that argument. In <u>Lewis</u>, the Third Circuit ruled that sentencing a defendant for an aggravated crime when he was indicted and tried for a lesser crime violated his Sixth Amendment right to a jury trial. The Court in <u>Lewis</u> further held that this was not harmless error because it contributed to the sentence the defendant received. The Third Circuit then ordered the sentence vacated and the case remanded for resentencing. (Also see <u>United States v. LaPrade</u>, 673 Fed. Appx. 198 (3rd Cir. 2016).

Alternatively, the Petitioner has established ineffective assistance of counsel by his appellate lawyer in failing to raise the issue once he was alerted to the Supreme Court's decision in <u>Alleyne v. Untied States</u>, supra. Appellate Counsel's failure to amend the brief to include this issue amounts to ineffective assistance of counsel and since the Petitioner was prejudiced, requires relief. Counsel has set forth the standard for ineffective assistance of counsel in order to put appellate counsel's failure to raise the issue in procedural context.

## <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

Petitioner asserted that trial counsel/appellate counsel, Christopher Warren, Esquire, was ineffective for failing to amend the Brief to the Third Circuit to raise the issues pursuant to <u>Alleyne v. United States</u>, which was decided while his direct appeal was pending before the Court. After contacting his lawyer requesting that the <u>Alleyne</u> issue be raised in an Amended Brief, Petitioner filed a Motion to Expand the Record regarding the issues raised by Alleyne. On March 26, 2024, Your Honor granted Petitioner's request to submit documents in support of his pro se Motion to Expand the Record that was denied by the Third Circuit, and became the basis of one of Petitioner's ineffectiveness claims against his appellate counsel.

Counsel must demonstrate that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. The following specific claims of ineffective assistance of counsel are based on

appellate counsel's failure to raise issues pursuant to <u>Alleyne v. United States</u>, decided while Petitioner's direct appeal from his convictions was pending before the Third Circuit.

The Petitioner filed his 2255 Motion seeking this Honorable Court to vacate the conviction and sentence pursuant to 28 U.S.C. §2255 Section 2255, which states:

> "(a) A prisoner in custody under sentence of a court established by act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence of vacate, set aside or correct the sentence."

The following is the applicable standard under which such claims must be analyzed. In order to establish ineffective assistance, Petitioner must show that there were deficiencies in counsel's performance and that such deficiencies resulted in substantial prejudice. Petitioner must establish that counsel's representation was deficient under an objective standard of reasonableness.

Furthermore, Petitioner must identify acts or omissions as a direct result of an unreasonable professional judgment by his counsel. In order to show prejudice, the Petitioner must establish that there is a reasonable probability that absent the errors of counsel, the fact finder would have had a reasonable doubt. <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)

Regarding prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. <u>Strickland</u>, 466 U.S. at 694; <u>Hinton v. Alabama</u>, 571 U.S. 263 (2014); <u>Ross v. District Attorney of County of Allegheny</u>, 672 F.3d 198 (3rd Cir. 2012).

The <u>Strickland</u> test applies to appellate counsel as well as trial counsel. <u>United States v. Mannino</u>, 212 F.3d 835, 840 n.4 (3rd Cir. 2000). For claims of ineffective assistance of appellate counsel a petitioner must show that there is a reasonable probability that the result of the appeal would have been different had counsel's handling of the appeal not fallen before the required standard. <u>Mannino</u>, 212 F.3e at 845.

In this case appellate counsel, Christopher Warren, Esquire, also trial counsel, was informed by Petitioner while his appeal was pending in the Court of Appeals for the Third Circuit, that the Supreme Court had decided <u>United States</u>

v. Alleyne, 570 U.S. 99 ( 2013). Petitioner attempted to preserve this issue by requesting that his lawyer file an amended brief raising the issue with the Third Circuit, and when his counsel failed to do so after acknowledging that he was aware of the Alleyne issue, Petitioner filed a pro se Motion to Expand the Record in an effort to raise the Alleyne issue with the Third Circuit directly. Although the Third Circuit rejected Petitioner's attempt to present the issue ruling that it will acknowledge hybrid representation, appellate counsel's failure to raise the issue on direct appeal amounts to ineffective assistance of counsel.

As this Honorable Court is well aware, the Supreme Court in Alleyne held that when sentencing a defendant for an aggravated crime, the specific facts of that crime must be presented to a jury and proven by the government beyond a reasonable doubt. If those facts were not presented to a jury then it violates the defendant's Sixth Amendment right to a jury trial. The only exception is if the facts involve a prior conviction. However, that is now under review by the Supreme Court.

In Erlinger v. United States, No. 23-370, the question presented to the Supreme Court during the current term is whether the Constitution requires that a jury find for the defendant (or the defendant admit) that the defendant's predicate offenses were committed on occasions different from on another before the defendant can be sentenced under the Armed Career Criminal Act pursuant to 18

U.S.C. Section 924(e)(1).

As Your Honor knows, except for the fact of a prior conviction any effort to increase the maximum or minimum sentence for a defendant must be submitted to a jury and proven beyond a reasonable doubt by the government. In Apprendi v, New Jersey, 530 U.S. 466 (2000) the Supreme Court recognized only a single exception to the decision that only a jury may determine a fact that increases the maximum sentence, that is for a fact of a prior conviction, which a judge may determine by a preponderance of evidence. Apprendi v. New Jersey, 530 U.S.at 466; Alleyne v. United States, 570 U.S. 99, 103 (2013); Almendarez-Torres v. United States, 523 U.S. 224, 230, 234, 244 (1998) (prior-conviction exception). Aside from this narrow exception, the defendant has the right to a jury trial and can hold the government to its burden of proof beyond a reasonable as to those facts that enhance the maximum (Apprendi) or a mandatory minimum (Alleyne).

**APPELLATE COUNSEL'S INEFFECTIVENESS IS CLEARLY ESTABLISHED BASED ON THE DECISION IN ALLEYNE. IN ADDITION, PETITIONER SEEKS TO PRESERVE A SECOND ALLEYNE ISSUE PURSUANT TO ERLINGER V. UNITED STATES.**

### A. Alleyne invalidates Petitioner's mandatory life sentence on Count Two, the Continuing Criminal Enterprise conviction.

The Alleyne issue which should have been addressed on direct appeal involves Petitioner's sentence to life imprisonment for his conviction on Count II,

the Continuing Criminal Enterprise conviction.

During Petitioner's sentencing hearing, Your Honor addressed several issues raised by both counsel for the Petitioner and the government. Once the issues were resolved the government requested that Your Honor sentence Petitioner to a life sentence based on the two separate mandatory minimums which require life sentences, as well as the guidelines. Although Your Honor did recognize that Petitioner's guidelines included a life sentence, Your Honor imposed the life sentence based on the mandatory minimum sentence required under the CCE conviction, as well as based on the Section 851 enhancement. Your Honor specifically stated "That is a total sentence of life imprisonment plus 55 years. That is the sentence that's called for by the statutes." (Sentencing Transcript, April 9, 2009, pp. 24,-26).

According to the Continuing Criminal Enterprise statute, 21 U.S.C. §848, Continuing Criminal Enterprise, (a) Penalties; Forfeitures: "Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment, to a fine not to exceed the greater of that authorized in accordance with the provisions of title 18 or $2,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, and to the forfeiture prescribed in section 853 of this title; except that if any person engages in such

activity after one or more prior convictions of him under this section have become final, he shall be sentences to a term of imprisonment which may not be less than 30 years and which may be up to life imprisonment, to a fine not to exceed the greater of twice the amount authorized in accordance with the provisions of title 18 or $4,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual, and to the forfeiture prescribed in section 853 of this title.

Under (b) Life Imprisonment for Engaging In Continuing Criminal Enterprise, "Any person who engages in a continuing criminal enterprise shall be imprisoned for life and fined in accordance with subsection (a), if –

(1) such person is the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders; and

(2)

(A) the violation referred to in subsection (c)(1) involved at least 300 times the quantity of a substance described in subsection 841(b)(1)(B) of this title, or

(B) the enterprise, or any other enterprise in which the defendant was the principal or one of several principal administrators, organizers, or leaders, received $10 million dollars in gross receipts during any twelve-month period of its existence for the manufacture, importation, or distribution of a substance described in section 841(b)(1)(B) of this title.

(c) "Continuing Criminal Enterprise" Defined.
    For purposes of subsection (a), a person is engaged in a continuing criminal enterprise if –

(1) he violates any provision of this subchapter or subchapter II the punishment for which is a felony, and

(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II –

(A)    which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of

organizer, a supervisory position, or any other position of management, and

(B)     from which such person obtains substantial income or resources."

At the time of sentencing in this case, Petitioner's Counsel, Chirstopher Warren, Esquire, conceded that the amount of drugs sold during the course of the conspiracy was satisfied. The government stated on the record that it was relying on evidence presented at trial, as well as evidence outside the trial record, in order to support this Honorable Court's determination that the CCE enhanced mandatory life sentence should be imposed. (Sentencing Transcript, April 8, 2009, pages 13 through 18).

Specifically, as to the drug quantities, trial counsel stated at sentencing, " I did not object to this. I am not prepared to concede it. My only request, and I've made this to the government, is that they identify the evidence which they believe would support any fact findings that the Court makes as to the quantities." (Sentencing Transcript, April 8, 2009, p. 12)

The prosecutor stated in response, "Yes, Your Honor. If I may, I am prepared to do that by proffer, Your Honor, and I think that is acceptable to counsel. We can lay out the record." (There was no objection from trial counsel.)

"Your Honor, first of all, the government relies on the testimony at trial of – and incorporates by reference, obviously, all of the testimony at trial. This was a seven week trial, at which a variety of evidence was educed about the length of

the conspiracy which extended from 1998 to 2005, as well as the amounts of cocaine and cocaine base that were being distributed. I will identify specific— in order so that the record is clear, Your Honor, I'd like to identify specifically. This will take a little bit of time but I think its worthwhile., my identifying what the government would prove if called upon to educe evidence here at sentencing as opposed to trial. It was a long trial, and I know memories grow or fade after some period of time, but let me—let me go through the government's drug calculations based on the evidence that is available to the government and available to Pretrial Services and to the Court at sentencing…. which includes not only the evidence at trial but also additional evidence." (Sentencing Transcript, April 8, 2009, pp.12-13).

This presentation, which did not include establishing the requisite evidence to support an element of CCE enhanced mandatory life sentence, was based on facts not submitted to the jury and proven beyond a reasonable doubt. The government's statement of the facts proffered to this Honorable Court in order for Your Honor to make a determination if the government had met its burden of proof by a preponderance of evidence in support of a life sentence under CCE, Count Two, was a clear violation of Alleyne.

Trial counsel's failure to raise this issue on direct appeal amounts to ineffective assistance of counsel. Had appellate counsel raised the Alleyne issue as

requested by Petitioner on direct appeal, the case would have been remanded to Your Honor for resentencing. By granting the opportunity to expand the record the Petitioner is in the same position that he would have been in had the Third Circuit permitted the <u>Alleyne</u> argument to be presented.

In addition, the reliance on evidence outside the record and agreed to by trial counsel provides further support for relief under <u>Alleyne</u>. Therefore, based on the prosecutor's presentation of facts and this Honorable Court's reliance on those facts, including facts outside the trial record and determined by a preponderance of evidence standard, requires that this Honorable Court vacate Petitioner's sentence on Count Two, CCE, as the life sentence was based on facts not found by a jury beyond a reasonable doubt in violation of his rights under the Sixth Amendment to the United States Constitution.

In <u>United States v. Lewis</u>, 802 F.3d 449 (3ʳᵈ Cir. 2015) (en banc), the Third Circuit held that the defendant's seven-year sentence for brandishing a firearm during and in relation to a crime of violence, where the defendant was not indicted for brandishing and therefore, not convicted of that crime, was a violation of his Sixth Amendment right pursuant to <u>Alleyne</u>. The defendant was convicted of possessing a firearm in relation to a crime of violence, a five-year mandatory, following the Supreme Court's ruling in <u>Alleyne v. United States</u>, supra. In <u>Lewis</u>, the government argued that the facts presented during trial provided the evidentiary

basis to support the enhanced seven-year sentence for brandishing. The Court rejected that argument. In <u>Lewis</u>, the Third Circuit ruled that sentencing a defendant for an aggravated crime when he was indicted and tried for a lesser crime violated his Sixth Amendment right to a jury trial. The Court in <u>Lewis</u> further held that this was not harmless error because it contributed to the sentence the defendant received. The Third Circuit then ordered the sentence vacated and the case remanded for resentencing. (Also see United States v. LaPrade, 673 Fed. Appx. 198 (3rd Cir. 2016).

    Petitioner must be resentenced as the mandatory life sentence he received on Count Two is invalid. The government may argue that vacating the sentence pursuant to <u>Alleyne</u> amounts to harmless error as Petitioner is still serving a life sentence for the two prior minor felony drug convictions which preceded the conspiracy charged in this case. Pursuant to <u>United States v. Lewis</u>, supra., that argument is without merit. In addition, there is another significant issue raised by Alleyne and pending in the Supreme Court which will have a direct impact on the life sentenced imposed on Petitioner pursuant to Section 851. Petitioner addresses that issue below.

**B. The second issue under Alleyne is whether there should have been fact-finding regarding the government's arbitrary decision to charge the inception of the drug conspiracy in 1998, just a year outside Petitioner's arrest for a minor felony drug offense that served as one of the two predicate drug convictions supporting the mandatory sentence of life imprisonment pursuant to Section 851.**

In March 2024 the Supreme Court heard oral argument in Etlinger v. United States, 23-370. A ruling is expected in late spring or early summer. This challenge is directly relevant to Petitioner's effort to have the Third Circuit review his Alleyne issue when he attempted to have his attorney raise the issue on direct appeal, and following his attorney's decision not to raise the issue, Petitioner's attempt to raise it with the Third Circuit with a pro se Motion to Expand the Record.

In Erlinger, the Court is presently weighing whether a sentencing court is permitted to render a factual decision regarding an underlying predicate conviction to enhance the sentence to a mandatory, or whether under Alleyne and Apprendi, those facts must be submitted to a jury and proven beyond a reasonable doubt. In Erlinger, the question of whether the defendant's prior crimes occurred on different "occasions" and therefore, would serve as separate predicate crimes in support of an enhanced mandatory sentence, applies with equal force in this case. In Erlinger the issue is whether a predicate conviction under ACCA is a continuing offense or a separate and distinct crime, and more significantly, who is entitled under the Constitution to make that determination, a judge or a jury. The Petitioner in Erlinger argued that an examination as to whether the convictions constitute separate "occasions" is judicial fact-finding

and thus barred under <u>Alleyne v. United States</u>, and <u>Apprendi v. New Jersey</u>.

In <u>Erlinger</u>, the defendant entered a guilty plea and was subsequently subjected to the fifteen (15) year enhanced mandatory under ACCA after the probation department determined that there were at least three predicate convictions for either a violent felony or a serious drug offense. In <u>Erlinger</u> the district court found at sentencing that in addition to his serious drug offenses, the defendant had three burglary convictions that occurred at three different locations and on three different dates. <u>Erlinger</u> argued that the Sixth Amendment requires a jury to determine whether predicate offenses occurred on different "occasions" or whether the criminal conduct was part of a continuing course of conduct citing <u>Wooden v. United States</u>, 595 U.S. 360 (2022).

In <u>Wooden v. United States</u>, 142 S.Ct. 1063( 2022), the Supreme Court held that the defendant's ten burglary convictions arising out of the burglary of ten separate storage units during a single "occasion" were derived from a single criminal episode and did not occur on different occasions and therefore, count as only one prior conviction under ACCA. The Supreme Court's decision in <u>Wooden</u> makes it clear that "the fact of a prior conviction exception" is frequently subject to an examination of the surrounding circumstances of that conviction which necessitates a factual determination. In other words, the Court in <u>Wooden</u> rejected the categorical approach and adopted the different

"occasions" inquiry which requires a "holistic" and "multifaceted approach" and consequently includes a range of circumstances that may be relevant to identifying episodes of criminal activity. Essentially, the <u>Wooden</u> "different occasions" approach goes beyond the simple fact of a prior conviction. A factual inquiry into defendant's prior predicate conviction goes beyond just an examination of the crime of conviction or the documents related to that conviction. It is important to note that this particular issue was not raised in <u>Wooden</u> and thus, waived. The Court in <u>Wooden</u> established the contours of the question, "Offenses committed close in time in an uninterrupted course of conduct, will often count as part of one occasion […]"  The Court further reasoned that "The more similar or intertwined the conduct giving rise to the offenses--- the more, for example, they share a common scheme or purpose--- the more apt they are to compose one occasion." Id at 369.

In this case the Petitioner, Alton Coles, attempted to preserve the issues following the Supreme Court's decision in <u>Alleyne</u> with the Motion to Expand the Record as his direct appeal was pending at the time of the <u>Alleyne</u> decision and his attorney failed to amend his direct appeal to include the <u>Alleyne</u> issues. This is the portal that permits this Honorable Court to address both of the <u>Alleyne</u> issues that are presently raised.

As noted above, while Petitioner's appeal was pending when <u>Alleyne</u> was

decided by the Supreme Court, the <u>Alleyne</u> issues are now before this Honorable

Court through Petitioner's Motion to Expand the Record on direct appeal and

asserts that the same "occasions" rationale applied by the Supreme Court in

<u>Wooden v. United States</u>, supra, and raised in <u>Erlinger v. United States</u>, supra.,

applies with equal force in this case to the government's discretionary decision to

specifically charge the inception of the conspiracy began in 1998, as opposed to

one year prior on December 30, 1996, the date of Petitioner's arrest for a drug

offense that served as the predicate for the mandatory life sentence. This minor

felony drug arrest which vaulted Petitioner's sentence to mandatory life, could

readily be subsumed under the facts alleged in the conspiracy. It is apparent that

the government's discretionary charging decision to assert that conspiracy began

in 1998 was designed to ensure that the prior drug arrest on December 30, 1996,

and subsequent conviction in 2003, during the course of the alleged conspiracy,

would serve as a predicate to the mandatory life sentencing enhancement under

Section 851. The government was in the possession of all of this information

when they charged Petitioner with the Fifth Superseding Indictment and made an

intentional decision not to include the time period encompassing the minor felony

drug arrest that served as a predicate for the Section 851 enhancement to a life

sentence.

     In this case the Information Charging Prior Felony Drug Conviction

Pursuant to Title 21 United States Code, Section 851(a), filed on December 17, 2007, (Docket No. 589), asserted that "On or about November 22, 2002, the Defendant Alton Coles was sentenced in the Camden County Superior Court in New Jersey on his conviction for the felony drug offense of possession of a controlled dangerous substance or its analog, at case number CAM9705015641, to a term of one year probation." Paragraph 2 asserted that "On or about June 5, 1997, defendant Alton Coles was sentenced in the Court of Common Pleas of Delaware County, Pennsylvania on his conviction for the felony drug offense of manufacturing, delivering, or possessing with intent to deliver a controlled substance, at case number CP-23-Cr-0001056-1994, to a term of 11 months, 29 days to 1 year, 11 months and 29 days imprisonment." The last sentence on the second page asserts "Coles prior felony drug convictions in New Jersey and Pennsylvania serve as the basis for increased punishment pursuant to 21 U.S.C. Section 841(b)(1)(A)(ii) in the present case."

The indictment in this case charged that the conspiracy began in 1998 and ended in 2005. It should be noted that one of the government's cooperating witnesses, Kristin Latney, testified that she met Petitioner at a club in 1997 and knew within a couple weeks that he was a drug dealer. (Trial Transcript, January 23, 2008, pp.10-12). The decision to charge the scope of the conspiracy, including the length and timing of the conspiracy, is based entirely on the prosecutor's

discretion in charging, and that discretion is not unlimited.

Although charging choices are the prerogatives of prosecutors the grouping guidelines are designed to confront the amount of punishment when excess counts are employed in an indictment. United States v. Velasquez, 304 F.3d 237 (3rd Cir. 2002). In Velasquez, the Third Circuit declined to adopt the government's argument that consecutive sentences for use of a communications device in furtherance of a drug conspiracy was appropriate use of the government's sentencing discretion where the defendant received a sentence of 240 months, the maximum for the conspiracy. The Court wrote: "Although charging choices are the prerogatives of prosecutors, the grouping guidelines are designed to control the amount of punishment when excess counts are employed in an indictment. The communication charge here clearly covers conduct within the drug trafficking violation and indeed comes close to coming within the rule of merger applied to lesser included offenses." This case illustrates the need for respecting the discretion of the sentencing judge preserved in section 3584 by simply adding a count for conduct that is within the trafficking offense. The Court went on to state that "…here the Guideline sentence would be the statutory maximum of 240 months. Adding a consecutive sentence under Section 5G1.2 without consideration of other factors, is in conflict with the Guideline policy of imposing 'incremental punishment' only for significant additional criminal conduct."

Likewise in this case, arbitrarily charging that the inception of the drug conspiracy began one year after the Petitioner's arrest in a minor felony drug offense, an offense that would not qualify as a predicate for a life sentence under 851 if charged today, is an abuse of the government's charging discretion, and is a factual determination, as in Etlinger's occasion determination, that should have been submitted to a jury and proven beyond a reasonable doubt. The "occasion" upon which a sentencing court decides "the fact of conviction" includes the timing of the event supporting the conviction, as well as the timing of the arbitrary charging decision by the government where the not so incremental, but rather monumental increase in the penalty, a life sentence, is based on a prior minor felony drug conviction as is the case here. Petitioner, Alton Coles received a sentence of one year probation for the minor felony drug conviction imposed in New Jersey state court in 2003. As was referenced above, today neither of Petitioner's prior convictions would serve as predicates under Section 851 enhancements as neither constitute serious drug felony convictions.

Petitioner respectfully requests that this Honorable Court reconsider the decision to deny review of the Alleyne issue with respect to the determination regarding the sufficiency of the evidence under the Count Two, the conviction for Continuing Criminal Enterprise. While trial counsel failed to properly preserve the issue for appeal, trial counsel did request that the government put forth on the

record the evidence that supported the conviction and therefore, the enhanced penalty of life imprisonment. The government's proffer, and the evidence relied upon by this Honorable Court, violates the requirements of <u>Alleyne</u>, which Petitioner tried to preserve and attempted to have appellate counsel preserve, and trial counsel failed to do so which amounted to ineffective assistance of counsel.

WHEREFORE, Counsel for Petitioner respectfully request that Your Honor grant relief and order a new sentencing hearing pursuant to <u>Alleyne v. United States</u>, supra. on Count Two, and in addition, preserve any issues raised pursuant to <u>Erlinger v. United States</u>, supra.

Respectfully submitted,

<u>/s/ Paul J. Hetznecker, Esquire</u>
Paul J. Hetznecker, Esquire
Attorney for Petitioner, Alton Coles

Date: <u>May 24, 2024</u>

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following individuals via the Court's electronic filing system:

Robert A. Zauzmer, Esq.
Chief of Appeals Unit
United States Attorney's Office
615 Chestnut Street, 12th Floor
Philadelphia, PA 19106

/s/ Paul J. Hetznecker, Esquire
Paul J. Hetznecker, Esquire
Attorney for Petitioner, Alton Coles

Date: May 24, 2024