**PAUL J. HETZNECKER, ESQUIRE**
**1420 Walnut Street, Suite 911**
**Philadelphia, PA  19102**
**(215) 893-9640**                                          **Attorney for Alton Coles**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| **v.** | : | **NO. 05-440-01** |
| **ALTON COLES** | : | |

### SUPPLEMENTAL BRIEF IN SUPPORT OF AND DOCUMENTS SUBMITTED RESPONSIVE TO THE COURT'S DECISION TO PERMIT EXPANSION OF THE RECORD BASED ON THE ALLEYNE ISSUE

**TO THE HONORABLE R. BARCLAY SURRICK, JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

Petitioner, Alton Coles, by and through his counsel, Paul J. Hetznecker, Esquire, files this Supplemental Brief In Support of and Documents Submitted Responsive to Court's Decision to Permit Expansion of the Record Based on the Alleyne Issue, pursuant to the Memorandum issued by Your Honor dated March 26, 2024. On May 24, 2024, Petitioner submitted a Brief In Support of and Documents Submitted Responsive to the Court's Decision to Permit Expansion of the Record Based on the Alleyne Issue. The following Supplemental Brief is submitted to correct some errors in the original Brief, as well as update the Court on the impact of the recent Supreme Court's decision in Erlinger v. United States, 23-370.

**FACTUAL BACKGROUND**

On March 8, 2013, while Petitioner's direct appeal was pending in the Court of Appeals for the Third Circuit, Petitioner sent a letter which was filed of record with the Court, requesting to supplement his counseled brief with a pro se brief preserving the issues pending in the Supreme Court of the United States in the case of Alleyne v. United States.

On March 12, 2013, the Case Manager for the Third Circuit issued a letter to Petitioner and his appellate attorney, Christopher Warren, Esquire, informing both that the Third Circuit will not accept the supplemental filing as the Court does not recognize hybrid representation and would only accept submissions by counsel for filing. An order accompanying the letter denying Petitioner's Motion to Supplement was also sent to Petitioner and his appellate counsel (Exhibit A) attached to the original Brief In Support of the Motion to Expand the Record.

On June 20, 2013, Petitioner filed a pro se document with the Third Circuit titled "Judicial Notice" in the Third Circuit. (Exhibit B) Petitioner again made a request to file a supplemental brief pursuant to Rule 28(j) based on Alleyne v. United States which had been decided on June 17, 2013, while Petitioner's direct appeal was still pending. Petitioner's challenge under Alleyne was to the mandatory life sentence imposed on Count Two, the Continuing Criminal Enterprise conviction as the drug quantities were decided by Your Honor based on a preponderance of evidence standard, and based, in part, on evidence never

presented to the jury.

On February 22, 2014, Petitioner filed a Motion to Expand the Record (Exhibit C) with this Honorable Court and not the Third Circuit. One of the issues raised in the Motion was the Alleyne issue. In Petitioner's counseled brief filed on May 24, 2024, Petitioner mistakenly asserted that Petitioner's pro se Motion to Expand the Record was filed in the Third Circuit, when in fact, the Motion to Expand the Record was filed with this Honorable Court.

In the Brief In Support of and Documents Submitted Responsive to the Court's Decision to Permit Expansion of the Record referred to was the Rule 28(j) procedure that Petitioner had requested prior counsel follow so that the Alleyne issue would be preserved on appeal. The Motion to Expand filed in the District Court for Your Honor's review preserved all of the issues related to the Alleyne issue with this Honorable Court. [See pages 3-4 of the Brief In Support of and Documents Submitted Responsive to the Court's Decision to Permit Expansion of the Record detailing the correspondence regarding Rule 28(j)]

Counsel for Petitioner filed the original Brief and files this Supplemental Brief based on this Honorable Court's decision to permit Petitioner to submit documents in support of his Motion to Expand the Record on the Alleyne issue. Those documents include the Brief filed on May 24, 2024, along with exhibits, and this Supplemental Brief correcting errors set forth in the original Brief and providing an update on the significant and consequential Supreme Court decision in

Erlinger v. United States, 23-370, decided on June 27, 2024. Essentially, this Honorable Court by and through the order to permit Petitioner to submit documents in support of the Alleyne issue, places Petitioner in the position to support his claim under Alleyne, and now following the decision in Erlinger, permits this Court to address the full impact of both decisions on Petitioner's life sentence.

On June 27, 2024, the Supreme Court of the United States in Erlinger v. United States, 23-370, ruled that the Fifth and Sixth Amendments of the United States Constitution require the facts supporting prior convictions that enhance a sentence to a mandatory minimum be determined by a jury and proven beyond a reasonable doubt. As set forth in the original Brief In Support of and Documents Submitted Responsive to the Court's Decision to Permit Expansion of the Record the record, Erlinger v. United States, supra., involved an enhanced mandatory fifteen (15) year sentence under the Armed Career Criminal Act based on three prior qualifying convictions. In Erlinger, supra, the Court reversed the Circuit Court's decision to affirm the District Court's decision to impose the enhanced mandatory minimum sentence. The question before the sentencing court was whether the prior burglary convictions committed on separate days were one criminal episode or distinct occurrences to be decided by a jury beyond a reasonable doubt and not a judge by a preponderance of evidence.

As set forth above, all references in the original Brief In Support of and Documents Submitted Responsive to the Court's Decision to Permit Expansion of

the Record indicating that the Motion to Expand the Record had been filed and later

decided in the Third Circuit are inaccurate and are therefore amended with the filing

of this Supplemental Brief. (See references on pages 6, 7, 9, 15, and 17).  Other than

this correction, and the update regarding the Supreme Court's decision in Erlinger v.

United States, 23-370, Counsel for Petitioner seeks to incorporate this Supplemental

Brief into the relevant portions of the original Brief filed on May 24, 2024.

As this Honorable Court is aware, the Supreme Court in Alleyne held

that when sentencing a defendant for an aggravated crime, the specific facts of

that crime must be presented to a jury and proven by the government beyond a

reasonable doubt. If those facts were not presented to a jury then it violates the

defendant's Sixth Amendment right to a jury trial. The only exception is if the

facts involve a prior conviction. However, the Supreme Court's decision in

Erlinger v. United States, 23-370 renders that sentencing paradigm invalid.

In Erlinger v. United States, No. 23-370, the question presented to the

Supreme Court is whether the Constitution requires that a jury find for the defendant

(or the defendant admit) that the defendant's predicate offenses were committed on

occasions different from one another before the defendant can be sentenced under the

Armed Career Criminal Act pursuant to 18 U.S.C. Section 924(e)(1).

As Your Honor knows, prior to the Supreme Court's decision in Erlinger,

except for the fact of a prior conviction, any effort to increase the maximum or

minimum sentence for a defendant must be submitted to a jury and proven beyond

a reasonable doubt by the government. Alleyne v. United States, 570 U.S. 99

(2013), Apprendi v. New Jersey, 530 U.S. 466 (2000).

In Apprendi v, New Jersey, supra., the Supreme Court recognized

only a single exception to the decision that only a jury may determine a fact that

increases the maximum sentence, that is for a fact of a prior conviction, which a

judge may determine by a preponderance of evidence. Apprendi v. New Jersey,

530 U.S.at 466; Alleyne v. United States, 570 U.S. 99, 103 (2013); Almendarez-

Torres v. United States, 523 U.S. 224, 230, 234, 244 (1998) (prior-conviction

exception). Aside from this narrow exception, the defendant has the right to a jury

trial and can hold the government to its burden of proof beyond a reasonable

doubt as to those facts that enhance the maximum (Apprendi) or a mandatory

minimum (Alleyne). Based on the Supreme Court's decision in Erlinger, this is no

longer the case. All facts, including the facts supporting an enhanced mandatory

sentence based on prior convictions must be presented to a jury and proven beyond

a reasonable doubt.

**APPELLATE COUNSEL'S INEFFECTIVENESS IS CLEARLY
ESTABLISHED BASED ON THE DECISION IN ALLEYNE. IN ADDITION,
THE SUPREME COURT'S RECENT DECISION IN ERLINGER V. UNITED
STATES RENDERS THE MANDATORY LIFE SENTENCE PURSUANT TO
SECTION 851 INVALID.**

   **A. Alleyne invalidates Petitioner's mandatory life sentence on Count**

**Two, the Continuing Criminal Enterprise conviction.**

As set forth in Petitioner's Counseled Brief In Support of and Documents Submitted Responsive to the Court's Decision to Permit Expansion of the Record, the Supreme Court's decision in <u>Alleyne,</u> and now reinforced by the recent decision in <u>Erlinger</u>, renders this Honorable Court's decision to enhance Petitioner's sentence to life in prison under the Continuing Criminal Enterprise conviction, as well as the conviction pursuant to Section 851 invalid on two separate grounds.

The first ground involves the enhanced mandatory minimum sentence imposed on Count II, the Continuing Criminal Enterprise sentence. The second involves the enhanced mandatory minimum sentence imposed based on two prior minor felony drug convictions based on Section 851. I will address the life sentence imposed on CCE first.

During Petitioner's sentencing hearing, Your Honor addressed several issues raised by both counsel for the Petitioner and the government. Once the issues were resolved the government requested that Your Honor sentence Petitioner to a life sentence based on the two separate mandatory minimums which require life sentences, as well as the guidelines. Although Your Honor did recognize that Petitioner's guidelines included a life sentence, Your Honor imposed the life sentence based on the mandatory minimum sentence required under the CCE conviction, as well as based on the Section 851 enhancement. Your Honor specifically stated "That is a total sentence of life imprisonment plus 55 years. That is the sentence that's called for by the statutes." (Sentencing

Transcript, April 9, 2009, pp. 24,-26).

According to the Continuing Criminal Enterprise statute, 21 U.S.C. §848,

Continuing Criminal Enterprise, "Any person who engages in a continuing criminal

enterprise shall be imprisoned for life and fined in accordance with subsection (a), if

(1) such person is the principal administrator, organizer, or leader of the
enterprise or is one of several such principal administrators, organizers, or
leaders; and

(2)

(A) the violation referred to in subsection (c)(1) involved at least 300 times
the quantity of a substance described in subsection 841(b)(1)(B) of this title,
or

(B) the enterprise, or any other enterprise in which the defendant was the
principal or one of several principal administrators, organizers, or leaders,
received $10 million dollars in gross receipts during any twelve-month
period of its existence for the manufacture, importation, or distribution of a
substance described in section 841(b)(1)(B) of this title.

(c) "Continuing Criminal Enterprise" Defined.
    For purposes of subsection (a), a person is engaged in a continuing
criminal enterprise if –
  (1) he violates any provision of this subchapter or subchapter II the
      punishment for which is a felony, and
  (2) such violation is a part of a continuing series of violations of this
      subchapter or subchapter II –
      (A)  which are undertaken by such person in concert with five or
      more other persons with respect to whom such person occupies a
      position of organizer, a supervisory position, or any other position
      of management, and

      (B)  from which such person obtains substantial income or
      resources."

At the time of sentencing in this case, Petitioner's Counsel, Christopher

Warren, Esquire, conceded that the amount of drugs sold during the course of the

conspiracy was satisfied. The government stated on the record that it was relying

on evidence presented at trial, as well as evidence outside the trial record, in order to support this Honorable Court's determination that the CCE enhanced mandatory life sentence should be imposed. (Sentencing Transcript, April 8, 2009, pages 13 through 18). (See Brief In Support of and Documents Submitted Responsive to the Court's Decision to Permit Expansion of the Record, pages 11, 13-14)

As set forth in the original Brief filed on May 24, 2024, the proffered facts offered by the government during Petitioner's sentencing hearing that this Honorable Court relied on to impose the enhanced mandatory life sentence under CCE, were in part, facts outside the trial record. In addition, none of the facts that this Honorable Court relied on were ever submitted to the jury and proven beyond a reasonable doubt. Your Honor's decision to impose a mandatory life sentence under the CCE statute was based on a preponderance of evidence standard and decided by this Honorable Court and not by a jury and is therefore a violation of both Alleyne and Erlinger.

By granting the opportunity to expand the record, the Petitioner is in the position to present the Alleyne arguments as the law is presently construed. Based on the decision in Alleyne and now Erlinger, Petitioner's sentence violated the Fifth and Sixth Amendments to the United States Constitution. These decisions by the Supreme Court require this Honorable Court to vacate Petitioner's sentence on Count Two, CCE, as the life sentence was based on facts not found by a jury beyond

a reasonable doubt in violation of his rights under the Sixth Amendment to the United States Constitution.

In United States v. Lewis, 802 F.3d 449 (3rd Cir. 2015) (en banc), the Third Circuit held that the defendant's seven-year sentence for brandishing a firearm during and in relation to a crime of violence, where the defendant was not indicted for brandishing and therefore, not convicted of that crime, was a violation of his Sixth Amendment right pursuant to Alleyne. The defendant was convicted of possessing a firearm in relation to a crime of violence, a five-year mandatory, following the Supreme Court's ruling in Alleyne v. United States, supra. In Lewis, the government argued that the facts presented during trial provided the evidentiary basis to support the enhanced seven-year sentence for brandishing. The Court rejected that argument. In Lewis, the Third Circuit ruled that sentencing a defendant for an aggravated crime when he was indicted and tried for a lesser crime violated his Sixth Amendment right to a jury trial. The Court in Lewis further held that this was not harmless error because it contributed to the sentence the defendant received. The Third Circuit then ordered the sentence vacated and the case remanded for resentencing. [Also see United States v. LaPrade, 673 Fed. Appx. 198 (3rd Cir. 2016)]

Petitioner must be resentenced as the mandatory life sentence he received on Count Two is invalid. Based on the recent decision by the Supreme Court in Erlinger v. United States, 23-370, the government cannot argue that vacating the

sentence pursuant to <u>Alleyne</u> amounts to harmless error as Petitioner is still serving

a life sentence based on two prior minor felony drug convictions which preceded

the conspiracy charged in this case. Pursuant to <u>United States v. Lewis</u>, supra., and

now <u>Erlinger v. United States</u>, that argument is without merit. It is important to note

that the government has conceded that Petitioner's two prior convictions could not

serve as predicates to impose a mandatory life sentence.

**B. The second issue under Alleyne is whether there should have been fact-finding regarding the government's arbitrary decision to charge the inception of the drug conspiracy in 1998, just a year outside Petitioner's arrest for a minor felony drug offense that served as one of the two predicate drug convictions supporting the mandatory sentence of life imprisonment pursuant to Section 851.**

On June 27, 2024, the Supreme Court of the United States in <u>Erlinger v.</u>

<u>United States</u>, 23-370, ruled that the Fifth and Sixth Amendments of the United

States Constitution require the facts supporting prior convictions that enhance a

sentence to a mandatory minimum be determined by a jury and proven beyond a

reasonable doubt. As set forth in the original Brief In Support of and Documents

Submitted Responsive to the Court's Decision to Permit Expansion of the Record,

<u>Erlinger v. United States,</u> supra., involved an enhanced mandatory fifteen (15) year

sentence under the Armed Career Criminal Act based on three prior qualifying

convictions. In <u>Erlinger</u>, supra, the Court reversed the Circuit Court's decision to

affirm the District Court's decision to impose the enhanced mandatory minimum

sentence. The question before the sentencing court was whether the prior burglary

convictions committed on separate days were one criminal episode or distinct occurrences to be decided by a jury beyond a reasonable doubt and not a judge by a preponderance of evidence.

The decision in Erlinger v. United States, supra., is directly relevant to Petitioner's effort to have the Third Circuit review his Alleyne issue when he attempted to have his attorney raise the issue on direct appeal, and following his attorney's decision not to raise the issue, Petitioner's attempt to raise it with the Third Circuit first with a request for a Rule 28(j) filing and then with this Honorable Court through his pro se Motion to Expand the Record.

In Erlinger, the Court ruled that convictions used to support and enhanced mandatory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt. Sentences imposed by a judge under a preponderance of the evidence standard, as in this case, are in violation of the Fifth and Sixth Amendments to the United States Constitution.

In line with the Supreme Court's decision in Wooden v. United States, 142 S.Ct. 1063(2022), the Court in Erlinger goes beyond just the question of whether the fact of a conviction requires an inquiry into the factual circumstances surrounding the conviction, the "occasions" inquiry, but makes it abundantly clear that the Court's previous decision in Almendarez-Torres, supra., ruling that except for the fact of conviction all other facts that trigger a mandatory minimum must be submitted to a jury

12

and proven beyond a reasonable doubt, is an "outlier" and no longer valid. The Court has

ruled that the Fifth and Sixth Amendments of the United States Constitution mandate that

where prior convictions enhance a defendant's sentence to a mandatory minimum the

facts of the prior convictions must be submitted to a jury and proven beyond a reasonable

doubt.

> Quoting from the majority opinion written by Justice Gorsuch,
>
> "While recognizing Mr. Erlinger was entitled to have a jury resolve ACCA's
> occasions inquiry unanimously and beyond a reasonable doubt, we decide no more
> than that. For purposes of the proceedings before us the parties take as a given that
> Mr. Erlinger committed four burglaries with each qualifying as a "violent offenses"
> under ACCA. But they disagree vigorously about whether these burglaries took
> place on at least three different occasions (so the ACCA enhanced sentence would
> apply) or during a single criminal episode (so that they would not). Presented with
> evidence about the times, locations, purpose and character of those crimes, a jury
> might have concluded that some or all occurred on different occasions. Or it might
> not have done so. All we can say for certain is that the sentencing court erred in
> taking that decision from the jury of Mr. Erlinger's peers."  (Opinion, pp. 11-12)

In this case the Petitioner, Alton Coles, attempted to preserve the issues

following the Supreme Court's decision in Alleyne with the request for a Rule 28(j)

Motion in the Third Circuit and separately, did preserve the issues with a pro se

Motion to Expand the Record with this Honorable Court following the decision by

the Supreme Court in Alleyne.

In Erlinger v. United States, the Supreme Court has extended the logic from

Apprendi, Alleyne and Wooden and ruled that the prior convictions, like Petitioner's

two minor drug convictions, should have been presented to the jury and proven

13

beyond a reasonable doubt. As this Honorable Court knows and the government recognizes, both of Petitioner's minor drug convictions would not support the grossly enhanced mandatory minimum of life imprisonment under current law. As set forth in the original Brief In Support of and Documents Submitted Responsive to the Court's Decision to Permit Expansion of the Record, Petitioner's pro se Motion to Expand the Record, undecided until this Court's March 2024 order permitting Petitioner to submit documents in support of the Motion to Expand the Record, provides the portal that for this Honorable Court to address the Alleyne issues that are presently raised.

As noted above, while Petitioner's appeal was pending when Alleyne was decided by the Supreme Court, the Alleyne issues are now before this Honorable Court through Petitioner's Motion to Expand the Record on direct appeal. Petitioner's sentence of life imprisonment was predicated on mandatory minimum sentence enhanced by two minor drug convictions that would not longer qualify as predicates for a life sentence. However, the procedure followed in making that determination was in violation of Petitioner's Fifth and Sixth Amendment rights to a jury trial and therefore, we respectfully request that mandatory life sentence be vacated and that his Honorable Court schedule a new sentencing hearing for Petitioner.

WHEREFORE, Counsel for Petitioner respectfully requests that Your Honor grant

relief and order a new sentencing hearing pursuant to <u>Erlinger v. United States,</u>

                                            Respectfully submitted,

                                            <u>/s/ Paul J. Hetznecker, Esquire</u>

                                            Paul J. Hetznecker, Esquire
                                            Attorney for Petitioner, Alton Coles

Date: <u>July 3, 2024</u>

15

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the following individuals via the Court's electronic filing system:

Robert A. Zauzmer, Esq.
Chief of Appeals Unit
United States Attorney's Office
615 Chestnut Street, 12th Floor
Philadelphia, PA 19106

/s/ Paul J. Hetznecker, Esquire

Paul J. Hetznecker, Esquire
Attorney for Petitioner, Alton Coles

Date: July 3, 2024