THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 05-440-01 |
| ALTON COLES | : |

### GOVERNMENT'S RESPONSE TO
### DEFENDANT'S SUPPLEMENTAL BRIEFS (ECF 1933 and 1936)

On March 26, 2024 (ECF 1929), this Court entered an opinion denying numerous claims for relief presented by defendant Alton Coles under 28 U.S.C. § 2255, including a claim that counsel on direct appeal had been ineffective in not challenging, under *Alleyne v. United States*, 570 U.S. 99 (2013), the mandatory life sentence imposed on Count Two under the continuing criminal enterprise statute. At the same time, the Court granted permission to Coles to supplement the record with documentation of the claim that Coles had asked appellate counsel to make the *Alleyne* claim and had endeavored to present the claim to the Third Circuit himself pro se.

On May 24, 2024 (ECF 1933), and on July 3, 2024 (ECF 1936), counsel for Coles then filed supplemental briefs providing the promised documentation. The government's understanding was that no further response on its part was required. Presently, at the suggestion of the Court's clerk, however, the government addresses counsel's filings. They should not alter in any respect this Court's ruling denying relief under Section 2255.

The new filings set forth what is undisputed, that the *Alleyne* decision was issued before the Third Circuit resolved Coles' direct appeal, and that appellate counsel did not seek to add a claim based on *Alleyne*, notwithstanding Coles' request. This does not alter this Court's correct reasoning in denying Coles' ineffective assistance claim premised on this issue.

*Alleyne* altered prior Supreme Court guidance and held that any fact increasing a statutory mandatory minimum sentence must be charged in the indictment and proved to a jury, a rule that applies to the determinations of quantity and role that support application of a mandatory minimum life sentence under the CCE statute. But this Court held that counsel's failure to raise the issue on appeal was immaterial, given that Coles also faced a mandatory minimum sentence of life imprisonment on other counts, based on his prior drug trafficking convictions, and thus the final sentence would have been the same even if Coles presented a successful *Alleyne* claim on appeal. The Court also explained that any *Alleyne* claim would in fact not have been successful, as it would have been reviewed for plain error, and would have failed even as to the CCE count, given the overwhelming evidence of Coles' role as the leader of a massive drug trafficking conspiracy. *See* ECF 1929 (opinion) at 24-26 & 26 n.5. No new information presented by Coles, regarding his efforts to raise the *Alleyne* issue earlier, relate to or alter these conclusions.[1]

---

[1] Coles again improperly compares this matter to *United States v. Lewis*, 802 F.3d 449 (3rd Cir. 2015) (en banc), in which the Court invalidated a mandatory minimum
*continued . . .*

\* \* \*

Coles' supplemental filings also raise a second issue, but this issue has never been presented before in the habeas litigation.

He challenges for the first time the conclusion that he was also subject to a mandatory minimum sentence of life imprisonment on the conspiracy charge in Count One (which this Court ultimately dismissed in light of the identical sentence on the CCE count). The sentence on Count One was based on 21 U.S.C. § 841(b)(1)(A), given the jury's finding that the crime involved more than 50 grams of crack and five kilograms of cocaine, and given the fact that, as charged in an information under 21 U.S.C. § 851, Coles had two prior convictions for felony drug offenses.[2]

Coles' new argument is not entirely clear, but seems to posit that the first of his predicate convictions, a sentence imposed in Camden County in 1997, was actually part of the instant offense conduct, and not treated as such only because the government

---

sentence where the government neither charged the necessary facts in the indictment nor proved them to the jury at trial. This case, in contrast, as this Court held, ECF 1929 at 24-25, involved only "trial error," as the government in fact charged the CCE predicate facts in the indictment, and the only error was that the jury was not asked to make the findings. Such an error is subject to review for plain error, and is not corrected where, as here, the necessary evidence is overwhelming. *See, e.g.*, *United States v. Johnson*, 899 F.3d 191, 198-201 (3d Cir. 2018) (distinguishing *Lewis* and holding that where, as here, the fact supporting a mandatory minimum sentence was charged in the indictment and the evidence supporting that fact was overwhelming and undisputed, no relief is warranted on plain error review).

[2] Coles' *Alleyne* claim previously focused only on the CCE sentence. *See, e.g.*, his filings at ECF 1624 at pp. 69-71; ECF 1741 at p. 33; ECF 1816 at p. 36. The government responded in detail in ECF 1670, at pp. 67-72. The argument regarding the sentence on Count One was not presented earlier, and is grossly untimely now.

arbitrarily elected to allege that the conspiracy in this matter began in 1998 instead of earlier.³ He suggests that whether the conviction qualified as an 841(b)(1)(A) predicate should have been addressed by the jury under *Alleyne*, and pursuant to *Erlinger v. United States*, 602 U.S. 821 (2024) (which held that whether prior offenses took place on "different occasions," for purposes of application of the Armed Career Criminal Act, should be determined by a jury).

This claim, besides being impermissibly untimely at this late date, is also meritless. The basic rule that a court at sentencing may determine whether a defendant has a prior conviction that increases a statutory sentence remains unchanged. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998) (stating this rule); *Erlinger*, 602 U.S. at 838 ("no one in this case has asked us to revisit *Almendarez-Torres*. Nor is there need to do so today."). And for purposes of application of the statutory penalties in Section 841(b)(1), the fact that a prior conviction may have involved conduct that was also part of the instant offense is irrelevant. *See, e.g.*, *United States v. Oliver*, 2010 WL 1780798, at *1 (N.D. Fla. May 3, 2010). What matters is that the defendant's unlawful conspiracy continued after he incurred these prior convictions. The statute requires only that the instant offense occurred or continued "after a prior conviction . . . has become final." § 841(b)(1)(A).

---

³ The charged conspiracy transpired from 1998 to 2005. The predicate convictions were entered in 1997 and 2002. *See* ECF 589 (information under 21 U.S.C. § 851).

Coles also notes that the same sentence under Section 841(b)(1)(A) would not apply under current law. That is correct, but also irrelevant. The pertinent changes in Section 401 of the First Step Act of 2018 do not apply retroactively. *United States v. Aviles*, 938 F.3d 503, 510 (3d Cir. 2019).

(However, the government has explained in a lengthy filing that Coles is eligible for consideration of a sentence less than life imprisonment, under Section 404 of the First Step Act. On September 29, 2021 (ECF 1886), the government filed a very detailed response to Coles' motion under Section 404, arguing that even though Coles is eligible for consideration the Court upon consideration of all 18 U.S.C. § 3553(a) factors should not reduce the sentence. That motion remains pending.)

For these reasons, nothing in Coles' recent supplemental briefs undermines in any respect this Court's decision denying his claims under 28 U.S.C. § 2255.

        Respectfully yours,

        JACQUELINE C. ROMERO
        United States Attorney

        */s Robert A. Zauzmer*
        ROBERT A. ZAUZMER
        Assistant United States Attorney
        Chief of Appeals

        */s Francis A. Weber*
        FRANCIS A. WEBER
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

        Paul J. Hetznecker, Esq.
        *Counsel for Alton Coles*

        */s Francis A. Weber*
        FRANCIS A. WEBER
        Assistant United States Attorney

Dated:  October 21, 2024.