# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 05-440 |
| ALTON COLES | : | |

## <u>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE AND TRANSPORT TO ATTEND VIEWING</u>

The United States of America, by its attorneys, David Metcalf, United States Attorney, and Francis A. Weber, Assistant United States Attorney, hereby opposes the defendant's Motion for Release and Transport to Attend a Viewing (ECF No. 1957).

The defendant is serving a life sentence of imprisonment based on crimes that he committed while serving as the leader of a $25 million cocaine trafficking operation. He was convicted at trial of conspiracy in violation of 21 U.S.C. § 846; engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848; three counts of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g); and various money laundering and drug offenses. The Court recently denied his numerous claims for § 2255 relief, and his conviction and sentence have been affirmed on appeal. (ECF No. 1929); *United States v. Coles*, 558 F. App'x 174 (3d Cir. 2014); *United States v. Coles*, 586 F. App'x 98 (3d Cir. 2014).

On April 21, 2025, the defendant filed a motion in which he asked the Court to order the United States Marshals Service ("USMS") transport him to a funeral home in Philadelphia, PA

in order to attend the viewing of his uncle.  (ECF No. 1957.)  He cites no authority for this request.

The government sympathizes with the defendant's loss and understands the desire to attend his uncle's viewing.  However, the government opposes his request because, in light of the defendant's conviction for serious narcotics, firearms, and money laundering offenses (which resulted in him receiving a life sentence), he continues to present a danger to the community.  In addition, releasing the defendant—whose life sentence has been affirmed on appeal—presents an extraordinary flight risk, as this may be one of only the times when he is not physically located at a BOP facility and thus could provide an opportunity to flee.

On April 21, 2025, the undersigned counsel spoke to a deputy US Marshal in this district about the defendant's request and was advised as follows:

1. The USMS was not made aware of the defendant's request.

2. It is the policy of the USMS to strictly prohibit inmate attendance at public funerals.[1]

3. USMS can, where practicable, arrange for a private viewing at the sallyport of the facility where an inmate is located.[2]

---

[1] Indeed, any potential release or furlough, would impose significant burdens and risks upon the government, including economic costs, staffing difficulties of the government officers involved, and significant safety concerns.  For instance, among other concerns, monitoring a released inmate who will be in attendance with, and physical contact with, unknown and innumerable individuals, raises the risk of the receipt and transmission of contraband, physical safety issues for the monitoring government agents who must attend the services, the potentially unknown safety issues of releasing the defendant into society, and the obvious risk of flight by the subject inmate.

[2] Any cost that the funeral home would charge for that viewing would be at the expense of the family.

4. Because the defendant has already been sentenced, he is in the custody of the Bureau of Prisons, so his request should be directed to the BOP. The USMS has custody over pretrial detainees.

Beyond those significant practical concerns, there is also no legal justification for the defendant's request. This Court previously ordered the defendant to serve a sentence of life imprisonment, and the defendant's request provides no valid legal reason to alter that judgment and commitment order. *See, e.g.*, *United States v. Wood*, 2022 WL 1689511 (W.D. Pa. May 26, 2022) (denying motion by pretrial detainee to attend family funeral); *United States v. Williams*, 2020 WL 4431565 (W.D. Pa. July 31, 2020) (same).

For the forgoing reasons, the government respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s/ Francis A. Weber*
FRANCIS A. WEBER
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Government's Opposition to Defendant's Motion to

Attend Funeral was served by ECF on the following defense counsel:

Paul J. Hetznecker, Esq.
phetznecker@aol.com


*/s/ Francis A. Weber*
FRANCIS A. WEBER
Assistant United States Attorney


Date:   April 22, 2025