IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 05-440-1 |
| ALTON COLES | : | |

# ORDER

**AND NOW**, this 22nd day of April, 2025, upon consideration of Defendant Alton Coles' Motion for Release and Transport to Attend Viewing (ECF No. 1957), and the Government's Opposition thereto (ECF No. 1958), it is **ORDERED** that Defendant's Motion is **DENIED**.[1]

**IT IS SO ORDERED.**

BY THE COURT:

/s/ R. Barclay Surrick
**R. BARCLAY SURRICK, J.**

---

[1] Defendant asks this Court to order his temporary release and transportation from the Federal Detention Center to a funeral home in Philadelphia so that he can attend the viewing scheduled for April 24, 2025, from 9:00 a.m. to 11:00 a.m., for his uncle, who recently passed away. The Government opposes Defendant's request, noting, *inter alia*, that he cites no authority for it; the United States Marshals Service ("USMS") was not made aware of it; USMS policy prohibits inmate attendance at public funerals; and Defendant having been sentenced, his request should be submitted to the United States Bureau of Prisons ("BOP"). (Gov't Opp. at 2-3.)

Although Defendant cites no authority for his request, he essentially seeks a furlough under 18 U.S.C. § 3622, which provides, in relevant part:

> **The Bureau of Prisons may release** a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to – (a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of – . . . (2) attending a funeral of a relative.

18 U.S.C. § 3622 (emphasis added); *see also United States v. Ren*, No. 21-380, 2023 WL 2278655, at *4 (E.D. Pa. Feb. 28, 2023) (noting that defendant's request for a "commutation" for the time necessary to attend relative's funeral was "essentially a request for a furlough under 18 U.S.C. § 3622"). As other

courts considering the issue have concluded, the authority to temporarily release a prisoner to attend a funeral or viewing belongs to the BOP, not the sentencing court.  *See United States v. Demps*, No. 21-409, 2023 WL 4684717, at *1 (D. Ariz. July 21, 2023) ("Pursuant to 18 U.S.C. § 3622, the authority to temporarily release an inmate to attend funeral services lies with the BOP, not the sentencing court."); *Ren*, 2023 WL 2278655, at *4 (finding that request for furlough to attend funeral was outside the court's authority); *United States v. Rodriguez*, 468 F. Supp. 3d 681, 686, n. 4 (E.D. Pa. 2020) (denying defendant's alternative request for furlough under 18 U.S.C. § 3622 until COVID-19 pandemic ended as section 3582(c)(1)(a) does not include the authority to grant temporary release on furlough) (collecting cases); *United States v. Roberts*, 612 F. Supp. 3d 351, 356–57 (S.D.N.Y. 2020) ("[T]he decision of whether to grant [defendant] a furlough under Section 3622 is committed to [the] sole discretion of the BOP.") (collecting cases).  We reach the same conclusion and deny Defendant's Motion.