IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| V. | : | |
| ALTON COLES | : | 05-440 |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR A SENTENCE REDUCTION**

**TO THE HONORABLE R. BARCLAY SURRICK, JUDGE OF THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**:

Defendant, Alton Coles, by and through his attorney Paul J. Hetznecker, Esquire files this Reply to the Government's Response to the Defendant's Motion for a Sentence Reduction and submits the following in support thereof:

The government attempts to silo each of the factors or circumstances that this Court has the power to consider under Section 1.B.1.13 (b)(5) and does so precisely in an attempt to obfuscate what numerous courts have already done through (b)(5), which is to reduce sentences based on a combination of circumstances. Filed within hours after Defendant's Motion for a Sentence Reduction, it is clear the government failed to carefully read the Defendant's Motion. As reflected in the Defendant's Motion, rehabilitation alone cannot serve as a basis for reduction of sentence. Additionally, as reflected in Defendant's Motion, a lengthy sentence alone cannot serve as the basis for a reduction in lengthy sentence. However, as reflected in Defendant's motion, the circumstances or combination of circumstances, which must be extraordinary and compelling, can serve as the basis for a reduction in sentence if they reflect the same gravity of those enumerated circumstances under the policy statement.

1

In the Response to Defendant's Motion for a Sentence Reduction the government seeks to expand the impact of the Third Circuit's decision in United States v. Rutherford, 120 F.4th 360 (3rd Cir. 2024). Significantly, the Third Circuit's decision in United States v. Rutherford, supra., is a narrow decision involving 924(c), and specifically, section (b)(6). Essentially, the government asserts that the First Step Act changes in the law, applicable retroactively, have been fundamentally altered by the Third Circuit's decision in Rutherford. This is an inaccurate interpretation of the law. Not only does the government misrepresent that law as it applies to the First Step Act and to the broad discretion enjoyed by district courts in determining whether a motion for reduction of sentence is appropriate, it fails to address any of the cases cited in Mr. Coles' motion, or the mitigating circumstances presented by Mr. Coles. In the government's inexplicable effort to oppose Mr. Coles' Motion for a Sentence Reduction, the first four pages of the Response are devoted to a recitation of the facts reaching back more than twenty years, facts which this Honorable Court is well aware of, while completely ignoring the extraordinary rehabilitation demonstrated by Mr. Coles' since his incarceration. (See Govt. Response, Document No. 1962, pp. 1-4)[1]

There is a gaping hole in the government's argument, not only legally, but factually. The government's Response fails to address the decisions by district courts throughout this country

---

[1] Any reference to the violence alleged by the government regarding Mr. Coles in their factual recitation, which this Honorable Court properly excluded at trial, cannot be considered under the new 2024 policy statement. Pursuant to the 2024 Federal Sentencing Guidelines, acquitted conduct at sentencing can no longer be considered. Section 1B1.3(c). Specifically, the Amendment states, "Acquitted Conduct- Relevant conduct does not include conduct for which the defendant was criminally charged and acquitted of in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction." Although the Amendment does not comment on the use of uncharged, dismissed, or other relevant conduct, it is clear any allegation of violence that was related to charged conduct for which he was acquitted cannot be considered. Furthermore, many of the defendants that have received sentence reductions, unlike Mr. Coles, were convicted of violent acts. The government's reliance on any alleged violence by Mr. Coles is inaccurate, inapplicable and not relevant.

granting reductions in sentences based upon the paradigm that has developed since the First Step Act was enacted. There are a range of circumstances that the Court may consider in reducing a sentence, including the gross disparity between sentences that were imposed prior to the First Step Act, and those that would be imposed on defendants charged with the same or similar crimes today based on the changes in law created by the First Step Act.

In addition to the above, the government misinterprets the law as set forth in the Defendant's Motion regarding <u>United States v. Rutherford</u>, 120 F.4th 360 (3rd Cir. 2024). Specifically, the government asserts that the Motion filed by Mr. Coles exclusively relies on only one factor among many considerations that may be contemplated by the Court in determining whether to reduce Mr. Coles' sentence. The government wrongly asserts that Cole's Motion is exclusively contingent on any one of the factors set forth in the motion, and conducts a siloed attack on each factor individually without directly addressing what is clearly set out in the motion, that is, the combination of factors in conjunction with one another form the basis of Coles' Motion as set forth in (b)(5). The government argues that based on <u>United States v. Rutherford</u>, supra., "Compassionate Release," is foreclosed if a motion for reduction solely relies on (b)(6). The Motion on behalf of Mr. Coles does not assert that position. On the contrary, the length of Mr. Coles' sentence is one factor to be considered in combination with the other factors set forth in the Motion to form the extraordinary and compelling reasons for a reduction in his mandatory life sentence. In addition, the government goes even further by asserting the unsupported position that the First Step Act changes, made by Congress in 2018, cannot be applied to Mr. Coles. The government is wrong.

Congress did act, and the First Step Act was not extinguished by the Third Circuit's decision in <u>Rutherford</u>, supra. The government's position has been rejected by the decisions

3

referenced in Coles' Motion, including <u>United States v. Robinson</u>, 2025 WL 841014 (W. D. Pa. March 18, 2025)

Separately, the government asserts that even if FSA does apply to the mandatory life sentence under 851, because there has been no change of the Continuing Criminal Enterprise (CCE) law, a sentence reduction cannot be applied to this Count. Again, the government is wrong. In making this erroneous assertion, the government ignored the position they adopted in this very case four years ago in their response to Mr. Coles' First Step Act Motion. Specifically, in the Government's Response to Defendant's Motion for a Reduced Sentence Pursuant to the First Step Act of 2018, the government asserted that "Now, only Count 2 remains, and Coles is eligible for a reduction in sentence under Section 404 on that count because application of the Fair Sentencing Act reduces the statutory penalties applicable to the CCE count." (Document No. 1886, p. 12). The fact that there have been no changes under CCE does not nullify the request for a sentence reduction where, as the government conceded, the FSA applies to CCE.

While the government attempts to ignore the cases cited in Coles' Motion, this Court cannot. The government's decision to ignore the narrow reading of <u>Rutherford</u>, and the decision by numerous district courts to utilize the "catch-all" pursuant to (b)(5), demonstrate that relief is available to Mr. Coles pursuant to (b)(5).

The government has completely ignored the substance of Defendant's Motion which is reflected by the failure to address post-<u>Rutherford</u> decisions, including <u>United States v. Robinson</u>, supra. Citing cases from other Circuits in an effort to persuade this Court to deny Mr. Coles' Motion, the government fails to recognize the cases from other Circuits cited in Defendant's Motion that, through a combination of circumstances that were extraordinary and compelling, warranted the district courts' decisions to apply sentence reductions under (b)(5).

The following cases reflect the district courts' broad discretion to reduce sentences pursuant to (b)(5) in various jurisdictions. (See pp. 14, 15, 22 of Defendant's Motion to Reduce Sentence; United States v. Cain, 2024 WL 3950641, at *5 (W.D. Wash. Aug. 27, 2024); United States v. Movahhed, 2024 WL 496061, at *4 (D. Utah Feb. 8, 2024); United States v. Reynolds, Cr. No. 12-00084, at 6-7 (D. Mont. Apr. 30, 2024); United States v. Vanholten, 2023 WL 8357739, at *3-*5 (M.D. Fla. Dec. 1, 2023); United States v. Smith, 762 F. Supp. 3d 1249 (S.D. Fla. 2024); United States v. Cromitie, 2024 WL 216540, at *5-*8 (S.D.N.Y. Jan. 19, 2024); United States v. Johnson, 2025 WL 1088809 (C.D. Ill., April 11, 2025) (The district court reduced a mandatory life sentence to 360 months based on several factors pursuant to 1.B.1.13 (b)(5).); United States v. Evans, 759 F. Supp. 3d 1247 (S.D. Fla. 2024) (The defendant was sentenced to 595 months in a drug case to time served pursuant to (b)(5).); United States v. Robinson, 2025 WL 841014 (W. D. Pa. March 18, 2025).[2]

 Detailed in Mr. Coles' Motion for Sentence Reduction, page 17, the district court in Robinson, supra., four months after the Third Circuit's decision in United States v. Rutherford, supra., granted the defendant's motion for reduction of sentence pursuant to the "catch-all" provision set forth in Section 1B1.13(b)(5) of the amended policy statement, as well as the "unusually long" sentence provision set forth in (b)(6).

 The other gaping hole in the government's argument is that the changes in the law reflect the change in the sentencing paradigm and recognition that a life sentence for a nonviolent drug felony is irrational, does not serve society, and is no longer considered fair or just. Congress was

---

[2] One of the cases that the government relies on, an opinion offered by Judge Kearney, ignores the opposite conclusion Judge Kearney came to in a case cited in Mr. Coles' Motion. United States v. Derek Russell. (See page 41 of Coles' Motion for a Sentence Reduction.) In 2006, Derek Russell was sentenced to life in prison on drug charges. On April 28, 2023, his sentenced was reduced to 305 months. (Derek Russell Amended Judgement attached to Motion for a Sentence Reduction as Exhibit O.)

motivated to pass the First Step Act, and the Sentencing Commission sought to expand the basis upon which reductions in draconian sentences could be adjusted, was to address situations in cases like this.

Next, the government argues that Mr. Coles' preservation of the Alleyne issue is not extraordinary because it is a legal argument. This is belied by the cases that have recognized otherwise (e.g. United States v. Cromitie)³.

The government further argues that the consideration of Mr. Coles' preservation of the Alleyne issue on appeal is foreclosed by this Court's decision denying his 2255 petition. This is completely inaccurate. As set forth above, Mr. Coles submitted a Brief in Support of Expansion of the Record, which included all the mitigation submitted under the First Step Act five years ago, in 2020, as well as the more recent mitigation, both of which are submitted as Exhibits along with the present Motion. (See Defendant's Motion for a Sentence Reduction, Document No. 1961, Exhibit G, Exhibit J) Under this Honorable Court's power to order resentencing based upon the extraordinary and compelling effort by Mr. Coles to preserve the Alleyne issue in 2013, during the pendency of his direct appeal, as in Jamar Campbell's case, Your Honor could simply order a new sentencing hearing, which would mandate application of the First Step Act and the sentencing paradigm that has developed since Alleyne. (See Erlinger v. United States, 602 U.S. 821 (2024).)

---

[3] It is worth reminding that this Honorable Court has complete discretion to grant Mr. Coles a new sentencing hearing based on this Court's ruling in March of 2024, that the preservation of the Alleyne issue during the pendency of Appellant's direct appeal provides for the opportunity to order a new sentencing hearing. Significantly, the government has no legitimate response negating the power of the Court to do so. In United States v. Campbell, a co-defendant of Mr. Coles, the Third Circuit remanded Mr. Campbell's case and ordered a new sentencing hearing before this Honorable Court precisely because Campbell preserved the Alleyne issue during the pendency of his direct appeal. (See Exhibit A, Third Circuit Opinion – Campbell; Exhibit B, Amended Judgment - Campbell)

The government's desperate attempt to oppose Mr. Coles' Motion for Reduction of Sentence ignores the mitigation, ignores the rehabilitation, ignores the cases post-<u>Rutherford</u> from district courts ordering reductions under (b)(5) through a combination of circumstances, and similarly ignores the discretionary power of this Court to grant a Motion for Reduction of Sentence under (b)(5). In addition, the government ignores this Court's discretionary power to order a brand-new sentencing hearing pursuant to this Honorable Court's decision to permit Mr. Coles to expand the record following his preservation of the <u>Alleyne</u> issue on direct appeal twelve (12) years ago.

Mr. Coles has spent close to twenty years in prison in an extraordinary and compelling effort to rehabilitate. As reflected in the mitigation report, Mr. Coles lived under extremely dangerous circumstances as a young child and was brought up in a very destructive environment. Now at 51 years old, he has altered his life's trajectory while serving a life sentence. As this Honorable Court knows, you have the power to impose any level of reduction whether it is time served or to a greater term of years. The government's response to Defendant's Motion for a Sentence Reduction fails to address any of the significant issues raised.

WHEREFORE, Counsel for Defendant Alton Coles respectfully requests that Your Honor grant Defendant's Motion for a Sentence Reduction (Document No. 1961).

## **CERTIFICATE OF SERVICE**

I, Paul J. Hetznecker, Esquire, hereby certify that a copy of the foregoing was served on the following parties via the Court's electronic filing system (ecf):

Robert A. Zauzmer, Esquire
Chief of Appeals Unit
United States Attorney's Office
615 Chestnut Street, 12th Floor
Philadelphia, PA 19106

Francis A. Weber, Esquire
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, 12th Floor
Philadelphia, PA 19106

Respectfully submitted,

/s/ Paul J. Hetznecker, Esquire
Paul J. Hetznecker, Esquire
Attorney for Defendant, Alton Coles

Date:   June 11, 2025