NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-2159
_____

UNITED STATES OF AMERICA

v.

ROBERT COOPER,
     Appellant

_____

No. 09-2400
_____

UNITED STATES OF AMERICA

v.

KEENAN BROWN, a/k/a DOT, a/k/a Nino Brown

Keenan Brown,
     Appellant

_____

No. 09-3447
_____

UNITED STATES OF AMERICA

v.

JAMAR CAMPBELL,
also known as MAR

Jamar Campbell,
     Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action Nos. 2-05-cr-00440-005, 2-05-cr-00440-004,
2-05-cr-00440-006)
District Judge: Honorable R. Barclay Surrick

———————

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2013

Before:  AMBRO, HARDIMAN, and COWEN, Circuit Judges

(Opinion filed February 21, 2014)

———————

OPINION

———————

AMBRO, Circuit Judge

Jamar Campbell, Robert Cooper, and Keenan Brown were tried and convicted on multiple counts relating to their participation in a conspiracy to distribute cocaine and cocaine base.  On appeal, they raise challenges to both their convictions and their sentences.[1]  We affirm the convictions and sentences of Cooper and Brown.  We affirm Campbell's conviction but vacate his sentence and remand his case to the District Court for resentencing consistent with this opinion and with *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

**I. Background**

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

2

Exhibit A

Appellants were participants in a conspiracy to distribute large quantities of cocaine and cocaine base in the Philadelphia area and elsewhere between January 1998 and August 2005.  The conspiracy was headed by Alton Coles.  Campbell was a trusted member of the organization who delivered bulk quantities of cocaine and cocaine base supplied by Coles to sellers and collected cash from them to deliver to Coles.  Cooper and Brown were street-level sellers who sold controlled substances supplied by Coles.

In January 2006, a grand jury in the Eastern District of Pennsylvania issued an indictment charging Appellants, along with Coles and others, with various drug and firearm-related offenses.  Prior to trial, Campbell moved to suppress evidence seized from him and his car following his arrest.  The District Court held a hearing and denied the motion.  Following trial, a jury returned guilty verdicts against each Appellant in December 2008.  All three were convicted of conspiring to distribute cocaine and cocaine base as well as other offenses related to the conspiracy.  They moved for judgments of acquittal pursuant to Federal Rule of Criminal Procedure 29, which motions were denied by the Court.

The District Court found that Campbell's sentencing range under the United States Sentencing Guidelines ("Guidelines") was 360 months to life imprisonment.  The Court made two factual determinations—Campbell brandished a firearm and he was responsible for at least 150 kilos of cocaine—that increased his mandatory minimum sentence.  The Court determined that a sentence below the advisory range was warranted and imposed a term of imprisonment of 180 months on the drug counts, plus a consecutive term of 84 months for the brandishing of the firearm, for a total sentence of 264 months.

The Court initially determined that Cooper's Guidelines range was 324 to 405 months and imposed a sentence of 324 months. In reaching this conclusion, the Court made the factual finding that Cooper had been responsible for 4.5 kilos or more of cocaine base, which mandated a statutory minimum sentence of 240 months. After Cooper was sentenced, he received a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). Cooper's amended Guidelines range was 262 to 327 months, and the Court ultimately sentenced him to 262 months.

Brown's Guidelines range was 360 months to life imprisonment. Because Brown had two prior drug convictions, however, he faced a statutory mandatory sentence of life imprisonment, and the Court imposed that sentence.

Appellants filed timely notices of appeal.

## II. Standard of Review

We "review[] the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise[] plenary review of the District Court's application of the law to those facts." *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002) (citing *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998)). "'A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Price*, 558 F.3d 270, 276–77 (3d Cir. 2009) (quoting *United States v. Pelullo*, 173 F.3d 131, 135 (3d Cir.1999)).

We normally review a district court's evidentiary rulings for abuse of discretion. *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010). However, "[w]e review for

4

plain error those claims that were not preserved in the district court." *United States v. Boone*, 279 F.3d 163, 174 n.6 (3d Cir. 2002) (citing *United States v. Saada*, 212 F.3d 210, 224 (3d Cir. 2000)). To meet this standard, "'there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Haywood*, 363 F.3d 200, 206–07 (3d Cir. 2004) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

"On appeal from the grant or denial of a motion for judgment of acquittal, [we] exercise[] plenary review and independently appl[y] the same standard as the district court." *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005) (citing *United States v. Coleman*, 811 F.2d 804, 807 (3d Cir. 1987), and *United States v. Jannotti*, 673 F.2d 578, 598 (3d Cir. 1982) (*en banc*)). Applying that standard, "we . . . view the evidence in the light most favorable to the government, and will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (quotation marks and citations omitted).

We exercise plenary review over the District Court's interpretation of the Guidelines, and review factual findings for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (*en banc*).

### III. Discussion

    A.  Campbell

Campbell raises three principal challenges on appeal: (1) the Government unlawfully searched his vehicle following his arrest in violation of the Fourth Amendment; (2) the evidence was insufficient to support his conviction for conspiracy to distribute cocaine and cocaine base; and (3) the Court incorrectly calculated his Guidelines range and made factual findings that raised the statutory mandatory minimum in violation of *Alleyne*, 133 S. Ct. at 2155.[2] In *Alleyne*, the Supreme Court overruled *Harris v. United States*, 536 U. S. 545 (2002), and extended the rule from *Apprendi v. New Jersey*, 530 U.S. 466, 491-92 (2000)—that facts increasing punishment beyond the statutory maximum must be found by a jury beyond a reasonable doubt— to mandatory minimum sentences. *See Alleyne*, 133 S. Ct. at 2158. Under *Alleyne*, facts that increase a statutory mandatory minimum sentence must also be found by a jury beyond a reasonable doubt. *Id.*

Campbell argues that the Court should have suppressed the five ounces of cocaine found in the console of his car because he was securely detained away from the vehicle when the search was conducted. At the time of the search, we had interpreted the

---

[2] In his supplemental brief, Campbell has raised several new arguments, though none is persuasive. He claims that the District Court failed to rule on his *pro se* motion for a role reduction pursuant to Guidelines § 3B1.2. However, he was represented by counsel at sentencing, and in any event this issue can be considered at resentencing. *See Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain *pro se* motions filed by a represented party."). Campbell also challenges the sufficiency of the wiretap application. That claim is waived because he failed to raise it in the District Court and it is otherwise without merit. *See United States v. Berrios*, 676 F.3d 118 (3d Cir. 2012). Campbell similarly raises two alleged *Brady* violations for the first time before this Court, but those claims are also unpersuasive and do not approach plain error. *See United States v. Mota*, 685 F.3d 644, 648 (7th Cir. 2012).

6

Supreme Court's decision in *New York v. Belton*, 453 U.S. 454 (1981), as holding that "that the police may, incident to a lawful custodial arrest, search without a warrant the passenger compartment of an automobile even though its passengers are standing outside of it."[3] *United States v. Schecter*, 717 F.2d 864, 868 (3d Cir. 1983). The District Court determined that the search was lawful on the basis of that rule. While the Supreme Court has subsequently rejected our broad reading of *Belton* in *Arizona v. Gant*, 556 U.S. 332 (2009), it has also held that the exclusionary rule does not prohibit the admission of evidence obtained through a search conducted in reasonable reliance on then-binding circuit court interpretations of *Belton*. *Davis v. United States*, 131 S. Ct. 2419 (2011). As that is what happened here, the evidence obtained from the search of Campbell's car was admissible.

Campbell next challenges the jury's conspiracy conviction. "The essential elements of a drug distribution conspiracy under 21 U.S.C. § 846 are: '(1) a shared unity of purpose, (2) an intent to achieve a common goal, and (3) an agreement to work together toward the goal.'" *United States v. Iglesias*, 535 F.3d 150, 156 (3d Cir. 2008) (quoting *United States v. Bobb*, 471 F.3d 491, 494 (3d Cir. 2006)). At trial, the Government submitted evidence of drugs possessed by Campbell and supplied by Coles, tapes of telephone calls between Campbell and Coles, and testimony of other

---

[3] Campbell argues as well that the underlying arrest was unlawful. We are not persuaded. A warrantless arrest is permissible provided there exists "probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Prior to the arrest, a reliable informant had provided a detailed tip that Campbell would be engaging in a large drug transaction at the time and place where he was arrested. When the police approached Campbell to conduct an investigatory stop, Campbell pointed a firearm at them. This created the requisite probable cause.

7

coconspirators—all of which implicated Campbell as an active participant in the conspiracy. On this record, a rational trier of fact easily could have found that the essential elements of a drug conspiracy were satisfied beyond a reasonable doubt.[4]

Finally, Campbell asks that we remand for resentencing. The Government concedes that the District Court incorrectly calculated the Guidelines range applicable to Campbell and that this error alone warrants remand. *See United States v. Knight*, 266 F.3d 203, 206 (3d Cir. 2011); *United States v. Langford*, 561 F.3d 205, 212 (3d Cir. 2008). We also remand for resentencing because the District Court made several factual determinations[5] that increased the statutory mandatory minimum sentence in violation of the recent decision of the Supreme Court in *Alleyne*, 133 S. Ct. at 2155.[6]

---

[4] Campbell also contends that the District Court abused its discretion in denying his motion for a new trial because the verdict was against the weight of the evidence. "[E]ven if a district court believes that the jury verdict [was] contrary to the weight of the evidence, it can order a new trial 'only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted.'" *United States v. Silveus*, 542 F.3d 993, 1004–05 (3d Cir. 2008) (quoting *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002)). We see no reason to believe that such a miscarriage has occurred.

[5] As the Government correctly notes, if the only error in Campbell's sentence was the Court's drug quantity finding in violation of *Alleyne*, that error would likely be harmless because the sentence was far greater than the mandatory minimum. However, in light of the other errors, the Government has conceded that the drug quantity finding should be vacated.

[6] Campbell also appeals the District Court's application of a sentencing enhancement for obstruction of justice, U.S.S.G. § 3C1.1. We have reviewed the record and do not discern any clear error in the factual findings underlying the imposition of this sentencing enhancement. Campbell seems to suggest that the District Court violated his constitutional rights by calculating his Guidelines range and applying a Guidelines enhancement for obstruction of justice on the basis of facts not found by the jury. This argument is precluded by our prior decisions. *See Grier*, 475 F.3d at 564.

B. Cooper

Cooper raises two issues relating to his sentencing: (1) the District Court violated *Alleyne* by calculating his mandatory minimum sentence on the basis of facts that had not been found by the jury beyond a reasonable doubt; and (2) the Court incorrectly refused to grant a reduction to his offense level, pursuant to U.S.S.G. § 3B1.2(b), as a "minor participant" in the criminal offense.[7]

Like Campbell, Cooper argues that we must remand for resentencing because the District Court made factual determinations that violated *Alleyne*, 133 S. Ct. at 2155. In this case, the jury found beyond a reasonable doubt that Cooper was responsible for distributing a detectable amount of cocaine base. Because he had a prior drug conviction, this finding resulted in a statutory maximum sentence of 30 years, but no mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(C). However, at Cooper's sentencing hearing the Court found by a preponderance of the evidence that Campbell was responsible for the distribution of significantly more cocaine base, at least 4.5 kilograms. Combined

---

[7] In addition, Cooper contends that the District Court erred in holding that U.S.S.G. § 5K2.23—which provides that a downward departure may be appropriate if a defendant has completed a term of imprisonment for a separate but related offense—did not apply to his sentence. For this to occur, the related offenses must serve to increase the defendant's offense level. *United States v. Parker*, 512 F.3d 1037, 1040 (8th Cir. 2008); *United States v. DeCologero*, 530 F.3d 36, 71 (1st Cir. 2008). Because neither of the related offenses asserted did so in this case, we agree with the District Court that Cooper was not eligible for a departure under this provision.

with the prior conviction, this triggered a mandatory minimum sentence of 240 months. 21 U.S.C. § 841(b)(1)(A).[8] This mandatory minimum violates *Alleyne*.

The Government argues that, unlike Campbell, Cooper's case need not be remanded because, although the judicial determination violated *Alleyne*, it was harmless in light of the sentence imposed. A remand is not necessary "[i]f the party defending the sentence persuades the court of appeals that the district court would have imposed the same sentence absent the erroneous factor . . . ." *Williams v. United States*, 503 U.S. 193, 203 (1992); *see also* Fed. R. Crim. P. 52(a). Like harmless error under *Apprendi*, a district court's factual determination that increases the statutory mandatory minimum sentence in violation of *Alleyne* is harmless where it is shown beyond a reasonable doubt that the factual findings had no effect on the actual sentence imposed. *See United States v. Vazquez*, 271 F.3d 93, 98 (3d Cir. 2001) (*en banc*); *see also United States v. Davis,* 736 F.3d 783, 784-85 (8th Cir. 2013) (holding factual determination in violation of *Alleyne* to be harmless error); *United States v. Harakaly*, 734 F.3d 88, 94 (1st Cir. 2013) ("Since *Alleyne* is an extension of the *Apprendi* doctrine, the same [harmless error standard] should apply to *Alleyne* errors.") (collecting cases); *United States v. Mack*, 729 F.3d 594, 609 (6th Cir. 2013).

Cooper points to no evidence that the District Court relied on the mandatory minimum that resulted from its *Alleyne*-violating factual determination when it calculated

---

[8] Like Campbell, Cooper also makes the incorrect argument that the District Court violated his constitutional rights by calculating his Guidelines range on the basis of facts not found by the jury. *See Grier*, 475 F.3d at 564.

his sentence. In contrast, the Government makes a strong showing that the *Alleyne* violation was not relevant to the ultimate sentence imposed. Cooper's initial Guidelines range was 324-405 months' imprisonment, far above the *Alleyne* minimum of 240 months. Based on this range, the District Court sentenced Cooper to 324 months' imprisonment, the bottom of the Guidelines range but still some 84 months above the *Alleyne* minimum. After the Sentencing Commission lowered the crack offense levels, the District Court reduced Cooper's sentence to 262 months, the bottom of his new Guidelines range of 262 to 327 months' imprisonment. Again, this sentence was above the *Alleyne* minimum of 240 months. In this context, the *Alleyne* violation was harmless because the statutory minimum sentence did not factor into the sentence determined by the District Court.

Cooper also argues that he was entitled to a reduction in his offense level as a "minor participant" because the evidence at trial demonstrated that he was a street-level dealer with no management role in the conspiracy and the jury found him responsible for the distribution of only a small amount of cocaine base.[9] As noted, however, the Court found by a preponderance of the evidence that Cooper was responsible for distributing significantly more cocaine base than did the jury. It also found that Cooper was involved in the conspiracy on an almost daily basis (except for time he spent in jail) for several years and that street-level sellers like Campbell were an integral part of the conspiracy's

---

[9] Cooper claims that the District Court abused its discretion by not granting a downward variance on these grounds. For the same reasons, we disagree.

11

success. That Campbell was not a top-level manager of the conspiracy does not make clearly erroneous the Court's finding that he was more than a minor participant.

    C.    <u>Brown</u>

Brown contends that (1) the District Court erred in admitting evidence of two prior convictions for possession with intent to sell, and (2) it mistakenly denied his post-trial motion to set aside the jury's finding as to the drug amount for which he was responsible.

Brown asserts that evidence of his prior convictions was inadmissible under Federal Rule of Evidence 404(b). Because he never objected to the admission of such evidence at trial, his appeal on this issue is subject to plain error review. Rule 404(b) provides in pertinent part that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." We have held, however, that "intrinsic" evidence—which includes evidence that "directly proves" the charged offense—is not subject to Rule 404(b). *United States v. Green*, 617 F.3d 233, 248–49 (3d Cir. 2010) (citation and quotation marks omitted). Both of the convictions were for drug transactions that were alleged in the conspiracy count as overt acts committed in furtherance of the conspiracy. As such, evidence of the convictions directly proved the charged offense, and was not subject to Rule 404(b). Moreover, even if evidence of Brown's convictions were subject to this Rule, its admission did not seriously affect the fairness, integrity, or public reputation of judicial proceedings, and thus is not reversible as plain error.

Brown raises one other issue—the sufficiency of the evidence supporting his conspiracy conviction. As noted, the Court instructed the jury to decide beyond a reasonable doubt the amount of cocaine base for which Brown was responsible. On the basis of that instruction, the jury found that that Brown would have reasonably foreseen that the conspiracy distributed 50 grams or more of cocaine base. In conjunction with Brown's two prior convictions for drug offenses, this finding triggered a statutory mandatory sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A). Evidence submitted at trial showed that the conspiracy distributed up to 50 grams a week at its Cecil Street operation, where Brown was a street-level seller for an extended period of time. Even if he were unaware of the operation's extent, we cannot say that a reasonable trier of fact could find that Brown should not have reasonably foreseen that the conspiracy would result in the total distribution of 50 grams or more of cocaine base.

* * * * *

For these reasons, we affirm the convictions and sentences of Cooper and Brown, and we affirm the conviction of Campbell. We vacate Campbell's sentence and remand for resentencing consistent with this opinion.