IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| v. | : | CRIMINAL NO. 05-440 |
| ALTON COLES | : | |

## JOINT STATUS REPORT

In accordance with the Court's January 21, 2026 Order (ECF No. 1992), the parties submit this joint status report in advance of the February 17, 2026 Resentencing Hearing.

At the January 20, 2026 hearing, the Court requested a chart showing the counts for which the defendant was previously sentenced and the mandatory minimum and maximum sentences of imprisonment for those counts. This information is as follows:

| Count No. | Charge | Sentence Received | Minimum Term of Imprisonment | Maximum Term of Imprisonment |
| --- | --- | --- | --- | --- |
| 2 | Continuing criminal enterprise (21 U.S.C. § 848(a) and (b)(1)) | Life imprisonment | 20 years | Life |
| 38, 41, 43, 45-48, 50-55 | Use of a communication facility to facilitate the distribution of cocaine or cocaine base ("crack") (21 U.S.C. § 843(b)) | 4 years imprisonment per count; 1 year SV per count | | 4 years |
| 40 and 62 | Distribution and possession with the intent to distribute cocaine or cocaine base ("crack") and aiding and abetting (21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2) | 30 years imprisonment per count; 6 years SV per count | | 30 years (prior conviction) |
| 49 and 61 | Maintaining a storage facility and aiding and abetting | 20 years imprisonment per | | 20 years |

1

| Counts | Offense | Statutory Maximum | Mandatory Minimum | Total |
|---|---|---|---|---|
| | (21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2) | count; 3 years SV per count | | |
| 59, 60, 69, 71 | Possession of a firearm by a convicted felon and aiding and abetting (18 U.S.C. § 922(g)(1)) | 10 years imprisonment per count; 3 years SV per count | | 10 years |
| 68 | Carrying a firearm during an in relation to a drug trafficking crime and aiding and abetting (18 U.S.C. §§ 924(c)(1)(A) and 2) | 5 years imprisonment to run consecutively | Mandatory minimum consecutive term of 5 years | Mandatory minimum consecutive term of 5 years |
| 77, 80 | Money laundering conspiracy (18 U.S.C. § 1956(h)) | 20 years imprisonment per count; 3 years SV per count | | 20 years |
| 78, 79, 176 | Money laundering with intent to conceal or disguise proceeds of drug trafficking and aiding and abetting (18 U.S.C. § 1956(a)(l)(B)(I)) | 20 years imprisonment per count; 3 years SV per count | | 20 years |
| 81-86 | Structuring (31 U.S.C. § 5324(a)(3),(d)) | 5 years imprisonment on each count, all such terms to run concurrently; 3 years SV per count | | 5 years |

The Court also requested that the parties provide, for each co-defendant in the case, his or her original sentence, amended sentence(s), reasons for the amended sentence(s) and custodial status, including date of release. This information is as follows:

2

| Defendant | Original Sentence | Amended Sentence #1 | Amended Sentence #2 | Custody / Release Date[1] |
|---|---|---|---|---|
| Alton Coles (1) | Life plus 55 years' imprisonment, 6 years SR (ECF No. 1084) | Life plus 55 years, 6 years SR (ECF No. 1088)[2] | Life plus 5 years, 6 years SR (ECF No. 1588)[3] | Custody |
| Al Zuagar (2) | 102 months' imprisonment, 5 years SR (ECF No. 1224) | 102 months' imprisonment, 5 years SR (ECF No. 1229) | | 2/6/2014 |
| Charlton Custis (3) | 66 months' imprisonment, 3 years SR (ECF No. 1214) | | | 4/14/2011 |
| Keenan Brown (4) | Life imprisonment, 8 years SR (ECF No. 1106) | 132 months' imprisonment, 4 years SR (ECF No. 1650)[4] | | 3/17/2019 |

---

[1] For "Release Date," the parties are using the date on which the Bureau of Prison's website says "Not in BOP Custody as of."

[2] The original sentence was amended two days after the original sentence to reflect that additional counts on which the defendant was found not guilty or were vacated. The sentences are identical with respect to the amount of imprisonment and supervised release.

[3] This second amended sentence was issued in connection with the Third Circuit's decision in *United States v. Coles*, 558 F. App'x 173 (3d Cir. Jan. 16, 2014), which held that two of the three § 924(c) convictions had to be vacated because they were based on the same predicate crime. This decision was based on a Third Circuit case that was decided after Coles' trial. 558 F. App'x at 188.

[4] On August 21, 2014, Brown, a street-level dealer in the Coles organization, filed a § 2255 petition. (ECF No. 1616, 1620.) On March 13, 2015, the parties agreed to resolve the § 2255 via dismissal of Counts 1 and 11 and resentencing on Count 9, distribution of five or more grams of crack, to 132 months. (ECF No. 1648, 1650, 1651.)

The defendant had entered into a plea agreement before trial to plead guilty to Count 9 only, which, at the time, carried a 5-year mandatory minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(B). (ECF No. 966.) The government filed an 851 Notice before the plea hearing, which would have had resulting in a ten-year mandatory minimum sentence on Count 9. (ECF No. 968.) During the guilty plea hearing, the defendant advised that he did not want to plead guilty, and so he proceeded to trial. (ECF No. 969.) At trial, Brown was found guilty on Counts 1, 9, and 11. The 851 Notice resulted in a mandatory life sentence on Count 1, conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of crack, because the Notice listed two prior drug felonies.

In his § 2255, Brown claimed that he did not receive enough advice about the plea agreement and the implications of his decision to reject the plea and proceed to trial. (ECF No. 1616 at 5–9.) The government did not contest this allegation and agreed to enter into the March 13, 2015 agreement, which the Court accepted. (ECF No.

| Robert Cooper (5) | 324 months' imprisonment, 6 years SR (ECF No. 1083) | 262 months' imprisonment (ECF No. 1449)[5] | 210 months' imprisonment (ECF No. 1689)[6] | 12/31/2020 |
|---|---|---|---|---|
| Jamar Campbell (6) | 264 months' imprisonment, 5 years SR (ECF No. 1199) | 120 months' imprisonment, 3 years SR (ECF No. 1603)[7] | | 10/3/2014 |
| Gary Creek (7) | 108 months' imprisonment, 4 years SR (ECF No. 1293) | | | 5/31/2013 |
| Timothy Baukman (8) | 360 months' imprisonment, 10 years SR (ECF No. 1347)[8] | | | Custody – release date of 8/27/2031 |

1648, 1650.)

[5] The Court entered this order pursuant to 18 U.S.C. § 3582(c)(2), which applies when a defendant has been sentenced to a term of imprisonment based on a guideline range that was subsequently lowered. The defendant's guideline range was initially 324 to 405 months' imprisonment, but retroactive amendments to the crack cocaine guidelines lowered the range to 262 to 327 months' imprisonment. (ECF No. 1448.) The parties agreed that the defendant's sentence should be reduced to 262 months. (*Id.*)

[6] The Court entered this order pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines, which lowered most of the drug guidelines by two levels. The parties agreed that, based on Amendment 782, the defendants' guidelines range was 210 to 262 months' imprisonment and a sentence of 210 months' imprisonment was appropriate. (ECF No. 1688, 1689.)

[7] Campbell was originally sentenced based on a drug quantity of 50 grams of crack and 150 kilograms of cocaine, which triggered a base offense level of 38. (ECF No. 1597.) On appeal, the government conceded an error as to the guidelines calculation—specifically, that the range was 292 to 365 months, not 360 months' to life. (*Id.*) The Third Circuit affirmed his conviction but vacated the sentence based on this error. *United States v. Cooper*, 556 F. App'x 75, 81 (3d Cir. 2014). The Third Circuit also remanded for resentencing because Campbell received a seven-year mandatory minimum sentence for brandishing a firearm based on the Court's findings at sentencing, which conflicted with the Supreme Court's decision in *Alleyne* (which was decided while Campbell's appeal was pending). *Id.* At resentencing, the government's position was that the defendant's guidelines range was 235 to 293 months' imprisonment, plus 60 months for the § 924(c). (ECF No. 1600.) The government requested a sentence of 178 months' imprisonment less any variance the Court deemed appropriate based on post-sentencing rehabilitative efforts. (*Id.*)

[8] Coles' Counsel was under the mistaken belief that Baukman had received a life sentence that was reduced to 360 months. Obviously, the docket reflects that even though he faced a life sentence he only received a sentence of 360 months. Mr. Baukman filed a Motion for Compassionate Release due to COVID-19 (ECF No. 1861) which was denied (ECF No. 1879). Baukman's Habeas Petition Pursuant to §2255 (ECF No. 1682) was denied and is presently on appeal in the Third Circuit. (ECF No. 1972). According to the docket, Mr. Baukman has not filed a First Step Act Motion.

| Hakiem Johnson (9) | 180 months' imprisonment, 5 years SR (ECF No. 1131) | | | 2/27/2019 |
|---|---|---|---|---|
| Dante Tucker (10) | 180 months' imprisonment, 5 years SR (ECF No. 1469) | 120 months' imprisonment, 3 years SR (ECF No. 1508)[9] | | 1/4/2016 |
| Terry Walker (11) | Charges dismissed or found not guilty at trial (ECF No. 1018) | | | N/A |
| Monique Pullins (12) | 42 months' imprisonment, 5 years SR (ECF No. 1185) | | | 3/17/2011 |
| James Morris (13) | Life imprisonment, 10 years SR (ECF No. 1357) | 262 months' imprisonment, 10 years SR (ECF No. 1806)[10] | | 7/8/2024 |
| Desmond Faison (14) | 90 months' imprisonment (ECF No. 1124) | | | 9/19/2012 |
| Anwar Linder | 78 months' | | | 5/27/2011 |

---

[9] Tucker pled guilty only to Count 194, possession of a firearm by a felon. The original sentence was vacated by the Third Circuit (ECF No. 1496) in *United States v. Tucker*, 703 F.3d 205 (3d Cir. 2012). The Third Circuit found that the defendant was not subject to a 15-year mandatory minimum term of imprisonment because his two of his prior felony convictions were not "serious drug offenses." On remand, the District Court imposed a sentence of 10 years' imprisonment on the count 194. (ECF No. 1508.)

[10] On May 7, 2015, Morris filed a § 2255 petition, which alleged that Morris would have entered into a plea agreement had he received proper counsel from his attorneys regarding the strength of the evidence against him and the fact that he faced a mandatory life sentence if convicted. (ECF No. 1665, 1777.) After significant briefing and three evidentiary hearings, the parties entered into an agreement to re-sentence Morris. (ECF No. 1680, 1783, 1802; *see also* ECF No. 1783 at 15, Ex. B and Ex. C (referencing offers to resolve the § 2255 prior to disposition by the Court.))

The defendant's guidelines at the time of sentencing were 262 to 327 months. At the time of his resentencing, the guidelines were 210 to 262 months. (ECF No. 1783, Ex. B and Ex. C; ECF No. 1804.) The parties agreed that they would recommend a sentence of between 262 to 300 months' imprisonment, which was an upward variance from his guidelines. (ECF No. 1803, 1804.) This guidelines range was based on a drug weight of 150 kilograms of cocaine. The government also agreed to file a Section 851 Information listing only one of his prior felony drug offenses. (*Id.*)

| | | | | |
|---|---|---|---|---|
| (15) | imprisonment, 4 years SR (ECF No. 1141) | | | |
| Tyrek McGeth (16) | 180 months' imprisonment, 5 years SR (ECF No. 1069) | | | 7/19/2019 |
| Kristina Latney (17) | 3 years' probation (ECF No. 1160) | | | N/A |
| Asya Richardson (18) | 24 months' imprisonment, 2 years SR (ECF No. 1388) | Immediate release on bail granted on 9/23/11 (ECF No. 1432) following Appeal. (ECF No. 1395) | | 9/23/2011 |
| Lynette Simpson (19) | 1 day imprisonment, 5 years SR (ECF No. 841) | | | Unknown |
| Adrian McKenzie (20) | 180 months' imprisonment, 5 years SR (ECF No. 1157) | 168 months' imprisonment (ECF No. 1714)[11] | | 9/1/2021 |
| Antonio Lamont Jackson (21) | 72 months' imprisonment, 5 years SR (ECF No. 1286) | | | 8/31/2015 |
| Thais Thompson (22) | 12 months' imprisonment, 30 months SR (ECF No. 1278) | | | 7/8/2011 (began 7/12/10) |

---

[11] The defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 due to retroactive reductions in the drug weight guidelines. (ECF No. 1673.) The parties agreed that he was eligible for a reduction but disagreed as to the amount of the reduction, with the defendant seeking a new sentence of 120 months and the government seeking 168 months. (*Id.*; ECF No. 1677.) The Court ultimately decided that a reduction to 168 months was warranted. (ECF No. 1714.)

                                                Respectfully submitted,

                                                DAVID METCALF
                                                United States Attorney

*/s/ Paul J. Hetznecker*                       */s/ Francis A. Weber*
Paul J. Hetznecker, Esq.                  FRANCIS A. WEBER
Counsel for Alton Coles                   Assistant United States Attorney

Date:   February 10, 2026