AO 245C (Rev. 11/25)   Amended Judgment in a Criminal Case
            Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ALTON COLES | ) **THIRD AMENDED JUDGMENT IN A CRIMINAL CASE**<br>)<br>) Case Number.:   DPAE2:05CR000440-001<br>) USM Number:   59791-066 |

**Date of Original Judgment:**   3/31/2014 (Second Amended)
*(Or Date of Last Amended Judgment)*

)   PAUL J. HETZNECKER, ESQUIRE
)   Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☑ was found guilty on count(s)   1,2,38,40,41,43,45 through 49,50 through 55,59,60,61,62,68,69,71,77 through 86,and 176
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:846 and 847(b)(1)(A) | Conspiracy to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base ("crack") | 8/31/2005 | 1 |
| 21:848(a) and (b)(1) | Continuing criminal enterprise | 8/10/2005 | 2 |

    The defendant is sentenced as provided in pages 2 through __11__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)   42,56,87,88,181 and 182

☑ Count(s) 1,44,183,184 _____   ☐ is ☑ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/17/2026
_____
Date of Imposition of Judgment

_____
Signature of Judge

The Hon. Kai N. Scott,      U.S. District Judge
_____
Name and Title of Judge

2/20/2026
_____
Date

AO 245C (Rev. 11/25)    Amended Judgment in a Criminal Case
          Sheet 1A                                                                    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page  2  of  11

DEFENDANT: ALTON COLES
CASE NUMBER: DPAE2:05CR000440-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:843(b) | Use of communication facility to facilitate the distribution of cocaine or cocaine base ("crack") | 7/31/2005 | 38,41,43, and 45 through 48 |
| 21:841(a),(b)(1)(C) | Distribution and possession with the intent to distribute cocaine or cocaine base ("crack") and aiding and abetting | 8/10/2005 | 40 and 62 |
| 21:856(a)(2) and 18:2 | Maintaining a storage facility and aiding and abetting | 8/10/2005 | 49 and 61 |
| 18:922(g)(1) | Possession of a firearm by a convicted felon and aiding and abetting | 8/10/2005 | 59,60,69,71 |
| 18:924(c)(1)(A) | Carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting | 8/10/2005 | 68 |
| 18:1956(h) | Money laundering | 2/8/2006 | 77 and 80 |
| 18:1956(a)(1)(B)(I) | Money laundering with intent to conceal or disguise proceeds of drug trafficking and aiding and abetting | 8/10/2005 | 78,79, and 176 |
| 31:5324(a)(3),(d) | Structuring | 7/29/2005 | 81 through 86 |
| 21:843(b) | Use of a communication facility to facilitate the distribution of cocaine or cocaine base ("crack") | 7/31/2005 | 50 through 55 |

*The convictions on Counts 70 and 72 were vacated by the Third Circuit Court of Appeals

AO 245C (Rev. 11/25)   Amended Judgment in a Criminal Case
         Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __3__ of __11__

DEFENDANT: ALTON COLES
CASE NUMBER: DPAE2:05CR000440-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

SEE PAGE 4

☑  The court makes the following recommendations to the Bureau of Prisons:
The Defendant shall remain at the Federal Detention Center in Philadelphia, Pennsylvania, pending calculation of good conduct time by the Bureau of Prisons and determination of his release date. It is further recommended that the Defendant be designated to a correctional or reentry facility as close as possible to Philadelphia, Pennsylvania.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐   a.m.   ☐   p.m.   on _____   .

    ☐   as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____   .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
    DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 11/25)   Amended Judgment in a Criminal Case
              Sheet 2A — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page   4   of   11

DEFENDANT: ALTON COLES
CASE NUMBER: DPAE2:05CR000440-001

## ADDITIONAL IMPRISONMENT TERMS

**Count 2** - 240 months' imprisonment; no term of supervised release to follow.

**Counts 38, 41, 43, 45 through 48, and 50 through 55** - 48 months' imprisonment on each count, to run concurrently with Count 2, plus one (1) year of supervised release on each count, all terms of supervised release to run concurrently.

**Counts 40 and 62** - 240 months' imprisonment on each count, to run concurrently with Count 2, plus six (6) years of supervised release on each count, all terms of supervised release to run concurrently.

**Counts 59, 60, 69, and 71** - 120 months' imprisonment on each count, to run concurrently with Count 2, plus three (3) years of supervised release on each count, all terms to run concurrently.

**Count 68** - 60 months' imprisonment, to run consecutively to all other counts, plus five (5) years of supervised release.

**Counts 49, 61, 77 and 80** - 240 months' imprisonment on each count, to run concurrently with Count 2, plus three (3) years of supervised release, to run concurrently with Count 2.

**Counts 78, 79, and 176** - 240 months' imprisonment on each count, to run concurrently to Count 2, plus three (3) years of supervised release on each count, all terms to run concurrently with Count 2.

**Counts 81 through 86** - 60 months' imprisonment on each count, to run concurrently with Count 2, plus three (3) years of supervised release on each count, all terms to run concurrently with Count 2.

**For an aggregate term of imprisonment: 300 months. The Defendant shall receive credit for time served.**

AO 245C (Rev. 11/25)    Amended Judgment in a Criminal Case
    Sheet 3 — Supervised Release                                                                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page  5  of  11

DEFENDANT: ALTON COLES
CASE NUMBER: DPAE2:05CR000440-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Counts 38, 41, 43 through 48, and 50 through 55 –  one (1) year of supervised release on each count, all terms of supervised release to run concurrently.

Counts 40 and 62 – six (6) years of supervised release on each count, all terms of supervised release to run concurrently.

Counts 59, 60, 69, and 71 – three (3) years of supervised release on each count, all terms to run concurrently.

Count 68 –  five (5) years of supervised release.

Counts 749, 61, 77 and 80 –  three (3) years of supervised release, to run concurrently.

Counts 78, 79, and 176 – three (3) years of supervised release on each count, all terms to run concurrently.

Counts 81 through 86 – three (3) years of supervised release on each count, all terms to run concurrently.

Upon release, the Defendant shall immediately undergo evaluation for drug and alcohol treatment and shall participate in any recommended treatment.

The Defendant shall seek and maintain lawful employment.

All standard conditions of supervision, as well as all other conditions set forth in the Second Amended Judgment and Commitment Order, shall remain in effect.

The Defendant shall be considered for participation in the Re-Entry Court program.

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐    The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.    ☐    You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.    ☑    You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.    ☐    You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.    ☐    You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 11/25)   Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __6__ of __11__

DEFENDANT: ALTON COLES
CASE NUMBER: DPAE2:05CR000440-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.    You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.    After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.    You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.    You must answer truthfully the questions asked by your probation officer.
5.    You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.    You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.    You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.    You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.    If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.   You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.   You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.   If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.   You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245C (Rev. 11/25)   Amended Judgment in a Criminal Case
       Sheet 5 — Criminal Monetary Penalties                       (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __7__ of __11__

DEFENDANT: ALTON COLES
CASE NUMBER: DPAE2:05CR000440-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 3,400.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| TOTALS | $                    0.00 | $                    0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:
       *The obligation to pay an assessment ceases five (5) years after the date of the judgment pursuant to 18 U.S.C. Section 3013(c). Further, findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1194, but before April 23, 1996.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 11/25)  Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __8__ of __11__

DEFENDANT: ALTON COLES
CASE NUMBER: DPAE2:05CR000440-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

     **The obligation to pay an assessment ceases five (5) years after the date of the judgment pursuant to 18 U.S.C. Section 3013(c). Therefore the $3,400.00 special assessment is expired.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The **defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.**

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
| --- | --- | --- | --- |
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245C (Rev. 11/25)   Amended Judgment in a Criminal Case
                       Sheet 6B — Schedule of Payments                                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page  9  of  11

DEFENDANT: ALTON COLES
CASE NUMBER:  DPAE2:05CR000440-001

## ADDITIONAL FORFEITED PROPERTY

a. A Baikal Model IJ-70, .380 caliber semi-automatic pistol, serial number A013845, loaded with four live rounds of ammunition;

b. A Ruger, Model GP100, .357 caliber revolver, serial number 1790-73433, loaded with six live rounds of ammunition;

c. A Ruger, Model P93D.C, 9 millimeter pistol, serial number 306-01790, loaded with 12 live rounds of ammunition;

d. A Radom, Model 35, calmer 9 millimeter, semi-automatic pistol, serial number A8512;

e. A Baretta,caliber 9 millimeter,, semi-automatic pistol, serial number 082733MC, loaded with seven rounds of live ammunition;

f. A silver and black Smith & Wesson 9 millimeter, semi-automatic handgun,serial number TEU8998, loaded with four rounds of live ammunition;

g. A Glock, Model 23, caliber .40 Smith & Wesson, semi-autotllntic pistol, serial number AFB794US loaded with 9 rounds or live ammunition;

h. Ingram 9 millimeter semi-automatic handgun, Model M11, serioal number 85-0006193, loaded with 29 live rounds of 9 millimeter ammunition;

i. Full Metal Jacket 9 millimeter, semi-automatic handgun, Model CM11, serioal number obliterated, loaded with 30 live rounds of 9 millimeter ammunition;

j. Taurua .38 revolver, Model 85, serial number SE28453, loaded with 5 live rounds of .38 caliber ammunition;

k. Smith and Wesson 9 millimeter semi-automatic handgun, Model 910, serioal number VKN4799, loaded with 10 live rounds of ammunition;

l. Auto Ordance .45 caliber semi-automatic handgun, Model 1911 A1, serioal number AOC43338. loade dwith seven live rounds of ammunition;

m. .223 caliber Ruger rifle, Model Mini-14, serial number 186-76850;

n. Mossberg 12-gauge shotgun, Model 500A, serioal number P219487, and two 12-gauged rounds of live ammunition;

o. 9 millimeter Hi-Point rifle, Model 995, serial number A80874, loaded with 10 live rounds of 9 millimeter ammunition;

p. 9 millimeter Leinad semi-automatic handgun, serial number 940019957, and magazine containing 32 live rounds of 9 millimeter ammunition;

r. .22 caliber Stoeger Arms semi-automatic handgun, Model .22 Caliber Luger, serial number 31336, loaded with 11 live rounds of .22 caliber ammunition;

s. .357 Dan Wesson handgun, Model .357 Magnum revolver, serial number 27755, loaded with six live rounds of ammunition;

t. 9 millimeter Smith & Wesson semi --automatic handgun, Model SW9M, serial number KAA2149;

u. .22 magnum Davis Industries handgun, Model DW-22, serial number 210164, and one live round of .22 caliber ammunition;

AO 245C (Rev. 11/25)   Amended Judgment in a Criminal Case
Sheet 6B — Schedule of Payments                                                        (NOTE: Identify Changes with Asterisks (*))

Judgment—Page __10__ of __11__

DEFENDANT:
CASE NUMBER:

## ADDITIONAL FORFEITED PROPERTY

v. 9 millimeter FEG semi-automatic handgun, Model DW-22, serial number 210164, and one live round of .22 caliber ammunition;

w. Glock 9 millimeter semi-automatic handgun, Model 19, serial number GM253US, loaded with 16 live rounds of 9 millimeter ammunition;

x. 377 additional live rounds of 9 millimeter ammunition;

y. 6 additional live rounds of .357 ammunition; and

z. 1 additional live round of .22 caliber ammunition;

aa. One Jennings, Model Jennings Nine, nine millimeter semi-auto pistol, serial number 1312329m with three live rounds;

bb. One Jennings, Model 38, .32 semi-automatic pistol, serial number 1172210;

cc.  One Dan Wesson Arms, Model F-Arms, .357 magnum revolver, serial number 304533, with five live rounds of ammunition;

dd. One Norinco, Model 1911A1, .45 semi-auto pistol, serial number 618962, with eight rounds of ammunition;

ee. One Mossberg, Model 500A, 12 gauge shotgun, serial number L606196, with six live rounds of ammunition;

ff.  One Sturm Roger empty magazine;

gg. One box of 50 Federal .22 caliber cartridges;

hh. One box of UMC .40 caliber S&W, with nine rounds of ammunition;

ii. One box of Remington 12 gage shot gun shells, with 12 shells;

jj. One box of Federal .22 calliber, with 38 cartridges;

kk. One magazine containing seven .32 caliber cartridges;

ll. One empty Glock gun box, for a Glock, Model 32, .357, caliber, serial number EMM544US;

mm. One box of Speer .357 Sig ammunition, containing 29 cartridges;

nn. One box, UMC .25 Auto ammunition, containing 41 cartridges;

oo. One box, American Eagle .380 Auto ammunition, containing 11 cartridges;

pp. 2001 Mercedes S430 Tag EYA4091, VIN#WDBNG70591A220346;

qq. 1999 Bently, NJ Tag PJZ90F, VIN#SCBLB51E8XCX02819;

rr. 2000 Ford Excursion VIN#1EMNU41S1Y3A6:

AO 245C (Rev. 11/25)   Amended Judgment in a Criminal Case
      Sheet 6B — Schedule of Payments                                  (NOTE: Identify Changes with Asterisks (*))

Judgment—Page __11__ of ___11___

DEFENDANT: ALTON COLES
CASE NUMBER: DPAE2:05CR000440-001

## ADDITIONAL FORFEITED PROPERTY

ss. $162,262.86 U.S. currency, representing the amount used and invested in Count 176;

tt. $114,780.00 U.S. currency seized in 292 Mannington Road, Woodstown, NJ on or about August 10, 2025;

uu. $160.00 U.S. currency seixed in 117 Dillons Lane, Mullica Hill, NJ;

vv. $229,900 U.S. currency, located in a safety deposit box in Woodstown, Salem County, NJ;

ww. 117 Dillon's Lane, Mullica Hill, NJ or approximately or $499,000.00 U.S. currency, being the gross proceeds of its sale;

xx. 292 Mannington-Yorktown Road, Woodstown, NJ;

yy. 2079 East Somerset Street, Philadelphia, PA;

zz. 118 South 46th Street, Philadelphia, PA; and

aaa. 5744 Tackawanna Street, Philadelphia, PA.